Case 1:19-cv-02521-SAG Document 60-2 Filed 10/04/19 Page 1 of 5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| JUDY JIEN, et al., | C.A. No. 1:19-CV-2521 |
| Plaintiffs, | [~~PROPOSED~~] **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR CONSOLIDATION OF RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL** |
| v. | |
| PERDUE FARMS, INC., et al., | |
| Defendants. | |

Now before the Court is Plaintiffs' Unopposed Motion for Consolidation of Related Actions and for Appointment of Interim Co-Lead Class Counsel.

The Court hereby ORDERS:

**I. Consolidation of Related Actions**

1.    Plaintiffs' motion to consolidate related actions is GRANTED.

2.    On August 30, 2019, the complaint *Jien et al v. Perdue Farms, Inc. et al*, Case No. 1:19-cv-02521-SAG was filed in this Court. On September 12, 2019, a virtually identical related action, *Earnest v. Perdue Farms*, Case No. 1:19-cv-02680-RDB, was also filed in this district. The two complaints assert claims against the same defendants for engaging in the same alleged misconduct.

3.    Given the substantial similarity of the parties and claims, the two related actions— *Jien et al v. Perdue Farms, Inc. et al*, Case No. 1:19-cv-02521-SAG and *Earnest v. Perdue Farms*, Case No. 1:19-cv-02680-RDB—are consolidated pursuant to Fed. R. Civ. P. 42(a) for all pretrial purposes. These two consolidated actions are collectively referred to as the "Consolidated Actions."

4.    *Jien et al v. Perdue Farms, Inc. et al*, Case No. 1:19-cv-02521-SAG shall be the lead case and referenced in the caption of all pleadings. The parties are instructed to file all documents in the lead case.

5.    For similar purposes of efficiency and effective administration, any subsequent class actions filed in or transferred to the United States District Court for the District of Maryland that assert claims on behalf of a proposed class of workers in chicken processing plants and arise out of the same or a substantially common set of operative facts as the Consolidated Actions, shall be consolidated with these actions and be subject to this Order.

- 1 -

## II. Appointment of Interim Co-Lead Class Counsel

6.     Plaintiffs' motion to appoint Interim Co-Lead Class Counsel is GRANTED.

7.     The Court appoints the following firms to serve as Interim Co-Lead Class Counsel for the proposed Class:

- Handley Farah & Anderson PLLC
- Cohen Milstein Sellers & Toll, PLLC
- Hagens Berman Sobol Shapiro LLP

8.     In making this decision, the Court has reviewed the motion and its accompanying submissions, including declarations and attachments submitted on behalf of Handley Farah & Anderson PLLC, Cohen Milstein Sellers & Toll PLLC, and Hagens Berman Sobol Shapiro LLP, and has considered the factors outlined in Rule 23(g) of the Federal Rules of Civil Procedure. Plaintiffs' submissions demonstrate that the three firms have satisfied the requirements of Rule 23(g) for appointment as interim class counsel. This includes the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, antitrust litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel has available and will commit to representing the class.

9.     Interim Co-Lead Class Counsel shall be solely responsible for coordinating and organizing the litigation on behalf of the proposed class in the conduct of this litigation and, in particular, shall have the following responsibilities:

a) To brief and argue motions and file opposing briefs in proceedings initiated by other parties;

b) To initiate and conduct discovery proceedings;

c) To act as spokespersons at pretrial conferences;

Case 1:19-cv-02521-SAG Document 60-2 Filed 10/04/19 Page 4 of 5

d) To negotiate with defense counsel with respect to settlement and other matters;

e) To appoint, if necessary, a Plaintiffs' Executive Committee to perform tasks at the direction of Interim Co-Lead Class Counsel;

f) To call meetings of plaintiffs' counsel when appropriate;

g) To make all work assignments to plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive efforts;

h) To establish a time and expense reporting protocol for all plaintiffs' counsel;

i) To conduct trial and post-trial proceedings;

j) To consult with and employ experts;

k) To allocate any Court-awarded fees and reimbursement of disbursements amongst plaintiffs' counsel after settlement or judgment;

l) To perform such other duties and undertake such other responsibilities as they deem necessary or desirable for the litigation of Plaintiffs' claims; and

m) To coordinate and communicate with defense counsel with respect to matters addressed in this paragraph.

10.     No motion, request for discovery, or other pre-trial proceedings shall be initiated or filed by any plaintiff in any Consolidated Action except through Interim Co-Lead Class Counsel. All plaintiffs' counsel in the Consolidated Actions, and in subsequently consolidated or coordinated cases, shall keep contemporaneous time records. In such manner as Interim Co-Lead Class Counsel shall require, all plaintiffs' counsel shall periodically submit summaries or other records of time and expenses to Interim Co-Lead Class Counsel. Failure to provide such documents and data on a timely basis may result in the Court's failure to consider non-compliant counsel's application for fees and expenses should this litigation be resolved successfully for Plaintiffs.

11.     The appointments made in this Order shall continue until further order of the Court.

- 3 -

IT IS SO ORDERED.

DATED: 10/8/19

_____
HON. STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

- 4 -