## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

|  |  |
|---|---|
| JUDY JIEN, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No.: 1:19-cv-2521-SAG |
| PERDUE FARMS, INC., *et al.*, | |
| Defendants. | |

### MEMORANDUM IN SUPPORT OF CERTAIN DEFENDANTS'
### MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT

Plaintiffs plead no specific facts that plausibly suggest that any of the undersigned Defendants ("Movants"), comprising twelve separate corporate families, joined in the purported conspiracies alleged in Plaintiffs' Consolidated Complaint ("Complaint").  For one group of Movants, Plaintiffs fail to make any specific allegations beyond the section in the Complaint identifying them as parties.  For the rest, Plaintiffs' allegations are negligible and non-substantive.  Plaintiffs cannot cure these fatal deficiencies by relying on group allegations against unspecified "Defendants," "Defendant Processors," or "Defendants' senior executives."  Rather, a Section 1 complaint must "allege particular facts against a particular defendant." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015).  If it does not, as here, "then the defendant must be dismissed." *Id.*  For this reason, Plaintiffs' Complaint should be dismissed as to Movants.

## SUMMARY OF ALLEGATIONS AGAINST MOVANTS

### I.     Some Movants Are Mentioned Only in the "Parties" Section of the Complaint.

For Defendants from six corporate families and three Defendants affiliated with other corporate families,[1] the Complaint's single individual reference to them is in the "Parties" section, where Plaintiffs identify each by state of incorporation, place of business, and corporate structure and allege that each employed and paid wages to Class Members.  (Compl. ¶¶41-52, 57-58, 61-63, 70-80.)  That is the full extent of the specific allegations as to these Defendants.

### II.    Plaintiffs Allege Virtually Nothing More as to the Other Movants.

For the remaining ten Movants,[2] Plaintiffs make similar allegations in the "Parties" section of the Complaint. (*Id.* ¶¶56-58, 60, 62, 64-69, 81-85.)  Plaintiffs also allege, in the "Jurisdiction and Venue" section, that Mountaire Farms, Inc. and Case Foods, Inc. have employees, and Amick Farms, LLC and Allen Harim Foods, LLC have employees and plants, in Maryland.  (*Id.* ¶13.) George's, Inc. and Simmons Foods, Inc. are alleged to have employed one or more of the three named Plaintiffs at unspecified times.  (*Id.* ¶¶15-17.)  The only other factual allegations as to these Movants are that the owner of "Mountaire Farms" "regularly attend[s] church" with the chairman

---

[1] The six Defendant families mentioned only in the section of the Complaint defining the parties are: Fieldale Farms Corporation; Harrison Poultry, Inc.; the House of Raeford Farms defendants (House of Raeford Farms, Inc.; House of Raeford Farms of Louisiana, LLC); the Koch Food defendants (JCG Foods of Alabama, LLC; JCG Foods of Georgia, LLC; JCG Industries, Inc.; Koch Foods, Inc.; Koch Foods, LLC; Koch Foods of Alabama, LLC; Koch Foods of Ashland, LLC; Koch Foods of Gasden, LLC; Koch Foods of Cumming, LLC; Koch Foods of Gainesville, LLC; Koch Foods of Mississippi, LLC); the Mar-Jac Poultry defendants (Mar-Jac Poultry, Inc.; Mar-Jac Poultry MS, LLC; Mar-Jac Poultry AL, LLC; Mar-Jac Poultry, LLC; Mar-Jac Holdings, Inc.); Mountaire Farms of Delaware, Inc.; and O.K. Foods, Inc.  Three additional corporate entities, Case Farms Processing, Inc., Mountaire Farms of Delaware, Inc., and Simmons Prepared Foods, Inc., also are mentioned only in the "Parties" section of the Complaint.

