UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUDY JIEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PERDUE FARMS, INC., et al., <br><br> Defendants. | Case No. 1:19-cv-02521-SAG |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR UNOPPOSED MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

By this Motion, Plaintiffs seek leave to amend their Complaint in accordance with this Court's instructions in its September 16, 2020 Memorandum Opinion. In that Opinion, this Court dismissed Plaintiffs' claims against certain defendants on the grounds that Plaintiffs' First Amended Complaint lacked "any allegations as to the nature of these grouped Defendants' corporate relationships vis-à-vis their operational and wage decisions, or alternatively, any factual allegations linking each distinct subsidiary to the conspiracy." ECF 378 at 10. This Court "d[id] not believe that those deficiencies c[ould] [not] be cured," however, and so dismissed Plaintiffs' claims "without prejudice." *Id.* at 33 (quotation marks and citation omitted). The Court "afforded [Plaintiffs'] thirty days in which to seek leave to file a second Amended Complaint." *Id.* Plaintiffs now respectfully move to file their Second Amended Complaint.[1]

---

[1] Consistent with Local Rule 103.6, Plaintiffs attach to this Motion a clean copy of the proposed Second Amended Complaint (Exhibit A) and a red-line copy showing all changes from the First Amendment Complaint (Exhibit B).

The Federal Rules of Civil Procedure provide that where, as here, the time for filing an amended pleading as of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The [C]ourt should freely give leave when justice so requires," *id.*, a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities," *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Accordingly, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quotation marks and citation omitted). Because none of those exceptions to Rule 15's "liberal rule" in favor of amendment, *Laber*, 438 F.3d at 426, apply here, Plaintiffs' request for leave to amend the First Amended Complaint should be granted.

*First*, the filing of Plaintiffs' Second Amended Complaint would not prejudice Defendants. Indeed, the remaining Defendants have already stipulated that they do *not* oppose Plaintiffs' motion for leave to file the Second Amended Complaint. ECF 382 at 2. The absence of opposition from the remaining Defendants indicates the absence of prejudice. *See, e.g., Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2014 U.S. Dist. LEXIS 1684, at *2-3 (E.D.N.C. Jan. 6, 2014) ("plaintiff's motion to amend is unopposed. As a result, defendants have not shown prejudice.").

Moreover, "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing," and "[a] common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." *Laber*, 438 F.3d at 427 (quotation marks, alterations, and citation omitted). Plaintiffs' proposed amendment does not

represent the kind of drastic and late-breaking amendment that suffices to show prejudice under Rule 15.  To the contrary, the Second Amended Complaint relies on the same causes of action advanced by Plaintiffs in their First Amended Complaint, and the amendment is being made at the outset of litigation, prior to any discovery, at the express invitation of this Court. See ECF 378 at 33.

*Second*, Plaintiffs have acted in good faith in seeking to amend their First Amended Complaint.  *Cf. Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (holding that amended pleadings may be rejected under Rule 15 where "there has been bad faith on the part of the moving party").  This Court has already held that an amended complaint would be appropriate given that "[t]here has been no showing of bad faith," ECF 378 at 32, and in the interim, Plaintiffs have diligently drafted a Second Amended Complaint to cure the deficiencies identified by this Court and comply with the 30-day schedule for filing that amended complaint, see *id.* at 32–33.

*Third*, the proposed amendment is not futile. "[A] proposed amendment is futile when it is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.  Here, the proposed amendment comfortably clears that bar.  In its Memorandum Opinion, this Court identified specific deficiencies in Plaintiffs' First Amended Complaint—primarily, insufficient allegations regarding how subsidiaries or related entities named as defendants participated in the conspiracy or were otherwise materially intertwined with their parent corporations, see ECF 378 at 10–11.  And this Court specifically rejected the notion that those deficiencies in the First Amended Complaint "cannot be cured." *Id.* at 33.  The Second Amended Complaint squarely addresses these particular deficiencies, by both adding allegations that show each defendant's participation in the conspiracy and also removing multiple subsidiaries and related entities as defendants.  As for the core of Plaintiffs' two antitrust claims, this Court has already found them sufficiently pled to satisfy Rule

3

12(b)(6)'s pleading requirements. See ECF 378 at 16 (Count I as to three Defendants); *id.* at 28 (Count II at to five Defendants).

For the reasons stated above, Plaintiffs respectfully request leave to file their proposed Second Amended Complaint, which is attached to this Motion.

Dated: October 16, 2020

Respectfully submitted,

/s/ Matthew K. Handley
Matthew K. Handley (D. Md. Bar # 18636)
Rachel E. Nadas (admitted *pro hac vice*)
HANDLEY FARAH & ANDERSON PLLC
777 6th Street, NW, Eleventh Floor
Washington, DC 20001
Telephone: (202) 559-2433
mhandley@hfajustice.com
rnadas@hfajustice.com

George F. Farah (admitted *pro hac vice*)
Rebecca P. Chang (admitted *pro hac vice*)
HANDLEY FARAH & ANDERSON PLLC
81 Prospect Street
Brooklyn, NY 11201
Telephone: (212) 477-8090
gfarah@hfajustice.com
rchang@hfajustice.com

William H. Anderson (admitted *pro hac vice*)
HANDLEY FARAH & ANDERSON PLLC
4730 Table Mesa Drive
Suite G-200
Boulder, CO 80305
Telephone: (202) 559-2433
wanderson@hfajustice.com

Daniel A. Small (D. Md. Bar # 20279)
Benjamin D. Brown (admitted *pro hac vice*)
Brent W. Johnson (admitted *pro hac vice*)
Daniel Silverman (admitted *pro hac vice*)
Alison S. Deich (admitted *pro hac vice*)
Zach Glubiak (D. Md. Bar # 20962)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, 5th Floor

Washington, DC 20005
Telephone: (202) 408-4600
Fax: (202) 408-4699
dsmall@cohenmilstein.com
bbrown@cohenmilstein.com
bjohnson@cohenmilstein.com
adeich@cohenmilstein.com
zglubiak@cohenmilstein.com

Steve W. Berman (admitted *pro hac vice*)
Breanna Van Engelen (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington  98101
Tel: (206) 623-7292
steve@hbsslaw.com
breannav@hbsslaw.com

Shana E. Scarlett (admitted *pro hac vice*)
Rio R. Pierce (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
shanas@hbsslaw.com
riop@hbsslaw.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*