UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| JUDY JIEN, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>PERDUE FARMS, INC., *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 1:19-cv-2521-SAG |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR LACK OF STANDING PURSUANT TO FED. R. CIV. P. 12(b)(1)**

　　The threshold question in this putative class action is simple: if Judy Jien and the other named plaintiffs (collectively, "Plaintiffs") had filed suit in their individual capacities, would they have standing to sue for alleged injuries they did not suffer? The answer is an unequivocal "no," and the fact that Plaintiffs have attempted to sue in representative capacities does not change it. Plaintiffs, hourly workers at chicken processing plants, did not suffer any injuries arising from the alleged suppression of wages paid for salaried positions they never held or at turkey processing plants where they never worked. Consequently, they do not have Article III standing to assert—and the Court lacks subject matter jurisdiction to entertain—claims for injuries ostensibly suffered by individuals who actually held those jobs. Defendants Perdue Farms, Inc., Perdue Foods LLC, Tyson Foods, Inc., Keystone Foods, LLC, Pilgrim's Pride Corporation, Sanderson Farms, Inc., Koch Foods, Inc., Wayne Farms, LLC, Mountaire Farms, Inc., Peco Foods, Inc., Simmons Foods, Inc., Fieldale Farms Corporation, George's, Inc., George's Foods, LLC, Butterball, LLC, Jennie-O Turkey Store, Inc., Cargill Meat Solutions Corporation, Agri Stats, Inc., and Webber, Meng,

1

Sahl and Company, Inc. d/b/a/ WMS & Company, Inc. ("Defendants") respectfully submit that the Court must dismiss those claims, and dismiss the turkey processing defendants (Butterball, LLC, Jennie-O Turkey Store, Inc., Cargill Meat Solutions Corporation), pursuant to Fed. R. Civ. P. 12(b)(1) *before* permitting Plaintiffs' sprawling conspiracy claims to proceed to discovery.

## BACKGROUND

The five named plaintiffs in this action are former hourly employees at chicken processing plants. Judy Jien, Kieo Jibidi, Elaisa Clement, and Emily Earnest were deboners at chicken processing plants, and Glenda Robinson was employed in the day pack department at a chicken processing plant. Not surprisingly, then, their initial complaints alleged a conspiracy to fix the wages of hourly workers at chicken-processing plants. *See* Class Action Complaint, *Jien v. Perdue Farms, Inc.*, No. 19-cv-02521 (D. Md. Aug. 30, 2019), ECF No. 1; Class Action Complaint, *Earnest v. Perdue Farms, Inc.*, No. 19-cv-02680 (D. Md. Sept. 12, 2019), ECF No. 1; Class Action Complaint, *Robinson, v. Tyson Foods, Inc.*, No. 19-cv-02960 (D. Md. Oct. 9, 2019), ECF No. 1. After consolidating their claims, Plaintiffs filed an Amended Consolidated Complaint ("ACC"), which purported to expand the scope of the alleged conspiracy to cover wages paid to individuals who held salaried positions and who worked at turkey processing plants. *See* Am. Consolidated Compl., ECF No. 258.

Defendant Tyson Foods, Inc. ("Tyson") and certain of its affiliates named as defendants in the ACC moved to dismiss the complaint for two principal reasons: first, because the ACC did not distinguish between the corporate affiliates named in the complaint and therefore failed to provide adequate notice of the allegations against individual defendants; and second, because Plaintiffs, who were hourly chicken processing plant employees, lacked standing to bring claims on behalf of individuals who held salaried positions and who worked at turkey processing plants. Mem. Supp. Tyson's Mot. to Dismiss, ECF No. 351-1.

