**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Judy Jien, *et al.,*<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Perdue Farms, Inc., *et al.,*<br><br>　　　　　　　Defendants. | CIVIL ACTION No. 1:19-CV-2521-SAG |

## DEFENDANT PILGRIM'S PRIDE CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Pilgrim's Pride Corporation ("Pilgrim's"), by and through its attorneys, hereby answers Plaintiffs Judy Jien, Kieo Jibidi, Elaisa Clement, Glenda Robinson, and Emily Earnest's ("Plaintiffs") Second Amended Class Action Complaint ("Amended Complaint") as follows. Pilgrim's denies any and all allegations unless expressly admitted.  Pilgrim's further denies any factual allegations contained in Plaintiffs' headings or subheadings to the extent that any such allegations require a response.

In response to Plaintiffs' opening, unnumbered paragraph, Pilgrim's admits that Plaintiffs have filed suit against a number of Defendants, including Pilgrim's, but denies that Pilgrim's is liable to Plaintiffs and denies that Plaintiffs are entitled to any relief.  In response to Plaintiffs' footnote 1, Pilgrim's admits it includes the entities Plaintiffs have named as Defendants.

1.　　Denied.

2.　　Pilgrim's admits that it owns and operates chicken processing plants in the United States.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any

allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies any remaining allegations in this Paragraph.

3.      Pilgrim's admits that it owns and operates chicken processing plants in the United States and has employees that may fit within Plaintiffs' definition of Class Members.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies any remaining allegations in this Paragraph.

4.      Pilgrim's admits that it compensates its complex employees with hourly wages or annual salaries and other employment benefits, and that compensation for each position is determined by Pilgrim's unilaterally based on various factors, including but not limited to the specific position, local economic conditions, and/or collective bargaining agreements with unions. Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies any remaining allegations in Paragraph 4.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.      Pilgrim's denies the allegations in the first sentence of Paragraph 10.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and therefore denies them.   The third sentence contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's lacks

knowledge or information sufficient to form a belief as to the allegations related to Plaintiffs' unidentified "economic analysis" and therefore denies them, denies the existence of and Pilgrim's participation in Plaintiffs' alleged conspiracy, and denies any remaining allegations in this Paragraph.

11.    Pilgrim's denies the allegations in the first sentence of Paragraph 11.   The remaining sentences contain Plaintiffs' legal conclusions or characterization of their claims to which no response is required.  To the extent a response is required, Pilgrim's admits Plaintiffs purport to bring a class action under the Sherman Act, but denies Plaintiffs have suffered any harm, that the purported class can be sustained, and that Plaintiffs are entitled to any damages or other relief.  Pilgrim's denies any remaining allegations in this Paragraph.

12.    Paragraph 12 states a legal conclusion to which no response is required.  To the extent a response is required, Pilgrim's admits that this Court has jurisdiction under the cited statutes over civil actions arising under Sections 4 and 16 of the Clayton Act, but denies any remaining allegations in this Paragraph.

13.    Paragraph 13 contains Plaintiffs' legal conclusions about personal jurisdiction to which no response is required.  To the extent a response is required, Pilgrim's admits that it is amenable to service of process in this district and has transacted business in the United States and this district at certain points in time.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants, and therefore denies them. Pilgrim's denies all remaining allegations in this Paragraph.

14.    Paragraph 14 contains Plaintiffs' legal conclusions about venue to which no response is required.  To the extent a response is required, Pilgrim's admits that it has transacted business in this district at certain points in time, but denies all remaining allegations in Paragraph

14 related to Pilgrim's.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants, and therefore denies them.  Pilgrim's denies all remaining allegations in this Paragraph.

15.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

16.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

17.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

18.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

19.     Pilgrim's admits that Emily Earnest was employed at its complex in Russellville, Alabama for a time within Plaintiffs' Class Period, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

20.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth

21.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

22.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

23.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

24.     Pilgrim's admits that Plaintiffs intend to refer to Perdue Farms and Perdue Foods collectively as "Perdue" throughout their Complaint.

25.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

26.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

27.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

28.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

29.     Pilgrim's admits that Plaintiffs intend to refer to Tyson Foods and Keystone collectively as "Tyson" throughout their Complaint.