[2] The remaining ten Movants are: Allen Harim Foods, LLC; Amick Farms, LLC; Case Foods, Inc.; George's, Inc., George's Chicken, LLC, George's Foods, LLC, George's Processing, Inc., Ozark Mountain Poultry, Inc.; Mountaire Farms, Inc.; and Simmons Foods, Inc.

of Perdue (*id.* ¶179), and that "George's" reviewed Agri Stats benchmarking data "to assess plant performance" (*id.* ¶157).[3]  Finally, the Complaint also alleges, in wholly conclusory fashion within the "Jurisdiction and Venue" section, that employees of Amick and Allen Harim were paid, at some unspecified time, "suppressed" wages "as a result of the conspiracy."  (*Id.* ¶13.)

**LEGAL STANDARD**

When a plaintiff brings claims under Section 1 of the Sherman Act, its complaint "must forecast" the "factual showing" it will be required to make at trial "that *each defendant* conspired in violation of the antitrust laws."  *SD3*, 801 F.3d at 422 (emphasis added).  "In other words, the complaint must 'specify how these defendants were involved in the alleged conspiracy.'"  *Id.* (*quoting In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2009)).  To meet this pleading burden, a plaintiff must allege facts—not merely make conclusory assertions—as to each defendant.  As the Supreme Court has made clear, a court is only to consider "well-pleaded factual allegations" in determining whether a plaintiff has stated a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also id.* ("[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth."); *id.* at 678 ("'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  And those facts must not be "merely consistent with a defendant's liability," because that "stops short of the line between possibility and plausibility," which a plaintiff must cross to state a claim. *Iqbal*, 556 U.S. at 678 (quotations omitted).

---

[3] Plaintiffs have included certain allegations regarding the hiring of employees by Case Farms LLC.  (Compl. ¶¶122-123.)   Those allegations are irrelevant to the present motion because Case Farms LLC is not a defendant.  In any event, those allegations have no bearing on any alleged conspiracy to depress wages or share compensation information.

Not only must a plaintiff allege facts as to each defendant, it must do so "without relying on 'indeterminate assertions' against all 'defendants.'" *SD3*, 801 F.3d at 422. "A plaintiff in a §1 case cannot assemble some collection of defendants and then make vague, non-specific allegations against all of them as a group." *Id.* The Supreme Court has cautioned courts not "to forget that proceeding to antitrust discovery can be expensive," noting courts "retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 559 (quotation omitted); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 n.4 (2d Cir. 2007) (same). If a complaint "fails to allege particular facts against a particular defendant, then the defendant must be dismissed." *SD3*, 801 F.3d at 422.

## ARGUMENT

Plaintiffs' failure to plead specific allegations against each Movant fails to push from possible to plausible Plaintiffs' claim that any of them joined an antitrust conspiracy. And their various group allegations cannot be used to fill the gap. Plaintiffs are required to do more to drag the Movants into costly litigation. Their Complaint must, therefore, be dismissed as to each of the Movants.

**I.     Plaintiffs Fail to Allege Any Facts that Plausibly Suggest Any Movant Joined a Purported Conspiracy.**

### A.     Some Movants are mentioned only when Plaintiffs enumerate the "Parties."

For six Defendant families and three additional Defendants (*see* n.1), the Complaint's single individual reference to them is in the "Parties" section, where Plaintiffs merely identify each and make the allegation that they employed and paid wages to Class Members. (Compl. ¶¶41-52, 57-58, 61-63, 70-80.) That is it.

Plaintiffs do not plead any specific facts as to these Movants suggesting that they knew about, joined, or otherwise acted in furtherance of the alleged conspiracies. Plaintiffs do not even

make the conclusory allegation that each of these individual Movants joined the alleged conspiracies. Thus, as to these Movants, there is nothing for the Court to analyze except group allegations against unspecified "Defendants," which are plainly insufficient on their own to state a claim. In *SD3*, for example, the Fourth Circuit affirmed the dismissal of several corporate parents and subsidiaries that had been named as defendants where "no factual allegations [were] made against them," explaining that a plaintiff "obviously may not pursue an antitrust claim against a defendant who is not alleged to have done anything at all." 801 F.3d at 423.