In its opinion dismissing the ACC with respect to most of the defendants, the Court focused on Tyson's first argument and did not reach the second. Mem. Op., Sept. 16, 2020, ECF No. 378. Plaintiffs then filed the Second Amended Consolidated Complaint ("SACC"), ECF No. 386, which purported to identify the specific entities that participated in the alleged conspiracy. But the SACC did not add any named plaintiffs who actually held salaried positions despite the fact that the complaint explicitly acknowledges important differences between hourly and salaried jobs. For example, Plaintiffs allege that hourly and salaried employees have distinct characteristics that affect their employment and compensation. *Compare, e.g.,* SACC ¶ 163 (alleging that many hourly workers "do not speak English and lack significant education") *with* ¶ 168 ("only educated, skilled and experienced individuals can obtain salaried positions"). Nor did it add any plaintiffs who worked at turkey processing plants, which are wholly different facilities from chicken processing plants—a point made that much more obvious by the map contained in the SACC, which shows the concentration of chicken processing plants in the South and the dispersion of turkey processing plants across the Midwest. SACC ¶ 142. Because Plaintiffs did not fix these fundamental defects in the SACC, Defendants respectfully submit that their claims on behalf of salaried workers and turkey processing plant employees must now be dismissed.

## ARGUMENT

At the outset of this litigation Plaintiffs bear the burden of demonstrating that that they have Article III standing to assert—and this Court has jurisdiction to hear—all of the claims in their complaint. *In re Interior Molded Doors Antitrust Litig.,* No. 3:18-CV-00718-JAG, 2019 WL 4478734, at *12 (E.D. Va. Sept. 18, 2019); *see also Cent. Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir. 1993). To cross this constitutional threshold, Plaintiffs were required to allege (1) that they suffered an injury in fact; (2) that their injury is fairly traceable to the challenged conduct; and (3) that their injury has some likelihood of redressability through this suit. *Lujan v.*

*Defs. of Wildlife,* 504 U.S. 555, 560 (1992).  Plaintiffs have not satisfied even the first of these requirements for individuals who held salaried positions or who worked in turkey processing plants, and the fact that Plaintiffs filed a class action complaint does not dispense with their burden to show that they had standing to assert each of the claims asserted in it.  *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 210-15 (1974).

I.      **Plaintiffs Do Not Have Standing to Assert Claims For Injuries They Did Not Suffer**

According to the SACC, Defendants engaged in a broad conspiracy to suppress wages paid to a variety of individuals, including those who receive hourly wages at chicken processing plants; those who receive salaried wages at chicken processing plants; those who receive hourly wages at turkey processing plants; and those who receive salaried wages at turkey processing plants. Although they allege a conspiracy to suppress the compensation paid to all of these individuals, Plaintiffs could only have suffered injuries as hourly workers at chicken processing plants because those are the only positions they ever held.  They could not have suffered any injuries as salaried employees of chicken or turkey processing plants, or as hourly workers at turkey processing plants, and therefore lack standing to assert any claims relating to those positions.  Because standing turns on whether the plaintiff is "the proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable," *In re Interior Molded Doors*, 2019 WL 4478734 at *12 (citing *Flast v. Cohen*, 392 U.S. 83, 99 (1968)), Plaintiffs' claims concerning salaried employees and turkey processing plant employees must be dismissed.

The court confronted a similar scenario and reached the same conclusion in *Kjessler v. Zaappaaz, Inc.*, No. CV 4:18-0430, 2019 WL 3017132 (S.D. Tex. Apr. 24, 2019).  In that case, plaintiffs filed a class action complaint alleging that the defendant manufacturers of customized promotional products engaged in an overarching conspiracy to fix the prices of custom wristbands, pin buttons, and lanyards.  The named plaintiffs purchased custom wristbands and pin buttons, but

4

none of them purchased lanyards. The defendants moved to dismiss the lanyard claims on grounds that the named plaintiffs had not suffered any injury with respect to lanyards and therefore lacked standing to pursue any claims with respect to them. After analyzing fundamental standing principles in single plaintiff and class action cases, the court observed that it is "undisputed that Plaintiffs have standing to assert claims based on their own alleged injuries—*i.e.*, the economic harm from purchasing over-priced wristbands or pin buttons." 2019 WL 3017132, at *6. The court explained that any economic injury the named plaintiffs suffered when purchasing wristbands and pin buttons was "similar" to any injury suffered by individuals who actually purchased lanyards. *Id.* But that similarity did not suffice to establish the named plaintiffs' standing to bring lanyard price-fixing claims against the defendants, and the court dismissed those claims for lack of Article III standing. *Id.* at *8.