30.     Pilgrim's admits it is a Delaware corporation headquartered in Greeley, Colorado, that JBS SA is a Brazilian corporation headquartered in Sao Paulo, Brazil, that JBS USA Food Company Holdings is an indirectly wholly-owned subsidiary of JBS SA, which today indirectly owns approximately 80.21% of the common stock of Pilgrim's and that Pilgrim's has paid wages, salaries and benefits to its employees.   Pilgrim's denies any remaining allegations in this Paragraph.

31.     Denied.

32.     Pilgrim's admits it is one of several Debtors that filed for Chapter 11 bankruptcy protection on December 1, 2008 in the U. S. Bankruptcy Court for the Northern District of Texas,

which on December 10, 2009 approved an amended plan of reorganization, discharging Pilgrim's and other Debtors from bankruptcy effective December 28, 2009.  Pilgrim's admits that as part of that plan of reorganization its creditors were repaid in full.  Pilgrim's denies the remaining allegations in Paragraph 32.

33.     Paragraph 33 contains Plaintiffs' legal conclusions or characterizations of their Amended Complaint, to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in Paragraph 33.

34.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

35.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

36.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

37.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

38.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

39.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

40.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

41.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

42.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

43.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

44.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

45.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

46.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

47.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

48.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

49.    Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

50.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

51.    Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

52.    Pilgrim's admits that Plaintiffs intend to refer to George's, Inc. and George's Foods, LLC collectively as "George's" throughout their Complaint.

53.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

54.    Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

55.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

56.    Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

57.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

58.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

59.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

60.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

61.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

62.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

63.     Denied.

64.     Paragraph 64 contains Plaintiffs' legal conclusion to which no response is required. To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

65.     Denied.

66.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

67.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

68.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

69.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

70.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

71.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

72.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

73.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

74.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

75.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

76.     Pilgrim's admits the allegations in the first sentence of Paragraph 76.  Pilgrim's further admits that during the Class Period, Pilgrim's Pride Corporation of West Virginia, Inc. operated a chicken processing plant in West Virginia, and that Pilgrim's Pride Corporation of West Virgnia paid wages, salaries and/or benefits to individuals that may fall within Plaintiffs' definition of "Class Members."  Pilgrim's denies any remaining allegations in Paragraph 76.

77.     Pilgrim's admits the allegations in the first sentence of Paragraph 77. Pilgrim's admits that during the relevant period, JFC LLC operated at least one poultry processing plant and that JFC LLC paid wages, salaries and/or benefits to individuals that may fall within Plaintiffs' definition of "Class Members." Pilgrim's denies any remaining allegations in Paragraph 77.

78.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

79.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

80.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

81.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

82.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

83.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

84.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

85.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

86.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

87.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

88.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

89.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

90.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

91.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

92.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

93.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

94.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

95.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

96.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

97.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

98.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

99.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

100.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

101.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

102.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

103.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

104.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

105.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

106.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

107.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

108.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

109.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

110.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

111.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

112.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

113.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

114.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

115.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

116.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

117.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

118.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

119.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

120.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

121.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

122.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

123.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

124.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

125.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

126.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

127.     Denied.

128.     Denied.

129.     Pilgrim's admits it has made payments to employees at its processing plants by mailing or transmitting funds across state lines.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies any remaining allegations in this Paragraph.

130.     Pilgrim's admits that it conducts business in the United States, sells various products in interstate commerce, and that it employs individuals at complexes where it processes chicken.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies any remaining allegations in this Paragraph.

131.     Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them and any remaining allegations in this Paragraph.

132.     Denied.

133.     Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—a USDA document, which speaks for itself.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph, including Plaintiffs' characterizations of the document.

134.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

135.     Pilgrim's admits that chicken can be processed for consumption and can be sold in a variety of forms, including but not limited to fresh or frozen, raw or cooked, whole or in parts, or as a meat ingredient in value-added products.  Pilgrim's denies the remaining allegations in this Paragraph.

136.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

137.     Pilgrim's admits it owns and manages facilities at multiple stages of the distribution chain, including production, processing and marketing, as well as further processing, for certain poultry products.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of allegations with respect to any other producer and therefore denies them and any other remaining allegations in this Paragraph.