Similarly, in *In re Travel Agent Commission Antitrust Litigation*, the court affirmed dismissal of antitrust claims against two defendants where "neither is mentioned in the body of the Amended Complaint, nor do plaintiffs specify how these defendants are involved in the alleged conspiracy." 583 F.3d at 905. Plaintiffs argued that their allegations referring to "defendants" or "defendants' executives" were sufficient to implicate the two defendants in the conspiracy. *Id.* at 905-06. But the Sixth Circuit rejected that argument, finding "plaintiffs' reliance on these indeterminate assertions [to be] misplaced because they represent precisely the type of naked conspiratorial allegations rejected by the Supreme Court in *Twombly*." *Id.* For the same reason, the Court should dismiss the claims against those Movants that are mentioned only in the "Parties" section of the Complaint.

**B.     As to the other Movants, Plaintiffs' additional allegations are also insufficient.**

The Court also should dismiss the claims against the other Movants (*see* n.2). The additional allegations about their status as employers and the location of their facilities and employees (Compl. at ¶¶13-16) do nothing to support an inference that these Movants joined any conspiracy. Nor do the other inconsequential allegations save Plaintiffs' claims.

Plaintiffs' sole substantive allegation against "Mountaire Farms"—that its owner "regularly attend[s] church" with an executive from another chicken company (*id.* ¶179)—does not plausibly suggest participation in a conspiracy; indeed, the notion that the exercise of constitutionally-protected religious freedoms, by itself, justifies forcing the Mountaire Defendants to defend an antitrust suit is wrong on many levels.  Further, the allegation that an unidentified person or persons at "George's" reviewed Agri Stats' benchmarking information "to assess plant performance"—the proper and procompetitive purpose of benchmarking—also does not suggest any illegality.  And finally, Plaintiffs' conclusory allegation that Amick Farms and Allen Harim paid suppressed compensation, at some unspecified time, as a result of the alleged conspiracy (*id.* ¶13), merely restates an element of Plaintiffs' purported claim and cannot be credited on a motion to dismiss.  *See Iqbal*, 556 U.S. at 679.  None of these allegations make the Movants' participation in any alleged conspiracy plausible, and Plaintiffs cannot ask the Court to "assume that plaintiffs can prove facts that they have not alleged or that defendants have violated the antitrust laws in ways that have not been alleged."  *Estate Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 220-21 (4th Cir. 1994) (quotation omitted).

Plaintiffs simply do not plead facts describing any Movant's alleged involvement in the alleged conspiracies, or even specifically allege that each or any of them joined (and if so how, when, where, and with whom).  Plaintiffs do not even make any specific allegation that any Movant attended a meeting with, or  otherwise communicated with, another Defendant,[4] or that any Movant changed wages or other compensation in parallel with another Defendant.  The

---

[4] Even if Plaintiffs had made such allegations, "'mere contacts and communications, or the mere opportunity to conspire, among antitrust defendants is insufficient evidence [of] an anticompetitive conspiracy.'"  *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 227 (4th Cir. 2004) (*quoting Cooper v. Forsyth County Hosp. Auth*., 789 F.2d 278, 281 (4th Cir. 1986)); *see also* Mem. in Supp. of All Defs.' Joint Mot. to Dismiss at 14-15.

Complaint's bare allegations "furnish[] no clue" as to any Movant's purported role in any "conspiracy," and thus would leave them with "little idea where to begin" when answering. *Twombly*, 550 U.S. at 565 n.10.