Courts routinely grant motions to dismiss claims for lack of standing if the plaintiffs have not alleged that they suffered each of the types of injuries covered by their claims. For example, in *Pearson v. Target Corp.*, No. 11 CV 7972, 2012 WL 7761986 (N.D. Ill. Nov. 9, 2012), the plaintiff alleged that the defendant engaged in deceptive business practices concerning two dietary supplements. Because the plaintiff only purchased one of the supplements, the court found that he lacked standing to assert any claims with respect to the other and dismissed any claims relating to it. *Id.* at 1. Similarly, in *In re AIG Advisor Grp.*, No. 06-cv-1625, 2007 WL 1213395, at *5 (E.D.N.Y. Apr. 25, 2007), *aff'd on other grounds sub nom. In re AIG Advisor Grp. Sec. Litig.*, 309 Fed. Appx. 495 (2d Cir. 2009), the plaintiffs claimed that defendant made fraudulent representations about the prospects of nineteen different investment funds. Because the plaintiffs had only invested in sixteen of those funds, the court found that they could not claim an injury from the other three and dismissed any claims relating to them. 2007 WL 1213395, at *3-6. This Court should reach the same conclusion here.

**II.     Plaintiffs Cannot Rest Their Class Action Claims on Injuries Allegedly Suffered By Unnamed Class Members**

As the Supreme Court explained in *Lewis v. Casey,* "standing is not dispensed in gross." 518 U.S. 343, 358 n.6 (1996).  The fact that "a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'"  *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n. 20 (1976) (quoting *Warth v. Seldin,* 422 U.S. 490, 502 (1975)); *see also* 5 James Wm. Moore *et al.,* Moore's Federal Practice – Civil § 23.63(1)(b) (noting that the "named plaintiff in a class action must meet all the jurisdictional requirements to bring an individual suit asserting the same claims, including standing"); 1 Newberg on Class Actions § 2:5 (5th ed. 2015) ("In a class action suit with multiple claims, at least one named class representative must have standing with respect to each claim.  A finding that no class representative has standing with respect to a given claim requires dismissal of that claim.").

These principles provided the foundation for the *Kjessler* court's dismissal of lanyard claims since none of the named plaintiffs actually purchased those products.  Quoting *Blum v. Yaretzky,* 457 U.S. 991, 999 (1982), the *Kjessler* court explained that "a plaintiff who has been subject to injurious conduct of one kind" does not "possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Kjessler,* 2019 WL 3017132 at *6.  The import of that rule was clear:  the named representatives did not have standing to seek relief—whether for themselves or for unnamed class members—for any injuries they did not suffer, and any claims relating to them had to be dismissed at the outset of litigation.  *Id.* at *8; *see also In re Interior Molded Doors,* 2019 WL 4478734, at *12 (explaining that an antitrust "claim cannot be asserted on behalf of a class unless at least one named plaintiff

has suffered the injury that gives rise to that claim" and granting motion to dismiss certain state law claims); *Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*, No. 13-CV-01180-BLF, 2015 WL 4755335, at *15 (N.D. Cal. Aug. 11, 2015) (dismissing certain class action claims because the named plaintiff lacked standing to assert claims for products it had not purchased, and noting that "the threshold question" of standing must precede—and is distinct from—the merits of a claim).

Like the named plaintiffs in *Kjessler,* who never purchased lanyards and therefore were not injured by any price-fixing with respect to them, the Plaintiffs in this case never worked in salaried positions or at turkey processing plants and could not have been injured in those roles. At best, Plaintiffs' positions might be described as "similar" to those of the unnamed class members they seek to represent. But any such similarity does not suffice to establish Plaintiffs' standing and the Court's power to exercise subject matter jurisdiction over their class action claims; rather, Plaintiffs must establish a case or controversy between themselves and Defendants for each of those claims. *Kjessler,* 2019 WL 3017132, at *6-8; *In re Interior Molded Doors,* 2019 WL 4478734, at *12 (citing *Cent. Wesleyan*, 6 F.3d at 188, and quoting *Blum,* 457 U.S. at 1001 n.13). Plaintiffs cannot do so, and any claims for injuries purportedly suffered by individuals in salaried positions that Plaintiffs did not hold and in turkey processing plants where Plaintiffs did not work must be dismissed.