138.     Pilgrim's admits it operates complexes at which chickens are slaughtered and/or further processed into products for human consumption and that Plaintiffs' purport to represent a class of employees at those complexes.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

139.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them

140.     Pilgrim's admits that it operates at least one complex that is within 32 miles of a complex owned by another Defendant.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them and any remaining allegations in this Paragraph.

141.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

142.     Pilgrim's admits that Plaintiffs are attempting to characterize data or unidentified documents in map form, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, accompanying map, and footnote 2 and therefore denies them.

143.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

144.     This Paragraph contains Plaintiffs' legal conclusions and characterizations of their claims to which no response is required.  To the extent a response is required, Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to

any other producer and/or third parties and therefore denies them and any remaining allegations in this Paragraph.

145.    Pilgrim's admits that it has employees at its complexes, such as live hangers, eviscerators, deboners, and first line supervisors but lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to any other producer and therefore denies them and any other remaining allegations in this Paragraph.

146.    Pilgrim's admits it has paid employees at its complexes hourly wages and annual salaries.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them and any remaining allegations in this Paragraph.

147.    Pilgrim's admits that certain employees at its processing plants have been paid hourly wages, which are based on various factors, including but not limited to, the specific position and the employee's experience, as well as collective bargaining agreements with labor unions for a number of complexes.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them and any remaining allegations in this Paragraph.

148.    Pilgrim's admits that certain employees at its processing plants have been paid an annual salary, which is based on various factors, including but not limited to, the specific position and the employee's experience, as well as collective bargaining agreements with labor unions for a number of complexes.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them and any remaining allegations in this Paragraph.

149.    Pilgrim's admits that compensation for certain complex employees can include benefits, such as health insurance, paid time off, a retirement savings plan, disability insurance and life insurance.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them and any remaining allegations in this Paragraph.

150.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

151.    Pilgrim's admits some complex employees are paid more than others, based on a wide variety of circumstances, including skill and experience.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies the remaining allegations in this Paragraph.

152.    Pilgrim's admits some complex employees are paid more than others, based on a wide variety of circumstances, including skill and experience.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies the remaining allegations in this Paragraph.

153.    Pilgrim's admits that employee compensation is a portion of operating costs, but lacks knowledge or information sufficient to forma belief as to the truth of the remaining allegations in this Paragraph directed at Pilgrim's and therefore denies them.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.

154.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's denies the remaining allegations in this Paragraph.

155.    Pilgrim's admits that this Paragraph contains purported statements and allegations attributed to unidentified former employees of Pilgrim's, but lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.  Pilgrim's denies any remaining allegations in this Paragraph.

156.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's denies the remaining allegations in this Paragraph.

157.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

158.    Pilgrim's admits that some of its complex employees are members of unions, including the United Food and Commercial Workers International Union. Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

159.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits that compensation for certain complex employees is determined in accordance with collective bargaining agreements, which are documents that speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the collective bargaining agreements.

160.    Pilgrim's denies the allegations in the first sentence in this Paragraph.  Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—multiple unidentified documents or other sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the unidentified documents and reports.

161.    Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—multiple unidentified sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the unidentified sources.

162.    Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—a 2016 report, which speaks for itself.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the report.

163.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies the remaining allegations in this Paragraph.

164.    Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—multiple documents, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents.

165.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—a report, which speaks for itself.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the report.

166.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—a document, which speaks for itself.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the document.

167.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—an article, which speaks for itself.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the article.

168.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits that the level of education, experience, and skill varies across its complex employees but lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph and therefore denies them.

169.     Denied.

170.     Denied.

171.     Pilgrim's admits it operates at least one complex that is within 32 miles of a complex of another Defendant, but denies any remaining allegations in this Paragraph.

172.     Denied.

173.     Denied.

174.     Denied.

175.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

176.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's denies any remaining allegations in Paragraph 176.

177.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits that this Paragraph contains purported statements and allegations attributed to unidentified former employees of Pilgrim's, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  Pilgrim's denies the remaining allegations in this Paragraph.

178.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits that this Paragraph contains purported statements and allegations attributed to unidentified former employees of Pilgrim's, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  Pilgrim's denies the remaining allegations in this Paragraph.

179.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—an article, which speaks for itself.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the article.

180.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits that this Paragraph contains purported statements and allegations attributed to unidentified former employees of Pilgrim's, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  Pilgrim's denies the remaining allegations in this Paragraph.