The lack of specific allegations against the Movants simplifies the Court's analysis of Movants' motion to dismiss. The scarce specific mentions of Movants do not move from possible to plausible any Movant's participation in the alleged conspiracies. Where, as here, plaintiffs do not make any substantive allegations against an individual defendant, courts do not hesitate to dismiss those defendants. *See SD3*, 801 F.3d at 423 (noting that "unadorned conclusory allegations . . . are akin to no allegations at all"); *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50–51 (2d Cir. 2007) (holding a complaint's enumeration of "basically every type of conspiratorial activity that one could imagine . . . in entirely general terms without any specification of any particular activities by any particular defendant" is insufficient); *In re GSE Bonds Antitrust Litig.*, No. 19 CIV. 1704, 2019 WL 4071070, at *4 (S.D.N.Y. Aug. 29, 2019) (dismissing certain defendants because "there must be something in the complaint that ties each defendant to the conspiracy"); *In re Optical Disk Drive Antitrust Litig.*, No. 13 CIV. 4911, 2014 WL 3378336, at *4 (N.D. Cal. July 10, 2014) (dismissing a defendant because plaintiffs "must at least, include allegations specific to each defendant alleging that defendant's role in the alleged conspiracy" and "[t]he sparse and conclusory allegations . . . in the complaint do not presently meet that standard") (quotation omitted); *In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 541 F. Supp. 2d 487, 491 (D. Conn. 2008) (dismissing claims where "the complaint alleges general conspiratorial activity without reference to specific actions by a particular defendant at a particular time"). Plaintiffs' claims against Movants should meet the same fate.

## II.      Plaintiffs Cannot Rely on Group Allegations Against "Defendants" to Satisfy Their Pleading Burden as to the Movants.

Plaintiffs' claims against each Movant are not saved by their allegations as to unspecified "Defendants" or unnamed "senior executives of Defendants."   Courts—including the Fourth Circuit—have refused to allow antitrust plaintiffs to proceed against individual defendants on this basis.  *See, e.g.*, *SD3*, 801 F.3d at 422 ("A plaintiff in a § 1 case cannot assemble some collection of defendants and then make vague, non-specific allegations against all of them as a group."); *In re Travel Agent Commission Antitrust Litig.*, 583 F.3d at 905-06 (rejecting plaintiffs' reliance on allegations referring to "defendants" or "defendants' executives" because "these indeterminate assertions . . . represent precisely the type of naked conspiratorial allegations rejected by the Supreme Court in *Twombly*"); *Akers v. Maryland State Educ. Ass'n*, 376 F. Supp. 3d 563, 573 (D. Md. 2019) (same); *In re Mexican Gov't Bonds Antitrust Litig.*, No. 18 CIV. 2830, 2019 WL 4805854, at *7 (S.D.N.Y. Sept. 30, 2019) (dismissing a complaint that "contains almost no individualized allegations at all"); *In re Interest Rate Swaps Antitrust Litig.*, No. 16 MD 2704, 2018 WL 2332069, at *15 (S.D.N.Y. May 23, 2018) (allegations about the defendants "as a general collective bloc, or generalized claims of parallel conduct, must . . . be set aside . . . as impermissible group pleading"); *In re Zinc Antitrust Litig.*, 155 Supp. 3d 337, 384 (S.D.N.Y. 2016) (dismissing claims because plaintiffs had "resort[ed] to . . . group pleading").  Where, as here, a complaint "fails to allege particular facts against a particular defendant, then the defendant must be dismissed."  *SD3*, 801 F.3d at 422.

## CONCLUSION

"Plaintiffs have done exactly what the Fourth Circuit proscribes: filed a shotgun pleading that relies upon indeterminate assertions against all defendants without any specific facts regarding any particular defendants." *Panhandle Cleaning & Restoration, Inc. v. Nationwide Mut. Ins. Co.*,

No. 17 CIV. 117, 2018 WL 3717108 at *4–5 (N.D. W. Va. Aug. 3, 2018).  Accordingly, in addition to the reasons for dismissing Plaintiffs' Complaint set forth in All Defendants' Joint Motion to Dismiss Plaintiffs' Consolidated Complaint and its accompanying memorandum in support, the Court should dismiss Plaintiffs' Complaint as to the Movants for failure to allege specific facts that suggest any Movant joined any antitrust conspiracy.