### III. The Court Should Exercise Its Duty to Control the Scope of Discovery by Dismissing Claims That Cannot be Substantiated with Any Amount of Discovery

This Court recently recognized its duty to control the scope of discovery when it is clear from the face of a complaint that discovery cannot cure a foundational defect in a class action claim. *Rosedale v. CarChex LLC*, No. SAG-19-2780, 2020 WL 998740, at *4-5 (D. Md. Mar. 2, 2020); *Rosedale v. CarChex LLC*, No. CV SAG-19-2780, 2020 WL 6801922, at *4 (D. Md. Nov.

19, 2020). No amount of discovery can fix the fact that Plaintiffs, hourly employees in chicken-processing plants, do not have standing to sue for injuries allegedly suffered by individuals who held salaried positions or worked at turkey-processing plants.

Permitting Plaintiffs to conduct discovery about those positions or plants would serve no purpose but to increase the cost and extent of discovery for all Defendants. As the Supreme Court explained in *Twombly v. Bell Atlantic Corp.*, "the costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery" absent a reasonable likelihood that discovery will substantiate the allegations in a complaint. 550 U.S. 544, 558 (2007) (internal quotation marks omitted). This is certainly the type of "massive factual controversy" about which the *Twombly* court was concerned, *id.*, and there is a *zero* percent chance that discovery will substantiate Plaintiffs' claims to have been injured in positions they did not hold and in plants where they did not work.

## CONCLUSION

Plaintiffs lack Article III standing to pursue any claims—individual or class—relating to salaried positions and turkey processing plant jobs, and those claims must be dismissed *before* sending the parties into expensive discovery that cannot cure these fundamental defects in Plaintiffs' case.

Dated: December 18, 2020

*/s/ Christopher N. Thatch*
Julia E. McEvoy (*Pro hac vice*)
Christopher N. Thatch (Bar No. 29097)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3867
cnthatch@jonesday.com
jmcevoy@jonesday.com

Faris Rashid (*Pro hac vice*)
Davida S. Williams (*Pro hac vice*)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
khibbard@greeneespel.com

*Attorneys for Defendant Cargill Meat Solutions Corporation*

*/s/ Steven F. Barley*
Steven F. Barley (Bar No. 10049)
HOGAN LOVELLS US LLP
100 International Drive,
Baltimore, MD 21202
Tel: (410) 659-2700
Fax: (410) 659-2701
steve.barley@hoganlovells.com

William L. Monts III (*Pro hac vice*)
Justin W. Bernick (*Pro hac vice*)
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004
Tel: (202) 637-5600
Fax: (202) 637-5910
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

*Attorneys for Defendant Agri Stats, Inc.*

*/s/ David B. Hamilton*
David B. Hamilton (Bar No. 04308)
Hillary V. Colonna (Bar No. 19704)
Womble Bond Dickinson (US) LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
(410) 545-5850 (telephone)
(410) 545-5801 (facsimile)
David.Hamilton@wbd-us.com
Hillary.Colonna@wbd-us.com

And

Hayden J. Silver III (*Pro hac vice*)
Jonathon D. Townsend (*Pro hac vice*)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
(919) 755-2188 (telephone)
(919) 755-7099 (facsimile)
Jay.Silver@wbd-us.com
Jonathon.Townsend@wbd-us.com