181.    Denied.

182.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents, which speak for themselves.   Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents.

183.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents, which speak for themselves.   Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents.

184.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents, which speak for themselves.   Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents.

185.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents, which speak for themselves.   Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents.

186.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits that this Paragraph contains purported statements and allegations attributed to unidentified former employees of Pilgrim's, but lacks knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.   Pilgrim's denies the remaining allegations in this Paragraph.

187.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits that this Paragraph contains purported statements and allegations attributed to unidentified former employees of Pilgrim's, but lacks knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.   Pilgrim's denies the remaining allegations in this Paragraph.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

192.     Denied.

193.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

194.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

195.    Denied.

196.    Denied.

197.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents.

198.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

199.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents.

200.    Pilgrim's admits it has contracted with Agri Stats during the Plaintiffs' relevant period, pursuant to which Pilgrim's provides Agri Stats with certain data on a confidential basis and receives various benchmarking reports from Agri Stats with industry data and rankings for Pilgrim's provided along with similar information for other poultry producers on an anonymous basis.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any

allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies all remaining allegations in this Paragraph.

201.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph and footnote 3, including Plaintiffs' characterizations of the documents.

202.    Pilgrim's admits it submits to Agri Stats certain data on a confidential basis and receives various benchmarking reports from Agri Stats with industry data and rankings for Pilgrim's provided along with similar information for other poultry producers on an anonymous basis.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies all remaining allegations in this Paragraph.

203.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—Agri Stats reports, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the reports.

204.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's denies the remaining allegations in this Paragraph.

205.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

206.    Pilgrim's admits that this Paragraph contains purported statements and allegations attributed to unidentified former employees of Pilgrim's, but lacks knowledge or information sufficient to form a belief as to the truth of them and therefore denies them.  Pilgrim's denies the remaining allegations in this Paragraph.

207.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

208.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

209.    Pilgrim's admits Agri Stats has made periodic presentations to Pilgrim's and that Pilgrim's executives have attended various parts of such presentations as well as the "Broiler Outlook Conferences," but denies Plaintiffs' characterization of these meetings.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants or third parties and therefore denies them.  Pilgrim's denies all remaining allegations in this Paragraph.

210.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

211.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

212.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents or sources, which speak for themselves.  Pilgrim's denies

any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

213.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's admits that this Paragraph contains purported statements and allegations attributed to unidentified former employees of Pilgrim's, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  Pilgrim's denies the remaining allegations in this Paragraph.

214.    Pilgrim's admits that it is one of several Debtors that filed for Chapter 11 bankruptcy in December 2008 and remained under the supervision of the U.S. Bankruptcy Court until approval of its Amended Plan of Reorganization and discharge from bankruptcy in December 2009.  Pilgrim's also admits that it engaged in collective bargaining negotiations with United Food and Commercial Workers International Union but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

215.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

216.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

217.    Denied.

218.    Pilgrim's admits it has met with Agri Stats on occasion and that it has submitted data to Agri Stats, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

219.    This Paragraph states Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

220.    Denied.

221.    This Paragraph states Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

222.    Denied.

223.    Pilgrim's admits that Plaintiffs appear to be selectively quoting from – and attempting to characterize – an article, which speaks for itself.  Pilgrim's denies Plaintiffs' characterization of this article and lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have quoted this article accurately and therefore denies them.  Pilgrim's denies any remaining allegations in this Paragraph.

224.    Pilgrim's admits it pays a subscription fee for its Agri Stats subscription.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph and therefore denies them.

225.    Denied.

226.    Pilgrim's admits that this Paragraph contains purported statements and allegations attributed to unidentified former employees of Pilgrim's, but lacks knowledge or information sufficient to form a belief as to the truth of those allegations and any remaining allegations in this Paragraph and therefore denies them.

227.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and therefore denies them.

228.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them. Pilgrim's lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph and therefore denies them.

229.    Pilgrim's admits that this Paragraph contains purported statements and allegations attributed to unidentified former employees of Pilgrim's, but lacks knowledge or information sufficient to form a belief as to the truth of those allegations and any remaining allegations in this Paragraph and therefore denies them.

230.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and therefore denies them.