Date:  November 22, 2019

Respectfully submitted,

DYKEMA GOSSETT PLLC

/s/ Terri S. Reiskin
Terri Steinhaus Reiskin (Bar No. 05256)
1301 K Street NW, Suite 1100 West
Washington, DC 20005
Tel: (202) 906-8600
Fax: (855) 216-7884
treiskin@dykema.com

Howard B. Iwrey (admitted *pro hac vice*)
DYKEMA GOSSETT PLLC
38577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0526
Fax: (248) 203-0763
hiwrey@dykema.com

Steven H. Gistenson (admitted *pro hac vice*)
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Tel: (312) 627-2267
Fax: (312) 876-1155
sgistenson@dykema.com

*Attorneys for Defendant Amick Farms, LLC*

/s/ James H. West (signed with permission)
James H. West (Bar No. 25773)
WEST, EDWARDS & AITKEN, LLC
409 Washington Avenue, Suite 1010
Towson, Maryland 21204
Tel: (410) 842-0574
Fax: (410) 296-6654
jay.west@wealaw.com

*Attorneys for Defendant Allen Harim Foods, LLC*


/s/ Brian D. Frey (signed with permission)
Brian D. Frey (Bar # 17592)
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, D.C. 20004-1404
Tel: (202) 239-3067
Fax: (202) 239-3333
brian.frey@alston.com

B. Parker Miller (admitted *pro hac vice*)
Valarie C. Williams (admitted *pro hac vice*)
Raechel J. Bimmerle (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
parker.miller@alston.com
valarie.williams@alston.com
raechel.bimmerle@alston.com

*Attorneys for Defendant Fieldale Farms
Corporation*

/s/ Joseph D. Carney (signed with permission)
Joseph D. Carney (admitted *pro hac vice*)
JOSEPH D CARNEY & ASSOCIATES LLC
1540 Peach Drive
Avon, OH 44044
Tel: (440) 289-5161
Fax: (866) 270-1221
jdc@jdcarney.com

Thomas M. Staunton (admitted *pro hac vice*)
Daniel M. Feeney (admitted *pro hac vice*)
MILLER SHAKMAN LEVINE & FELDMAN
LLP
180 North LaSalle Street, Suite 3600
Chicago, IL 60601
Tel: (312) 263-3700
Fax: (312) 263-3270
dfeeney@millershakman.com
tstaunton@millershakman.com

Deborah A. Klar (admitted *pro hac vice*)
D. KLAR LAW
2934 1/2 Beverly Glen Circle, Suite 761
Bel Air, California 90077-1724
Tel: (310) 858-9500
dklar@dklarlaw.com

Mark S. Saudek (Fed Bar # 23963)
Meghan K. Casey (Fed Bar # 28958)
GALLAGHER EVELIUS & JONES LLP
218 North Charles Street, Suite 400
Baltimore, MD 21201
Tel: (410) 727-7702
Fax: (410) 468-2786
msaudek@gejlaw.com
mcasey@gejlaw.com

*Attorneys for Defendants Case Foods, Inc. and
Case Farms Processing, Inc.*

/s/ Steven K. White (signed with permission)
Steven K. White (Bar No. 04274)
STINSON LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Tel: (202) 785-9100
Fax: (202) 572-9963
steven.white@stinson.com

William L. Greene (admitted *pro hac vice*)
Peter J. Schwingler (admitted *pro hac vice*)
Jon M. Woodruff (admitted *pro hac vice*)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 335-1500
Fax: (612) 335-1657
william.greene@stinson.com
peter.schwingler@stinson.com
jon.woodruff@stinson.com