*Attorneys for Defendant Butterball, LLC*

| | |
|---|---|
| */s/ Brian D. Frey* <br> Brian D. Frey (Bar No. 17592) <br> Alston & Bird LLP <br> The Atlantic Building 950 F Street, NW <br> Washington, D.C. 20004 <br> (202) 239-3067 (telephone) <br> (202) 239-3333 <br> Brian.Frey@alston.com <br><br> B. Parker Miller (*Pro hac vice*) <br> Valarie Williams (*Pro hac vice*) <br> Raechel J. Bimmerle (*Pro hac vice*) Alston & Bird LLP <br> 1201 West Peachtree St. <br> Atlanta, GA 30309 <br> (404) 881-7000 (telephone) <br> (404) 881-7777 (facsimile) <br> Parker.Miller@alston.com <br> Valarie.Wiliams@alston.com <br> Raechel.Bimmerle@alston.com <br><br> *Attorneys for Defendant Fieldale Farms Corporation* | */s/ Steven K. White* <br> Steven K. White (Bar No. 04274) <br> STINSON LLP <br> 1775 Pennsylvania Avenue N.W., Suite 800 <br> Washington, DC 20006 <br> Tel: (202) 785-9100 <br> Fax: (202) 572-9963 <br> steven.white@stinson.com <br><br> William L. Greene (admitted *pro hac vice*) <br> Peter J. Schwingler (admitted *pro hac vice*) <br> Jon M. Woodruff (admitted *pro hac vice*) <br> STINSON LLP <br> 50 South Sixth Street, Suite 2600 <br> Minneapolis, MN  55402 <br> Tel: (612) 335-1500 <br> Fax: (612) 335-1657 <br> william.greene@stinson.com <br> peter.schwingler@stinson.com <br> jon.woodruff@stinson.com <br><br> J. Nicci Warr (admitted *pro hac vice*) <br> STINSON LLP <br> 7700 Forsyth Blvd., Suite 1100 <br> St. Louis, MO 63105 <br> (314) 259-4570 <br> nicci.warr@stinson.com <br><br> Lauren T. Fleming (admitted *pro hac vice*) <br> STINSON LLP <br> 1201 Walnut St., Suite 2900 <br> Kansas City, MO 64105 <br> (816) 842-8600 <br> lauren.fleming@stinson.com <br><br> Gary V. Weeks (admitted *pro hac vice*) <br> K.C. Dupps Tucker (admitted *pro hac vice*) <br> Kristy E. Boehler (admitted *pro hac vice*) <br> THE LAW GROUP OF NW. ARKANSAS LLP <br> 1830 Shelby Lane <br> Fayetteville, AR  72704 <br> (479) 316-3760 <br> gary.weeks@lawgroupnwa.com <br> kc.tucker@lawgroupnwa.com <br> kristy.boehler@lawgroupnwa.com |

*Attorneys for Defendants George's, Inc. and George's Foods, LLC.*

| | |
|---|---|
| has/s/ *Jonathan H. Todt*-------------------- <br> Jonathan H. Todt (Bar No. 07166) <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 1500 K Street, N.W., Suite 1100 <br> Washington, D.C. 20005-1209 <br> Phone: (202) 230-5823 <br> Fax: (202) 842-8465 <br> jonathan.todt@faegredrinker.com <br><br> Richard A. Duncan (*pro hac vice*) <br> Craig S. Coleman (*pro hac vice*) <br> Emily E. Chow (*pro hac vice*) <br> Isaac B. Hall (*pro hac vice*) <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 2200 Wells Fargo Center <br> 90 South Seventh Street <br> Minneapolis, MN 55402-3901 <br> Phone: (612) 766-7000 <br> Fax: (612) 766-1600 <br> richard.duncan@faegredrinker.com <br> craig.coleman@faegredrinker.com <br> emily.chow@faegredrinker.com <br> isaac.hall@faegredrinker.com <br><br> Christopher A. Kreuder (*pro hac vice*) <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 801 Grand Avenue, 33rd Floor <br> Des Moines, IA 50309 <br> Phone: (515) 248-4733 <br> Fax: (515) 248-9010 <br> christopher.kreuder@faegredrinker.com <br><br> *Attorneys for Defendant Jennie-O Turkey Store, Inc.* | /s/ *James E. Edwards, Jr.* <br> James E. Edwards, Jr., (MDB No. 02360) <br> jedwards@bakerdonelson.com <br> Ty Kelly Cronin, (MDB No. 27166) <br> tykelly@bakerdonelson.com <br> BAKER, DONELSON, BEARMAN, <br> CALDWELL & BERKOWITZ, PC <br> 100 Light Street <br> Baltimore, Maryland  21202 <br> (410) 685-1120 <br> (410) 547-0699 – Fax <br><br> *Pro hac vice:* <br> John G. Calender (DCB No. 939124) <br> jcalender@bakerdonelson.com <br> BAKER, DONELSON, BEARMAN, <br> CALDWELL & BERKOWITZ, PC <br> 901 K Street, N.W., Suite 900 <br> Washington, D.C. 20001 <br> Telephone: 202.508.3474 <br> Facsimile: 202.220.2274 <br><br> Scott W. Pedigo (MSB No. 10735) <br> spedigo@bakerdonelson.com <br> Amy L. Champagne (MSB No. 102447) <br> achampagne@bakerdonelson.com <br> BAKER, DONELSON, BEARMAN, <br> CALDWELL & BERKOWITZ, PC <br> MAILING:  Post Office Box 14167 <br> Jackson, Mississippi 39236-4167 <br> PHYSICAL:  One Eastover Center <br> 100 Vision Drive, Suite 400 <br> Jackson, Mississippi  39211 <br> Telephone:  (601) 351-2400 <br> Facsimile:  (601) 351-2424 <br><br> Russell W. Gray (TNB No. 16120) <br> rgray@bakerdonelson.com <br> BAKER, DONELSON, BEARMAN, <br> CALDWELL & BERKOWITZ, PC <br> 1800 Republic Centre <br> 633 Chestnut Street |