231.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and therefore denies them.

232.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and therefore denies them.

233.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the allegations in this Paragraph and therefore denies them.

234.    Pilgrim's admits William. Lovette, who was CEO of Pilgrim's in April 2013, attended one day of the three day "Chicken Media Summit" in April 2013 but denies he toured the Sanderson Farms facility and denies he attended the 2015 Chicken Media Summit.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph and therefore denies them.

235.    This Paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

236.    Denied.

237.    This Paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

238.    This Paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Pilgrim's admits Plaintiffs appear to be selectively quoting from – and attempting to characterize – an unidentified report from the USDA, which speaks for itself.   Pilgrim's denies Plaintiffs' characterization of the documents and lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have quoted the document accurately and therefore denies them and any remaining allegations in this Paragraph.

239.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph related to other Defendants and/or third parties and therefore denies them and any remaining allegations in this Paragraph.

240.    This Paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

241.    Pilgrim's admits that the Department of Justice filed an antitrust action against the National Broiler Marketing Association in 1973.  Pilgrim's further admits that the DOJ has stated that it is investigating the broiler chicken industry and that it filed an indictment as a part of that investigation.  Pilgrim's admits that Plaintiffs seek to paraphrase and characterize various court filings, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterization of the court filings.

242.   Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—multiple unidentified sources, which speak for themselves.  Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

243.   Denied.

244.   Denied.

245.   Denied.

246.   Denied.

247.   Denied.

248.   Denied.

249.   This Paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

250.   This Paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

251.   The first sentence in this Paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in the first sentence in this Paragraph.  Pilgrim's admits that some of its employees are not native English speakers, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence in this Paragraph and therefore denies them. Pilgrim's denies the allegations in the third sentence in this Paragraph.

252.   Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—documents or sources, which speak for themselves.  Pilgrim's denies any

remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

253.    This Paragraph contains Plaintiffs' legal conclusions and characterizations of their claims to which no response is required.  To the extent a response is required, Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

254.    This Paragraph contains Plaintiffs' legal conclusions and characterizations of their claims to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in the first sentence in this Paragraph and  lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

255.    This Paragraph contains Plaintiffs' legal conclusions and characterizations of their claims to which no response is required.  To the extent a response is required, Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

256.    This Paragraph contains Plaintiffs' legal conclusions and characterizations of their claims to which no response is required.  To the extent a response is required, Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

257.    This Paragraph contains Plaintiffs' legal conclusions and characterizations of their claims to which no response is required.  To the extent a response is required, Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

258.    Denied.

259.    Pilgrim's admits that Plaintiffs appear to be selectively quoting from – and attempting to characterize – an unidentified economic report, which speaks for itself.  Pilgrim's denies any remaining allegations in this Paragraph and the accompanying footnote, including Plaintiffs' characterization of the document and that Plaintiffs have quoted the document correctly.

260.    This Paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

261.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of any allegations related to other Defendants and/or third parties and therefore denies them.  Pilgrim's denies the remaining allegations in this Paragraph.

262.    Denied.

263.    Pilgrim's lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    This Paragraph states a legal conclusion, to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

269.    Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

270.    Denied.

271.    Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

272.    Denied.

273.    Denied.

274.    Denied.

275.    This Paragraph contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations.

276.    Denied.

277.    Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and any remaining allegations in this Paragraph.

278.    Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and any remaining allegations in this Paragraph.

279.    Pilgrim's denies the existence of and participation in Plaintiffs' alleged conspiracy and any remaining allegations in this Paragraph.

280.    Denied.

281.    Denied.

282.    Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

283.    Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents or sources, which speak for themselves.  Pilgrim's denies

any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

284.    Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—unidentified documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

285.    Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

286.    Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

287.    Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

288.    Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—documents or sources, which speak for themselves.  Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

289.     Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—documents or sources, which speak for themselves.   Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

290.     Pilgrim's admits Plaintiffs appear to be selectively quoting from—and attempting to characterize—documents or sources, which speak for themselves.   Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

291.     This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

292.     Denied.

293.     Denied.

294.     Pilgrim's admits that Plaintiffs seek to represent the class defined in this Paragraph, but denies that the purported class can be certified under Rule 23 of the Federal Rules of Civil Procedure and any remaining allegations in this Paragraph.