Gary V. Weeks (admitted *pro hac vice*)
K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*) THE
LAW GROUP OF NW. ARKANSAS LLP
1830 Shelby Lane
Fayetteville, AR 72704
Tel: (479) 316-3760
Fax: (844) 325-6603
gary.weeks@lawgroupnwa.com
kc.tucker@lawgroupnwa.com
kristy.boehler@lawgroupnwa.com

*Attorneys for Defendants George's Inc.; Ozark
Mountain Poultry, Inc.; George's Chicken, LLC;
George's Foods, LLC; and George's Processing,
Inc.*

/s/ Patricia A. Gorham (signed with permission)
Patricia A. Gorham (admitted *pro hac vice*)
James R. McGibbon (admitted *pro hac vice*)
Peter M. Szeremeta (admitted *pro hac vice*)
Kaitlin A. Carreno (admitted *pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Road, N.E.
Suite 2300
Atlanta, Georgia 30309-3996
Tel: (404) 853-8000
Fax: (404) 853-8006
patriciagorham@eversheds-sutherland.com
jimmcgibbon@eversheds-sutherland.com
peterszeremeta@eversheds-sutherland.com
kaitlincarreno@eversheds-sutherland.com

Gail L. Westover (Bar No. 13752) EVERSHEDS
SUTHERLAND (US) LLP
700 Sixth Street, N.W., Suite 700
Washington, DC 20001-3980
Tel: (202) 383-0100
Fax: (202) 637-3593
gailwestover@eversheds-sutherland.com

*Attorneys for Defendant Harrison Poultry, Inc.*

/s/ Brian K. McCalmon (signed with permission)
Brian K. McCalmon, Bar No. 14737
VEDDER PRICE P.C.
1401 I Street NW
Washington, D.C.  20005
Tel: (202) 312-3320
Fax: (202) 312-3322
Email: bmccalmon@vedderprice.com

Gregory G. Wrobel (admitted *pro hac vice*)
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
Tel: (312) 609-7500
Fax: (312) 609-5005
Email: gwrobel@vedderprice.com

Henry W. Jones, Jr. (admitted *pro hac vice*)
JORDAN PRICE WALL GRAY JONES
& CARLTON, PLLC
1951 Clark Avenue
Raleigh, North Carolina 27605
Tel:  (919) 828-2501
Fax:  (919) 834-8447
Email: hjones@jordanprice.com

*Attorneys for Defendants House of Raeford
Farms, Inc., House of Raeford Farms of
Louisiana, LLC*

/s/ Edward C. Konieczny (signed with permission)
Edward C. Konieczny (admitted *pro hac vice*)
EDWARD C. KONIECZNY LLC
400 Colony Square, Ste 1501
1201 Peachtree Street, NE
Atlanta, GA 30361
Tel: (404) 380-1430
Fax:  (404) 382-6011
ed@koniecznylaw.com

David C. Newman (admitted *pro hac vice*)
Dana Richens (admitted *pro hac vice*)
W. Parker Sanders (admitted *pro hac vice*)
SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree Street, N.E.
Promenade, Ste 3100
Atlanta, GA  30309
Tel:  (404) 815-3500
Fax:  (404) 815-3509
dnewman@sgrlaw.com
drichens@sgrlaw.com
psanders@sgrlaw.com

Edward A. Pennington (Bar No. 29080)
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, N.W.
Suite 400
Washington, DC 20007
Tel: (202) 263-4300
Fax: (202) 263-4329
Email: epennington@sgrlaw.com

*Attorneys for Defendants Mar-Jac Poultry, Inc.,
Mar-Jac Poultry, LLC, Mar-Jac Poultry MS, LLC,
Mar-Jac Poultry AL, LLC, and Mar-Jac Holdings,
Inc.*

/s/ David McAloon (signed with permission)
David McAloon (Bar No. 13150)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Tel: (202) 736-8316
Fax: (202) 736-8711
dmcaloon@sidley.com

John W. Treece (*pro hac vice* pending)
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
jtreece@sidley.com