Chattanooga, Tennessee 37450-1801
Telephone:     (423) 209-4218
Facsimile:     (423) 752-9563

*Attorneys for Defendant Koch Foods, Inc.*

/*s/ Kristen A. Knapp*
Kristen A. Knapp (Bar. No. 21169)
SIDLEY AUSTIN LLP
1501 K Street, NW #600
Washington, DC 20005
Tel:  (202) 736-8219
Fax: (202) 736-8711
kknapp@sidley.com

Colleen M. Kenney (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Tel:  (312) 853-4166
Fax: (312) 853-7036
ckenney@sidley.com

John W. Treece (admitted *pro hac vice*)
1135 West Montana St.
Chicago, IL 60614
Telephone: (312) 961-7808
jtreece@jwtreece.com

Amanda Wofford (admitted *pro hac vice*)
Bourgon Reynolds (admitted *pro hac vice*)
ROSE LAW FIRM
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309
awofford@roselawfirm.com
breynolds@roselawfirm.com

*Attorneys for Defendant Mountaire Farms, Inc.*

/*s/ J. Douglas Baldridge*
J. Douglas Baldridge (Bar No. 11023)
Lisa Jose Fales (Bar No. 08141)
Danielle R. Foley (Bar No. 21113)
Andrew T. Hernacki (Bar No. 21107)
VENABLE LLP
600 Massachusetts Ave, N.W.
Washington, DC 20001
Tel: (202) 344-4000
jbaldridge@venable.com
ljfales@venable.com
drfoley@venable.com
athernacki@venable.com

*Attorneys for Defendants Perdue Farms, Inc. and Perdue Foods, LLC*

/s/ Aaron L. Casagrande
Aaron L. Casagrande (Bar # 28518)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Tel: (410) 347-8714
Fax: (410) 234-2326
acasagrande@wtplaw.com

Carrie C. Mahan
Christopher J. Abbott
WEIL, GOTSHAL & MANGES LLP
2001 M Street N.W., Suite 600
Washington, D.C. 20036
Tel: (202) 682-7000
Fax: (202) 857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com

Adam C. Hemlock
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
adam.hemlock@weil.com

*Attorneys for Defendants Pilgrim's Pride Corporation, Pilgrim's Pride Corporation of West Virginia, Inc., and JFC LLC (d/b/a GNP Company)*

/s/ Joseph W. Hovermill
Joseph W. Hovermill (Bar No. 22446)
Alexander P. Creticos (Bar No. 30199)
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202
410-385-3442
410-385-3700 (f)
jhovermill@milesstockbridge.com
acreticos@milesstockbridge.com