295.     Pilgrim's admits that Plaintiffs seek to exclude from their purported class the positions and entities listed in this Paragraph, but denies that the purported class can be certified under Rule 23 of the Federal Rules of Civil Procedure and any remaining allegations in this Paragraph

296.     This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

297.     This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

298.    This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

299.    This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

300.    This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

301.    This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

302.    This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

303.    This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

304.    This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

305.    This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

306.    This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

307.    This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

308.    This Paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Pilgrim's incorporate each and every answer to the preceding paragraphs of this Complaint.

309.   Denied.

310.   Denied.

311.   This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

312.   Denied.

313.   This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

314.   This Paragraph contains no factual allegations to which a response is required.  To the extent a response is required, Pilgrim's incorporate each and every answer to the preceding paragraphs of this Complaint.

315.   This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

316.   This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

317.   Denied.

318.   Denied.

319.   Denied.

320.   Denied.

321.   Denied.

322.   Denied.

323.   Denied.

324.   This Paragraph contains Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Pilgrim's admits Plaintiffs appear to be selectively

quoting from—and attempting to characterize—government documents, which speak for themselves. Pilgrim's denies any remaining allegations in this Paragraph, including Plaintiffs' characterizations of the documents or sources.

325. This Paragraph contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Pilgrim's denies the allegations in this Paragraph.

326. Denied.

327. Denied.

328. Denied.

329. Denied.

330. Denied.

331. Denied.

332. Denied.

333. Denied.

In response to Plaintiffs' Prayer for Relief, Pilgrim's denies any and all allegations contained in Plaintiffs' Prayer for Relief, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Pilgrim's.

Plaintiffs' jury trial demand contains no factual allegations to which a response is required.

## DEFENDANT PILGRIM'S PRIDE CORPORATION'S AFFIRMATIVE DEFENSES

Pilgrim's states the following defenses to Plaintiffs' Second Amended Complaint. Each defense is asserted as to all claims against Pilgrim's, unless otherwise noted. By setting forth these affirmative defenses, Pilgrim's does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Nothing herein is intended

or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.  As separate and distinct affirmative defenses, Pilgrim's alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

1.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.  The statute of limitations for Plaintiffs' claims is four years. 15 U.S.C. § 15b. Plaintiffs assert that the conspiracy began in 2009.  Therefore, the action was brought after the expiration of the limitations period.  The facts do not establish fraudulent concealment and, therefore, the limitations period was not tolled and Plaintiffs' claims are time-barred.

**SECOND AFFIRMATIVE DEFENSE**

2.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches.  Laches dictates that those who sleep on their rights, lose them.  Specifically, laches bars relief in the face of: (1) an unreasonable lack of diligence by the party against whom the defense is asserted; and (2) prejudice arising therefrom.  Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims.  The challenged conduct allegedly began over ten years before plaintiffs commenced this action. *See, e.g.*, Compl. ¶ 169 ("Beginning in January 2009 . . . Defendants have conspired with each other to fix and depress the compensation paid to employees of Defendant Processors, their subsidiaries, and related entities at poultry processing plants in the continental United States."). Moreover, the facts relied upon by Plaintiffs in support of Count II were revealed publicly long ago, and in some cases, disclosed directly to Plaintiffs.  *See* Compl. ¶ 214-15; *see also Jien*, 2020 WL 5544183, at *14 ("Plaintiffs' own allegations suggest that as early as 2009, unions representing putative class members knew that certain Defendant Processors 'insist[ed] during negotiations that wages would have to be within the parameters contained in Agri Stats.'"). More broadly, Plaintiffs allege that the subscription to Agri Stats by poultry producers was

disclosed to the general public by at least 2009.  *See* Compl. ¶ 201 (quoting public statement that

"97% of the broiler industry" and "about 95% of the turkey industry" subscribed to Agri Stats);

*see also id.* ¶ 269 (acknowledging wage data for poultry processing workers and workers in

comparable industries was available publicly before the statute of limitations ran).  Plaintiffs

nevertheless slept on their claims until August 30, 2019, resulting in prejudice to Pilgrim's.