Amanda K. Wofford (*pro hac vice* pending)
Bourgon B. Reynolds (*pro hac vice* pending)
ROSE LAW FIRM
120 East Fourth Street
Little Rock, Arkansas 72201
Tel: (501) 377-0334
Fax: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendants Mountaire Farms, Inc.*
*and Mountaire Farms of Delaware, Inc.*

/s/ Jennifer M. Blunt (signed with permission)
Jennifer M. Blunt (D. Md. Bar # 09496)
KUTAK ROCK LLP
1625 Eye Street, #800,
Washington, DC 20006
Tel: (202) 828-2400
Fax: (202) 828-2488
jennifer.blunt@kutakrock.com

John P. Passarelli (admitted *pro hac vice*)
James M. Sulentic (admitted *pro hac vice*)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE 68102
Tel: (402) 346-6000
Fax: (402) 346-1148
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

J.R. Carroll (admitted *pro hac vice*)
Jeff Fletcher (admitted *pro hac vice*)
Scott Jackson (admitted *pro hac vice*)
Stephen Dacus (admitted *pro hac vice*) KUTAK
ROCK LLP
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Tel: (479) 973-4200
Fax: (479) 973-0007
jr.caroll@kutakrock.com
jeff.fletcher@kutakrock.com
scott.jackson@kutakrock.com
stephen.dacus@kutakrock.com

*Attorneys for Defendant O.K. Foods, Inc.*

/s/ Cary Silverman (signed with permission)
Cary Silverman (Bar # 15137)
SHOOK HARDY & BACON LLP
1800 K Street NW, Suite 1000
Washington, D.C. 20006
Tel: (202) 783-8400|
Fax: (202) 783-4211
csilverman@shb.com

Lynn H. Murray (admitted *pro hac vice*)
SHOOK HARDY & BACON LLP
111 S. Wacker Dr., Ste 4700
Chicago IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
lhmurray@shb.com

Laurie A. Novion (admitted *pro hac vice*)
SHOOK HARDY & BACON LLP
2555 Grand
Kansas City, MO 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
lnovion@shb.com

John R. Elrod (admitted *pro hac vice*)
Vicki Bronson (admitted *pro hac vice*) CONNER
& WINTERS 4375 N. Vantage Drive, Ste. 405
Fayetteville, AR 72703
Tel: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendants Simmons Foods, Inc.
and Simmons Prepared Foods Inc.*

/s/ James E. Edwards, Jr. (signed with permission)
James E. Edwards, Jr., (MDB No. 02360)
jedwards@bakerdonelson.com
Ty Kelly Cronin, (MDB No. 27166)
tykelly@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
100 Light Street
Baltimore, Maryland  21202
Tel: (410) 685-1120
Fax: (410) 547-0699

*Pro Hac Vice*
John G. Calender (DCB No. 939124)
jcalender@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
901 K Street, N.W., Suite 900
Washington, D.C. 20001
Tel: (202) 508-3474
Fax: (202) 220-2274

Scott W. Pedigo (MSB No. 10735)
spedigo@bakerdonelson.com
Amy L. Champagne (MSB No. 102447)
achampagne@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
MAILING:  Post Office Box 14167
Jackson, Mississippi 39236-4167
PHYSICAL:  One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi  39211
Tel: (601) 351-2400
Fax: (601) 351-2424

Russell W. Gray (TNB No. 16120)
rgray@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450-1801
Tel: (423) 209-4218
Fax: (423) 752-9563

*Attorneys for Defendants Koch Foods, Inc., JCG Foods of Alabama, Inc., JCG Foods of Georgia, LLC, JCG Industries, Inc., Koch Foods LLC, Koch Foods of Alabama, LLC, Koch Foods of Ashland, LLC, Koch Foods of Gadsden, LLC, Koch Foods of Cumming, LLC, Koch Foods of Gainesville, LLC and Koch Foods of Mississippi, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 22, 2019, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Terri S. Reiskin