Daniel E. Laytin, P.C. *pro hac vice*
Christa C. Cottrell, P.C. *pro hac vice*
Stacy Pepper *pro hac vice*
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000
dlaytin@kirkland.com
ccottrell@kirkland.com
stacy.pepper@kirkland.com

Joseph C. Schroeder *pro hac vice*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave N.W.
Washington, DC 20004
(202) 389-5118
joseph.schroeder@kirkland.com

*Attorneys for Defendant Sanderson Farms, Inc.*

| | |
|---|---|
| */s/ Cary Silverman*--------------------------- | */s/ Eric Pelletier* |
| Cary Silverman (Bar No. 15137) | Eric Pelletier (Bar # 12716) |
| SHOOK HARDY & BACON LLP | OFFIT KURMAN, P.A. |
| 1880 K Street NW, Suite 1000 | 4800 Montgomery Lane, 9th Floor |
| Washington, D.C. 20006 | Bethesda, Maryland 20814 |
| Tel: (202) 783-8400 | Tel: (240) 507-1739 |
| Fax: (202) 783-4211 | Fax: (240) 507-1735 |
| csilverman@shb.com | epelletier@offitkurman.com |
| | |
| Lynn H. Murray (admitted *pro hac vice*) | John F. Terzaken |
| SHOOK HARDY & BACON LLP | Abram J. Ellis |
| 111 S. Wacker Drive, Suite 4700 | Elizabeth H. French |
| Chicago, IL 606060 | SIMPSON THACHER & BARTLETT LLP |
| Tel: (312)704-7700 | 900 G Street, N.W. |
| Fax: (312) 558-1195 | Washington, DC 20001 |
| lhmuray@shb.com | Phone: 202-636-5500 |
| | Facsimile: 202-636-5502 |
| Laurie A. Novion (admitted *pro hac vice*) | |
| SHOOK HARDY & BACON LLP | *Attorneys for Defendants Tyson Foods, Inc.* |
| 2555 Grand Blvd. | *and Keystone Foods, LLC* |
| Kansas City, MO 64108 | |
| Tel: (816) 474-6550 | |
| Fax: (816) 421-5547 | |
| lnovion@shb.com | |

John R. Elrod (admitted *pro hac vice*)
Vicki Bronson (admitted *pro hac vice*)
CONNER & WINTERS
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703
Tel: (479) 582-5711
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Defendant Simmons Foods, Inc.*


*/s/ Christopher E. Ondeck*             -
Christopher E. Ondeck
Stephen R. Chuk
Rucha A. Desai
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com
rdesai@proskauer.com

*Attorneys for Defendant Wayne Farms LLC*

*/s/ Gerard P. Martin*
Gerard P. Martin, Bar No. 00691
Jeffrey M. Lichtstein, Bar No. 20731
ROSENBERG MARTIN GREENBERG, LLP
25 S. Charles Street, 21st Floor
Baltimore, Maryland 21201
Tel: (410) 727-6600
Fax: (410) 727-1115
gmartin@rosenbergmartin.com
jlichtstein@rosenbergmartin.com

*Attorneys for Defendant Webber, Meng, Sahl and Company*

*/s/ Edward J. Baines*
Edward J. Baines (USDC Bar No. 06776)
Geoffrey M. Gamble (USDC Bar No. 28919)
Gregory L. Waterworth (USDC Bar No. 20938)
SAUL EWING ARNSTEIN & LEHR LLP
500 E. Pratt Street, 8th Floor
Baltimore, MD  21202-3133
(410) 332-8600 (Main No.)
(410) 332-8862 (Facsimile)
Ted.Baines@saul.com
Geoff.Gamble@saul.com
Greg.Waterworth@saul.com

Patrick Fitzgerald (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com

Boris Bershteyn (admitted *pro hac vice*)
Lara Flath (admitted *pro hac vice*)
Sam Auld (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West

New York, NY 10001  
Telephone: (212) 735-3000  
Facsimile: (212) 735-2000  
boris.bershteyn@skadden.com  
lara.flath@skadden.com  
sam.auld@skadden.com  

*Attorneys for Defendant Peco Foods, Inc.*