Among other things, while Plaintiffs slept on their claims, they reaped the benefits of Pilgrim's

substantial investments in pay raises in order to retain and recruit processing plant employees in a

highly competitive labor market.  Plaintiffs' unreasonable lack of diligence in raising their claims

bars them now.  Accordingly, the equitable principles embodied in the laches doctrine bar

Plaintiffs from seeking relief after delaying so long.

**THIRD AFFIRMATIVE DEFENSE**

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims.  The challenged

conduct allegedly began over ten years before Plaintiffs commenced this action.  *See, e.g.*, Compl.

¶ 169 ("Beginning in January 2009 . . . Defendants have conspired with each other to fix and

depress the compensation paid to employees of Defendant Processors, their subsidiaries, and

related entities at poultry processing plants in the continental United States.").  Moreover, the facts

relied upon by Plaintiffs in support of Count II were revealed publicly long ago, and in some cases,

disclosed directly to Plaintiffs.  *See* Compl. ¶ 214-15; *see also Jien*, 2020 WL 5544183, at *14

("Plaintiffs' own allegations suggest that as early as 2009, unions representing putative class

members knew that certain Defendant Processors 'insist[ed] during negotiations that wages would

have to be within the parameters contained in Agri Stats.'").  More broadly, Plaintiffs allege that

the subscription to Agri Stats by poultry producers was disclosed to the general public by at least

2009.  *See* Compl. ¶ 201 (quoting public statement that "97% of the broiler industry" and "about 95% of the turkey industry" subscribed to Agri Stats); *see also id.* ¶ 269 (acknowledging wage data for poultry processing workers and workers in comparable industries was available publicly before the statute of limitations ran).  Defendants relied in good faith, and to their detriment, on plaintiffs' actions in continuing to accept employment, benefits and pay—including substantial and consistent raises—without complaint.  Pilgrim's had no knowledge of plaintiffs' alleged complaints or means to discover them.  Plaintiffs' claims are therefore estopped.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims.  The challenged conduct allegedly began over ten years before Plaintiffs commenced this action.  *See, e.g.*, Compl. ¶ 169 ("Beginning in January 2009 . . . Defendants have conspired with each other to fix and depress the compensation paid to employees of Defendant Processors, their subsidiaries, and related entities at poultry processing plants in the continental United States."). Moreover, the facts relied upon by Plaintiffs in support of Count II were revealed publicly long ago, and in some cases, disclosed directly to Plaintiffs.  *See* Compl. ¶ 214-15; *see also Jien*, 2020 WL 5544183, at *14 ("Plaintiffs' own allegations suggest that as early as 2009, unions representing putative class members knew that certain Defendant Processors 'insist[ed] during negotiations that wages would have to be within the parameters contained in Agri Stats.'"). More broadly, Plaintiffs allege that the subscription to Agri Stats by poultry producers was disclosed to the general public by at least 2009.  *See* Compl. ¶ 201 (quoting public statement that "97% of the broiler industry" and "about 95% of the turkey industry" subscribed to Agri Stats); *see also id.* ¶ 269 (acknowledging wage data for poultry processing workers and workers in comparable industries was available publicly

before the statute of limitations ran).  Plaintiffs' conduct in continuing to accept employment, benefits and pay—including substantial and consistent raises—for over a decade at what they now allege were depressed rates is evidence of an intention to waive any right to bring this suit and is inconsistent with any intention other than to waive their rights to bring suit.  Thus, Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with defendants and relinquished their rights to bring suit.

**FIFTH AFFIRMATIVE DEFENSE**

5.  Plaintiffs' claims are barred, in whole or in part, under the non-statutory labor exemption to the federal antitrust laws.  The Supreme Court has "recognized . . . that a proper accommodation between the congressional policy favoring collective bargaining . . . and the congressional policy favoring free competition in business markets requires that some union-employer agreements be accorded a . . . nonstatutory exemption from antitrust sanctions" because "[u]nion success in organizing workers and standardizing wages ultimately will affect price competition among employers." *Connell Const. Co. v. Plumbers & Steamfitters Loc.  Union No. 100*, 421 U.S. 616, 622 (1975).  The exemption "exists . . . to allow meaningful collective bargaining to take place by protecting some restraints on competition imposed through the bargaining process from antitrust scrutiny." *Clarett v. Nat'l Football League*, 369 F.3d 124, 143 (2d Cir. 2004) (cleaned up).  The nonstatutory labor exemption applies regardless of whether the employer is allegedly acting in concert with or in opposition to a labor organization.  *See Local No. 189, Amalgamated Meat Cutters & Butcher Workmen v. Jewel Tea Co.*, 381 U.S. 676 (1965); *see also Brown v. Pro Football, Inc.*, 518 U.S. 231, 236 (1996).  Plaintiffs admit that approximately one-third of hourly-paid workers at poultry processing plants are members of labor unions and that the United Food and Commercial Workers International Union represents approximately 90% of

those unionized workers.  Compl. ¶ 158.  Among other things, for poultry processing employees represented by a labor union, wages, hours, benefits, and other working conditions are mandatory subjects of bargaining between the worker and the employer.  To the extent the exchange of wage data helped facilitate the collective bargaining process, some or all of Plaintiffs' claims are barred by the nonstatutory labor exemption to the antitrust laws.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate any damages they may have suffered.  The precise set of facts Plaintiffs cite in support of their claims were made public more than four years ago.  To the extent Plaintiffs believed that Pilgrim's had unfairly decreased their wages, Plaintiffs had an obligation to mitigate their damages by seeking other employment, including from other producers.  Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs may have suffered.

**SEVENTH AFFIRMATIVE DEFENSE**

**7.**      Plaintiffs' claims are barred, in whole or in part, to the extent any agreement pursuant to which Plaintiffs were employed by Pilgrim's contains arbitration clauses or clauses providing a different forum for the resolution of its claims.  *See, e.g.*, *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840 (D. Md. 2013).

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert claims on behalf of turkey-processing and salaried employees.  "To have standing to sue as a class representative it is essential that a plaintiff...possess the same interest and suffer the same injury shared by all members of the class he represents." *Schlesinger v. Reservists Comm. to Stop*

47

*the War,* 418 U.S. 208, 216 (1974). In this case, Plaintiffs purport to bring claims on behalf of salaried employees and workers at turkey-processing plants as well. The named Plaintiffs, however, only held hourly positions at chicken-processing plants. Thus, Plaintiffs lack standing to bring claims on behalf of non-hourly and/or non-chicken processing employees.

## NINTH AFFIRMATIVE DEFENSE

9.      To the extent that Plaintiff's causes of action against Pilgrim's arise from, or rely on, any fact, event, omission, liability, or damage that occurred before December 28, 2009, such causes of action are barred and enjoined by the confirmation order (ECF No. 4399) entered by the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division in the case styled *In re Pilgrim's Pride Corp. et al.*, Case No. 08-45664-MXM.

## TENTH AFFIRMATIVE DEFENSE

10.     Pilgrim's incorporates by reference and asserts to the extent applicable all of the affirmative defenses set forth in the answers to the Second Amended Complaint of each of the other Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Pilgrim's denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by its action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award Pilgrim's such other and further relief to which it may be justly entitled.

**JURY TRIAL DEMANDED**

Pursuant to the Federal Rules of Civil Procedure 38, Defendant Pilgrim's Pride Corporation demands a trial by jury on all claims so triable.


Date: April 7, 2020

Respectfully submitted,

/s/ *Aaron L. Casagrande*
Aaron L. Casagrande (Bar # 28518)
WHITEFORD, TAYLOR & PRESTON
L.L.P.
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
Tel: (410) 347-8714
Fax: (410) 234-2326
acasagrande@wtplaw.com

Carrie C. Mahan (*pro hac vice*)
Christopher J. Abbott (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street N.W., Suite 600
Washington, D.C. 20036
Tel: 202-682-7000
Fax: 202-857-0940
carrie.mahan@weil.com
christopher.abbott@weil.com

Adam C. Hemlock (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: 212-310-8000
Fax: 212-310-8007
adam.hemlock@weil.com

*Attorneys for Defendants Pilgrim's Pride*
*Corporation, Pilgrim's Pride Corporation of*
*West Virginia, Inc., and JFC LLC (d/b/a GNP*
*Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 7th day of April 2021, Defendant Pilgrim's Pride Corporation's Answer And Defenses to Plaintiffs' Second Amended Class Action Complaint was served via the Court's CM/ECF system on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland.

*/s/ Aaron L. Casagrande*
Aaron L. Casagrande
