## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUDY JIEN, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>PERDUE FARMS, INC., *et al.*,<br><br>        Defendants. | Civil Action No.: 1:19-cv-2521-SAG |

## ANSWER OF KOCH FOODS, INC., TO PLAINTIFFS'
## SECOND AMENDED CONSOLIDATED COMPLAINT

Defendant, Koch Foods, Inc. ("Koch"), answers Plaintiffs' Second Amended Consolidated Complaint [Dkt. No. 386] as follows. Koch expressly denies each and every allegation set forth in Plaintiffs' Second Amended Consolidated Complaint, including any section titles or headings, unless specifically admitted below.

In response to Plaintiffs' opening, unnumbered paragraph, Koch admits that Plaintiffs purport to bring this action on behalf of themselves individually and on behalf of a class, but denies that the class satisfies Rule 23. Koch also denies that Plaintiffs and putative class members can state a claim under Section I of the Sherman Act and/or that they are entitled to any relief. The statement in footnote 1 requires no response. Koch denies any remaining allegations in this paragraph.

1

With respect to the numbered paragraphs in the Second Amended Consolidated Complaint, Koch responds as follows:

1.      Koch denies the allegations contained in Paragraph 1 of the Second Amended Consolidated Complaint with respect to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 of the Second Amended Consolidated Complaint and thus denies them.

2.      Koch admits that Plaintiffs have named poultry processors, Agri Stats, Inc., and Webber, Meng. Sahl and Company, Inc. d/b/a WMS and Company, Inc. as defendants in this suit.  Koch denies the remaining allegations in Paragraph 2 of the Second Amended Consolidated Complaint.

3.      Koch admits that the defendant poultry processors and/or their subsidiaries own and operate poultry processing plants in the continental United States where they process live chickens and/or turkeys, depending on the defendant processor, into poultry products sold to retailers and consumers. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 of the Second Amended Consolidated Complaint and thus denies them.

4.      Koch admits that it and/or certain of its subsidiaries have paid their employees hourly wages or annual salaries with benefits based on a number of considerations, including but not limited to the employee's position, location, duties, education, experience, skills, and other factors. Koch denies that all wages, salaries, and benefits were established and approved by senior executives at corporate headquarters. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4 of the Second Amended Consolidated Complaint with respect to other processors and thus denies them.

2

5.      Koch denies the allegations in Paragraph 5 of the Second Amended Consolidated Complaint with respect to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 of the Second Amended Consolidated Complaint with respect to other processors and thus denies them.

6.      Koch denies the allegations in Paragraph 6 of the Second Amended Consolidated Complaint with respect to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6 of the Second Amended Consolidated Complaint with respect to other processors and thus denies them.

7.      Koch admits that it and/or certain of its subsidiaries were customers of Agri Stats, Inc. who participated in Agri Stats's surveys and received monthly reports from Agri Stats for certain periods of time and that Koch and/or certain of its subsidiaries were customers of WMS who participated in surveys for certain periods of time. Koch denies the remaining allegations in Paragraph 7 of the Second Amended Consolidated Complaint with respect to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 of the Second Amended Consolidated Complaint with respect to other processors and thus denies them.

8.      Koch denies the allegations in Paragraph 8 of the Second Amended Consolidated Complaint with respect to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Second Amended Consolidated Complaint with respect to other processors and thus denies them.

9.      Koch denies the allegations in Paragraph 9 of the Second Amended Consolidated Complaint.

3

10.     Koch denies the allegations in Paragraph 10 of the Second Amended Consolidated Complaint with respect to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Second Amended Consolidated Complaint with respect to other processors and thus denies them.

11.     Koch denies that it entered into any agreement to fix or depress wages.   Koch admits that Plaintiffs have brought this suit on behalf of themselves, seek to bring this suit on behalf of a proposed class, and seek an injunction and monetary damages.  Plaintiffs' request for a jury requires no answer.  Koch denies any remaining allegations in Paragraph 11 of the Second Amended Consolidated Complaint with respect to Koch.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of the Second Amended Consolidated Complaint with respect to other processors and thus denies them.

12.     Koch admits this Court has subject matter jurisdiction, except to the extent Plaintiffs lack standing.

13.     Koch admits that this Court has personal jurisdiction over it, but denies the remaining allegations in Paragraph 13 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs with respect to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of the Second Amended Consolidated Complaint with respect to other processors and thus denies them.

14.     Koch admits that venue is proper, but denies the remaining allegations in Paragraph 14 of the Second Amended Complaint with respect to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in

Paragraph 14 of the Second Amended Consolidated Complaint with respect to other processors and thus denies them.

15.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Second Amended Consolidated Complaint and thus denies them.

16.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Second Amended Consolidated Complaint and thus denies them.

17.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Second Amended Consolidated Complaint and thus denies them.

18.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Second Amended Consolidated Complaint and thus denies them.

19.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Second Amended Consolidated Complaint and thus denies them.

20.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Second Amended Consolidated Complaint and thus denies them.

21.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

22.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Second Amended Consolidated Complaint and thus denies them.

23.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

24.     Paragraph 24 of the Second Amended Consolidated Complaint requires no response.

25.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Second Amended Consolidated Complaint and thus denies them.

26.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

27.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Second Amended Consolidated Complaint and thus denies them.

28.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Second Amended Consolidated Complaint and thus denies them.

29.     Paragraph 29 of the Second Amended Consolidated Complaint requires no response.

30.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Second Amended Consolidated Complaint and thus denies them.

31.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

32.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Second Amended Consolidated Complaint and thus denies them.

33.     Koch admits that Plaintiffs seek to limit their requested relief against Pilgrim's, but lacks knowledge or information about Pilgrim's alleged conduct or damages related to the alleged conduct and thus denies such allegations.  Koch denies the remaining allegations in paragraph 33 of the Second Amended Consolidated Complaint with respect to Koch and denies Plaintiffs and the putative class members are entitled to any relief.

34.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

35.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Second Amended Consolidated Complaint and thus denies them.

36.     Koch admits that it is a Delaware corporation with corporate offices in Park Ridge, Illinois and that it and/or certain of its subsidiaries and predecessors have paid wages or

7

salaries to employees during the alleged class period.  Koch denies the remaining allegations in Paragraph 36 of the Second Amended Complaint.

37.     Koch denies the allegations in Paragraph 37 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs.

38.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

39.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Second Amended Consolidated Complaint and thus denies them.

40.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Second Amended Consolidated Complaint and thus denies them.

41.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

42.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Second Amended Consolidated Complaint and thus denies them.

43.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

44.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Second Amended Consolidated Complaint and thus denies them.

45.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

46.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Second Amended Consolidated Complaint and thus denies them.

47.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

48.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Second Amended Consolidated Complaint and thus denies them.

49.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

50.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Second Amended Consolidated Complaint and thus denies them.

51.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

52.     Paragraph 52 of the Second Amended Consolidated Complaint requires no response.

53.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Second Amended Consolidated Complaint and thus denies them.

54.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

55.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Second Amended Consolidated Complaint and thus denies them.

56.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

57.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Second Amended Consolidated Complaint and thus denies them.

58.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Second Amended Consolidated Complaint, including the allegations set forth in the following bullet-pointed paragraphs, and thus denies them.

59.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Second Amended Consolidated Complaint and thus denies them.

60.     Koch denies that it participated in any conspiracy with Agri Stats, including any conspiracy to fix and depress compensation.   Koch admits that certain of its subsidiaries electronically provided Agri Stats various data related to their processing plants.   Koch denies the remaining allegations in Paragraph 60 of the Second Amended Consolidated Complaint as to Koch.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

61.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Second Amended Consolidated Complaint and thus denies them.

62.     Koch denies that it participated in any conspiracy with WMS, including any conspiracy to fix and depress compensation. Koch denies the remaining allegations in Paragraph 62 of the Second Amended Consolidated Complaint as to Koch.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

63.     Koch denies that it participated in any conspiracy, including any conspiracy to fix and depress compensation.   Koch denies the remaining allegations in Paragraph 63 of the Second Amended Consolidated Complaint as to Koch.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 63 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

64.     Koch denies the allegations in Paragraph 64 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

65.     Koch denies that it participated in any conspiracy, including any conspiracy to fix and depress compensation.  Koch denies any remaining allegations in paragraph 65 of the Second Amended Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

66.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Second Amended Consolidated Complaint and thus denies them.

67.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Second Amended Consolidated Complaint and thus denies them.

68.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Second Amended Consolidated Complaint and thus denies them.

69.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Second Amended Consolidated Complaint and thus denies them.

70.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Second Amended Consolidated Complaint and thus denies them.

71.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Second Amended Consolidated Complaint and thus denies them.

72.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Second Amended Consolidated Complaint and thus denies them.

73.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Second Amended Consolidated Complaint and thus denies them.

74.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Second Amended Consolidated Complaint and thus denies them.

75.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Second Amended Consolidated Complaint and thus denies them.

76.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Second Amended Consolidated Complaint and thus denies them.

77. Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Second Amended Consolidated Complaint and thus denies them.

78. Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Second Amended Consolidated Complaint and thus denies them.

79. Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Second Amended Consolidated Complaint and thus denies them.

80. Koch admits that JCG Foods of Alabama, LLC is a wholly owned subsidiary that operates a poultry processing plant in Alabama that employed and paid wages, salaries and/or benefits to employees in the United States. Koch denies the remaining allegations in Paragraph 80 of the Second Amended Consolidated Complaint.

81. Koch admits that JCG Foods of Georgia, LLC is a wholly owned subsidiary that operates a poultry processing plant in Georgia that employed and paid wages, salaries and/or benefits to employees in the United States. Koch denies the remaining allegations in Paragraph 81 of the Second Amended Consolidated Complaint.

82. Koch admits that JCG Industries, Inc. employed and paid wages, salaries and/or benefits to employees in the United States. Koch denies the remaining allegations in Paragraph 82 of the Second Amended Consolidated Complaint.

83. Koch admits that Koch Foods, LLC is a wholly owned subsidiary that operates two poultry processing plants in Tennessee that employed and paid wages, salaries and/or benefits to employees in the United States and that Joseph Grendys, President and CEO of Koch

is the manager. Koch denies the remaining allegations in Paragraph 83 of the Second Amended Consolidated Complaint.

84.     Koch admits that Koch Foods of Alabama, LLC is a wholly owned subsidiary with headquarters in Montgomery, Alabama that operates a poultry processing plant in Alabama that employed and paid wages, salaries and/or benefits to employees in the United States and that Joseph Grendys, President and CEO of Koch is the manager. Koch denies the remaining allegations in Paragraph 84 of the Second Amended Consolidated Complaint.

85.     Koch admits that Koch Foods of Ashland, LLC is a wholly owned subsidiary that operates a poultry processing plant in Alabama that employed and paid wages, salaries and/or benefits to employees in the United States.  Koch denies the remaining allegations in Paragraph 85 of the Second Amended Consolidated Complaint.

86.     Koch admits that Koch Foods of Gadsden, LLC is a wholly owned subsidiary that operates a poultry processing plant in Alabama that employed and paid wages, salaries and/or benefits to employees in the United States. Koch denies the remaining allegations in Paragraph 86 of the Second Amended Consolidated Complaint.

87.     Koch admits that Koch Foods of Cumming, LLC is a wholly owned subsidiary that operates a poultry processing plant in Georgia that employed and paid wages, salaries and/or benefits to employees in the United States and that Joseph Grendys, President and CEO of Koch is the manager. Koch denies the remaining allegations in Paragraph 87 of the Second Amended Consolidated Complaint.

88.     Koch admits that Koch Foods of Gainesville, LLC is a wholly owned subsidiary that operates a poultry processing plant in Georgia that employed and paid wages, salaries and/or benefits to employees in the United States and that Joseph Grendys, President and CEO of Koch

is the manager.. Koch denies the remaining allegations in Paragraph 88 of the Second Amended Consolidated Complaint.

89.     Koch admits that Koch Foods of Mississippi, LLC is a wholly owned subsidiary that operates poultry processing plants in Mississippi that employed and paid wages, salaries and/or benefits to employees in the United States and that Joseph Grendys, President and CEO of Koch, is the manager. Koch denies the remaining allegations in Paragraph 89 of the Second Amended Consolidated Complaint.

90.     Koch admits that Koch Foods of Cincinnati, LLC is a wholly owned subsidiary that operates a poultry processing plant in Ohio that employed and paid wages, salaries and/or benefits to employees in the United States. Koch denies the remaining allegations in Paragraph 90 of the Second Amended Consolidated Complaint.

91.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Second Amended Consolidated Complaint and thus denies them.

92.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Second Amended Consolidated Complaint and thus denies them.

93.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Second Amended Consolidated Complaint and thus denies them.

94.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Second Amended Consolidated Complaint and thus denies them.

95.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Second Amended Consolidated Complaint and thus denies them.

96.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Second Amended Consolidated Complaint and thus denies them.

97.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 of the Second Amended Consolidated Complaint and thus denies them.

98.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Second Amended Consolidated Complaint and thus denies them.

99.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Second Amended Consolidated Complaint and thus denies them.

100.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 of the Second Amended Consolidated Complaint and thus denies them.

101.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Second Amended Consolidated Complaint and thus denies them.

102.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 of the Second Amended Consolidated Complaint and thus denies them.

103.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 of the Second Amended Consolidated Complaint and thus denies them.

104.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 of the Second Amended Consolidated Complaint and thus denies them.

105.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Second Amended Consolidated Complaint and thus denies them.

106.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 of the Second Amended Consolidated Complaint and thus denies them.

107.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 of the Second Amended Consolidated Complaint and thus denies them.

108.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 of the Second Amended Consolidated Complaint and thus denies them.

109.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 of the Second Amended Consolidated Complaint and thus denies them.

110.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 of the Second Amended Consolidated Complaint and thus denies them.

111.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 of the Second Amended Consolidated Complaint and thus denies them.

112.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 of the Second Amended Consolidated Complaint and thus denies them.

113.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 of the Second Amended Consolidated Complaint and thus denies them.

114.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 of the Second Amended Consolidated Complaint and thus denies them.

115.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 of the Second Amended Consolidated Complaint and thus denies them.

116.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 of the Second Amended Consolidated Complaint and thus denies them.

117.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 of the Second Amended Consolidated Complaint and thus denies them.

118.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 of the Second Amended Consolidated Complaint and thus denies them.

119.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 of the Second Amended Consolidated Complaint and thus denies them.

120.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120 of the Second Amended Consolidated Complaint and thus denies them.

121.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121 of the Second Amended Consolidated Complaint and thus denies them.

122.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122 of the Second Amended Consolidated Complaint and thus denies them.

123.     Koch admits that the U.S. Poultry & Egg Association is a nonprofit trade association that supports poultry processors.  Koch lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations in Paragraph 123 of the Second Amended Consolidated Complaint and thus denies them.

124.    Koch admits that the National Chicken Counsel is a nonprofit trade association that supports chicken processors. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 124 of the Second Amended Consolidated Complaint and thus denies them.

125.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125 of the Second Amended Consolidated Complaint and thus denies them.

126.    Koch denies that it has participated in any conspiracy, including any conspiracy to fix and depress compensation. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 126 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

127.    Koch denies the allegations in Paragraph 127 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 127 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

128.    Koch denies the allegations in Paragraph 128 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 128 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

129.    Koch admits that it or certain of its subsidiaries paid employees wages or salaries by mailing or transmitting funds across state lines, but denies the remaining allegations in

Paragraph 129 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 129 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

130.   Koch admits that it or certain of its subsidiaries employed workers to process poultry for sale in interstate and foreign commerce, but denies the remaining allegations in Paragraph 130 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 130 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

131.   Koch admits that Agri Stats and WMS have provided comparative data services to it or certain of its subsidiaries, but denies the remaining allegations in Paragraph 131 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 131 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

132.   Koch admits that its business involves interstate commerce, but denies the remaining allegations in Paragraph 132 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 132 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

133.   Koch admits the allegations in Paragraph 133 of the Second Amended Consolidated Complaint.

134.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134 of the Second Amended Consolidated Complaint and thus denies them.

135.    Koch admits the allegations in the first sentence of Paragraph 135 of the Second Amended Consolidated Complaint. Koch denies the allegations in the second sentence of Paragraph 135 of the Second Amended Consolidated Complaint.

136.    Koch admits that the Defendant Processors collectively process the majority of poultry processed in the United States. Koch lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 136 of the Second Amended Consolidated Complaint and thus denies them.

137.    Koch admits that certain of its subsidiaries include vertically integrated poultry processors that control various aspects of their poultry production. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 137 of the Second Amended Consolidated Complaint and thus denies them.

138.    Koch admits that it slaughters and processes mature chickens for human consumption in its processing plants, which include slaughter facilities and further processing facilities. Koch also admits that Plaintiffs purport to represent the described class, but denies that the class satisfies Rule 23. Koch denies the remaining allegations in Paragraph 138 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 138 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

139.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139 of the Second Amended Consolidated Complaint and thus denies them.

140.    Koch admits that chicken processing plants owned by certain of its subsidiaries are located within relatively close proximity to the farms on which their chickens are grown and that some of their processing facilities are located in rural areas. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 140 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

141.    Koch admits that employees of its subsidiaries can switch and have switched employment to other employers, including but not limited to poultry processors, when offered higher wages, higher salaries, and/or benefits. Koch denies the remaining allegations in Paragraph 141 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 141 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

142.    Koch denies that the location of all of its subsidiaries' chicken processing plants are accurately reflected on the inserted map referenced in Paragraph 142 of the Second Amended Consolidated Complaint. The statement in footnote 2 requires no response. Koch lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 142 of the Second Amended Consolidated Complaint and thus denies them.

143.    Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 143 of the Second Amended Consolidated Complaint and thus denies them.

144.    Koch denies the allegations in Paragraph 144 of the Second Amended Consolidated Complaint.

145.    Koch admits that certain of its subsidiaries employ workers in positions commonly referred to as "live hangers" who hang live chickens on processing lines, evisceration employees who assist with the evisceration of slaughtered chickens, debone employees who remove bones from slaughtered chickens, and/or supervisors who supervise others.  Koch denies the remaining allegations in Paragraph 145 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 145 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

146.    Koch admits that certain of its subsidiaries have paid their employees either hourly wages or salaries, depending on the employee's position. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 146 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

147.    Koch admits that certain of its subsidiaries have paid production line workers and maintenance workers hourly wages.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 147 of the Second Amended Consolidated Complaint and thus denies them.

148.    Koch admits that its subsidiaries have paid salaries to employees in supervisory roles. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 148 of the Second Amended Consolidated Complaint and thus denies them.

149.    Koch admits that certain of its subsidiaries own poultry processing plants that have employed both hourly and salaried employees who have received employment benefits that have included insurance benefits, paid time off, and retirement benefits, each of which have value.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 149 of the Second Amended Consolidated Complaint and thus denies them.

150.    Koch admits that some employers have referred to total compensation paid to employees as the "fully loaded wage."  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 150 of the Second Amended Consolidated Complaint and thus denies them.

151.    Koch admits that certain of its subsidiaries own chicken processing plants and pay different hourly wages for different positions and that some debone employees earn more per hour than some other positions.  Koch also admits that deboning a chicken efficiently requires training and skill and that the amount of meat obtained is one of many factors that determines earnings from selling deboned chicken products.  Koch denies the remaining allegations in Paragraph 151 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 151 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

152.     Koch admits that certain of its subsidiaries own chicken processing plants and pay higher salaries for some positions than for other positions and that they typically pay shift managers more than line supervisors.  Koch denies the remaining allegations in Paragraph 152 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 152 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

153.     Koch admits that salaries and wages paid to processing plant workers comprise a significant component of the operating budgets of its subsidiaries that own processing plants. Koch denies the remaining allegations in Paragraph 153 of the Second Amended Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 153 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

154.     Koch denies the allegations in Paragraph 154 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 154 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

155.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155 of the Second Amended Consolidated Complaint and thus denies them.

156.     Koch denies the allegations in Paragraph 156 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 156 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

157.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157 of the Second Amended Consolidated Complaint and thus denies them.

158.     Koch denies the allegations in Paragraph 158 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 158 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

159.     Koch denies the allegations in Paragraph 159 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 159 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

160.     Koch denies the allegations in the first sentence of Paragraph 160 of the Second Amended Consolidated Complaint as to Koch, but Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in that sentence as to other processors and thus denies them.  With respect to the second sentence of Paragraph 160, written reports speak for themselves and require no response.  To the extent a response is required, Koch denies the allegations in the second sentence of Paragraph 160 of the Second Amended Consolidated Complaint. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 160 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

161.     Koch denies the allegations in the first sentence of Paragraph 161 of the Second Amended Consolidated Complaint. With respect to the remaining allegations in Paragraph 161, written reports speak for themselves and require no response.  To the extent a response is

required, Koch denies the remaining allegations in Paragraph 161 of the Second Amended Consolidated Complaint.

162.    Written reports speak for themselves and require no response.  To the extent a response is required, Koch denies the allegations in Paragraph 162 of the Second Amended Consolidated Complaint.

163.    Koch admits that certain workers in the processing plants operated by certain of its subsidiaries speak limited English or lack an amount of education..  Koch denies the remaining allegations in Paragraph 163 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 163 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

164.    Written materials speak for themselves and require no response.  To the extent a response is required, Koch denies the allegations in Paragraph 164 of the Second Amended Consolidated Complaint.

165.    Written reports speak for themselves and require no response.  To the extent a response is required, Koch denies the allegations in the second sentence of Paragraph 165 of the Second Amended Consolidated Complaint. Koch admits that its subsidiaries are equal opportunity employers and that they employ workers from diverse backgrounds in their processing plants.  Koch denies the remaining allegations in Paragraph 165 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 165 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

166.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 166 of the Second Amended Consolidated Complaint and thus denies them.

167.     Written materials speak for themselves and require no response.  To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167 of the Second Amended Consolidated Complaint and thus denies them.

168.     Koch denies the allegations in Paragraph 168 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 168 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

169.     Koch denies the allegations in Paragraph 169 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 169 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

170.     Koch denies the allegations in Paragraph 170 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 170 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

171.     Koch denies the allegations in Paragraph 171 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 171 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

172.    Koch denies the allegations in Paragraph 172 of the Second Amended Consolidated Complaint as to Koch, including the allegations in subparts a. through c.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 172 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

173.    Koch denies the allegations in Paragraph 173 of the Second Amended Consolidated Complaint as to Koch.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 173 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

174.    Koch denies that senior executives of its subsidiaries attended in-person meetings at the Hilton Sandestin Resort & Spa each year of the proposed class period.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 174 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

175.    Koch denies the allegations in Paragraph 175 of the Second Amended Consolidated Complaint.

176.    Koch denies the allegations in Paragraph 176 of the Second Amended Consolidated Complaint as to Koch.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 176 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

177.    Koch denies the allegations in Paragraph 177 of the Second Amended Consolidated Complaint as to Koch.   Koch lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations in Paragraph 177 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

178.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 178 of the Second Amended Consolidated Complaint and thus denies them.

179.    Koch admits that WMS has conducted compensation surveys in which Koch and/or certain of its subsidiaries have participated in some years.  Koch further states that written materials speak for themselves and require no response.  To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 179 of the Second Amended Consolidated Complaint and thus denies them.

180.    Koch admits that WMS has conducted compensation surveys in which it and/or certain of its subsidiaries have participated in some years. Koch denies the remaining allegations in Paragraph 180 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 180 of the Second Amended Consolidated Complaint and thus denies them.

181.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 181 of the Second Amended Consolidated Complaint and thus denies them.

182.    Koch admits that WMS has conducted compensation surveys on which it has made presentations and that Koch and/or certain of its subsidiaries were customers of WMS who participated in surveys for certain periods of time.  Written materials speak for themselves and require no response.  To the extent a response is required, Koch lacks knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 182 of the Second Amended Consolidated Complaint and thus denies them.

183.    Koch admits that WMS has conducted compensation surveys in which it and/or certain of its subsidiaries have participated in some years.   Written materials speak for themselves and require no response.  To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 183 of the Second Amended Consolidated Complaint and thus denies them.

184.    Written materials speak for themselves and require no response.  To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 184 of the Second Amended Consolidated Complaint and thus denies them.

185.    Written materials speak for themselves and require no response.  To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 185 of the Second Amended Consolidated Complaint and thus denies them.

186.    Koch denies the allegations in the first sentence of Paragraph 186 of the Second Amended Consolidated Complaint. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 186 of the Second Amended Consolidated Complaint and thus denies them.

187.    Koch denies the allegations in the first sentence of Paragraph 187 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 187 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

188.    Koch denies the allegations Paragraph 188 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 188 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

189.    Koch denies the allegations in Paragraph 189 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 189 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

190.    Koch denies the allegations in Paragraph 190 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 190 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

191.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 191 of the Second Amended Consolidated Complaint and thus denies them.

192.    Koch denies the allegations in Paragraph 192 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 192 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

193.    Koch denies the allegations in Paragraph 193 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 193 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

194.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 194 of the Second Amended Consolidated Complaint and thus denies them.

195.     Koch denies the allegations in Paragraph 195 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 195 of the Second Amended Consolidated Complaint as to Agri Stats and other processors and thus denies them.

196.     Koch denies the allegations in Paragraph 196 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 196 of the Second Amended Consolidated Complaint as to Agri Stats and other processors and thus denies them.

197.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 197 of the Second Amended Consolidated Complaint and thus denies them.

198.     Written materials speak for themselves and require no response.  To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 198 of the Second Amended Consolidated Complaint and thus denies them.

199.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 199 of the Second Amended Consolidated Complaint and thus denies them.

200.     Koch admits that certain of its subsidiaries electronically provided Agri Stats various data related to their processing plants during the proposed class period and that it and/or

certain subsidiaries were customers of Agri Stats, Inc. who received reports from Agri Stats for certain periods of time.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 200 of the Second Amended Consolidated Complaint as to Agri Stats and other processors and thus denies them.

201.   Koch admits that certain of its subsidiaries electronically provided Agri Stats various data related to their processing plants during the proposed class period and that it and/or certain subsidiaries were customers of Agri Stats, Inc. who received reports from Agri Stats for certain periods of time.  Koch denies the allegations in the second sentence of Paragraph 201 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 201 of the Second Amended Consolidated Complaint and thus denies them.

202.   Koch admits that certain of its subsidiaries electronically provided Agri Stats various data related to their processing plants during the proposed class period and that it and/or certain subsidiaries were customers of Agri Stats, Inc. who received reports from Agri Stats for certain periods of time.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 202 of the Second Amended Consolidated Complaint as to Agri Stats and other processors and thus denies them.

203.   Koch admits that certain of its subsidiaries electronically provided Agri Stats various data related to their processing plants  during the proposed class period and that it and/or certain subsidiaries were customers of Agri Stats, Inc. who received reports from Agri Stats for certain periods of time.  Koch denies the remaining allegations in Paragraph 203 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient

to form a belief about the truth of the remaining allegations in Paragraph 203 of the Second Amended Consolidated Complaint as to Agri Stats and other processors and thus denies them.

204.    Koch denies the allegations in Paragraph 204 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 204 of the Second Amended Consolidated Complaint as to Agri Stats and other processors and thus denies them.

205.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 205 of the Second Amended Consolidated Complaint and thus denies them.

206.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 206 of the Second Amended Consolidated Complaint and thus denies them.

207.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 207 of the Second Amended Consolidated Complaint and thus denies them.

208.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 208 of the Second Amended Consolidated Complaint and thus denies them.  Koch denies the allegations in the second sentence of Paragraph 208 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 208 of the Second Amended Consolidated Complaint as to Agri Stats and other processors and thus denies them.

209.    Koch admits that Agri Stats employees have met with management employees of Koch's subsidiaries and that Agri Stats has hosted Broiler Outlook Conferences.  Koch denies the remaining allegations in Paragraph 209 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 209 of the Second Amended Consolidated Complaint as to Agri Stats and other processors and thus denies them.

210.    Koch denies the allegations in the first and second sentences of Paragraph 210 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 210 of the Second Amended Consolidated Complaint as to the former employee, Agri Stats and other processors and thus denies them.

211.    Koch admits that certain of its subsidiaries received reports from Agri Stats at certain times during the proposed class period.  Koch denies the remaining allegations in the first, second, and third sentences of Paragraph 211 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 211 of the Second Amended Consolidated Complaint as to the former employee, Agri Stats and other processors and thus denies them.

212.    Koch denies the allegations in the first sentence of Paragraph 212 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 212 of the Second Amended Consolidated Complaint as to the former employees, Agri Stats and other processors and thus denies them.

213.     Koch denies the allegations in the first sentence of Paragraph 213 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 213 of the Second Amended Consolidated Complaint as to the former employee and other processors and thus denies them.

214.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 214 of the Second Amended Consolidated Complaint and thus denies them.

215.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 215 of the Second Amended Consolidated Complaint and thus denies them.

216.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 216 of the Second Amended Consolidated Complaint and thus denies them.

217.     Koch denies the allegations in the first sentence of Paragraph 217 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 217 of the Second Amended Consolidated Complaint and thus denies them.

218.     Koch admits that Agri Stats employees have visited certain of its subsidiaries and that certain of its subsidiaries electronically provided various data related to their processing plants to Agri Stats. Koch denies the remining allegations in Paragraph 218 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient

to form a belief about the truth of the remaining allegations in Paragraph 218 of the Second Amended Consolidated Complaint as to Agri Stats and other processors and thus denies them.

219.    Koch denies the allegations in Paragraph 219 of the Second Amended Consolidated Complaint.

220.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 221 of the Second Amended Consolidated Complaint and thus denies them.

221.    Koch denies the allegations in the first and last sentences of Paragraph 221 of the Second Amended Consolidated Complaint.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 221 of the Second Amended Consolidated Complaint and thus denies them.

222.    Koch denies the allegations in Paragraph 222 of the Second Amended Consolidated Complaint.

223.    Written materials speak for themselves and require no response.  To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 223 of the Second Amended Consolidated Complaint and thus denies them.

224.    Koch admits that certain of its subsidiaries paid Agri Stats for the reports Agri Stats provided to them. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 224 of the Second Amended Consolidated Complaint and thus denies them.

225.    Koch denies the allegations in Paragraph 225 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations in Paragraph 225 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

226.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 226 of the Second Amended Consolidated Complaint and thus denies them.

227.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 227 of the Second Amended Consolidated Complaint and thus denies them.

228.    Koch denies the allegations in Paragraph 228 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 228 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

229.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 229 of the Second Amended Consolidated Complaint and thus denies them.

230.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 230 of the Second Amended Consolidated Complaint and thus denies them.

231.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 231 of the Second Amended Consolidated Complaint and thus denies them.

232.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 232 of the Second Amended Consolidated Complaint and thus denies them.

233.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 233 of the Second Amended Consolidated Complaint and thus denies them.

234.    Koch denies that it or its subsidiaries arranged and conducted tours of either their facilities or those of its competitors as a means to exchange compensation information. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 234 of the Second Amended Consolidated Complaint and thus denies them.

235.    Koch denies the allegations in Paragraph 235 of the Second Amended Consolidated Complaint.

236.    Koch admits that the poultry industry includes vertically integrated companies and that certain of its subsidiaries own feed mills, hatcheries, or processing plants.  Koch denies the remaining allegations in Paragraph 236 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 236 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

237.    Koch admits that certain requirements must be satisfied to entering the poultry processing industry.  Koch denies the remaining allegations in Paragraph 237 of the Second Amended Consolidated Complaint.

238.    Written materials speak for themselves and require no response.  To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 238 of the Second Amended Consolidated Complaint and thus denies them.

239.    Koch denies the allegations in Paragraph 239 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 239 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

240.    Koch denies the allegations in Paragraph 240 of the Second Amended Consolidated Complaint.

241.    Koch admits that the DOJ has announced investigations and indictments of certain participants in the poultry industry.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 241 of the Second Amended Consolidated Complaint and thus denies them.

242.    Koch denies the allegations in the first sentence of Paragraph 242 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 242 of the Second Amended Consolidated Complaint and thus denies them.

243.    Koch admits that certain management employees of its subsidiaries have attended certain industry meetings during the proposed class period and that it is a member of the National Chicken Council.  Koch is without sufficient information or knowledge to admit or Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 243 of the Second Amended Consolidated Complaint and thus denies them.

244.     Koch denies the allegations in the first two sentences of Paragraph 244 of the Second Amended Consolidate Complaint as to Koch.   It also denies that it engaged in any conspiracy.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 244 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

245.     Koch admits that certain of its subsidiaries electronically provided Agri Stats various data related to their processing plants during the proposed class period and that it and/or certain of its subsidiaries were customers of Agri Stats, Inc. who received reports from Agri Stats for certain periods of time.   Koch denies the remaining allegations in the first sentence of Paragraph 245 of the Second Amended Consolidate Complaint as to Koch.   It also denies that it engaged in any conspiracy.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 245 of the Second Amended Consolidated Complaint and thus denies them.

246.     Koch denies the allegations in the first sentence of Paragraph 246 of the Second Amended Consolidate Complaint as to Koch. It also denies that it engaged in any conspiracy. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 246 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

247.     Koch denies that it engaged in any conspiracy and denies the allegations in Paragraph 247 of the Second Amended Consolidated Complaint with respect to Koch.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 247 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

248.     Koch admits that certain of its subsidiaries paid for reports provided by WMS and Agri Stats, but denies that it engaged in any conspiracy and denies the remaining allegations in Paragraph 248 of the Second Amended Consolidated Complaint as to Koch.   Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 248 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

249.     Koch denies the allegations in Paragraph 249 of the Second Amended Consolidated Complaint.

250.     Koch denies it participated in any conspiracy and denies the allegations in Paragraph 250 of the Second Amended Consolidated Complaint.

251.     Koch admits that certain workers in the processing plants owned by some of its subsidiaries speak limited English or lack an amount of education. Koch denies the remaining allegations in Paragraph 251 of the Second Amended Consolidated Complaint.

252.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 252 of the Second Amended Consolidated Complaint and thus denies them.   Koch denies the remaining allegations in Paragraph 252 of the Second Amended Consolidated Complaint.

253.     Koch denies the allegations in the first, third, fourth, and sixth sentences of Paragraph 253 of the Second Amended Consolidated Complaint. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 253 of the Second Amended Consolidated Complaint and thus denies them.

254.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 254 of the Second Amended Consolidated Complaint and thus denies them.

255.    Koch admits that poultry processing workers may learn new skills of value on the job.  Koch denies the remaining allegations in the first two sentences and the fourth of Paragraph 255 of the Second Amended Consolidated Complaint.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 255 of the Second Amended Consolidated Complaint and thus denies them.

256.    Koch denies the allegations in the first sentence of Paragraph 256 of the Second Amended Consolidated Complaint. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 254 of the Second Amended Consolidated Complaint and thus denies them.

257.    Koch denies the allegations in Paragraph 257 of the Second Amended Consolidated Complaint.

258.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in Paragraph 258 of the Second Amended Consolidated Complaint and thus denies them. Koch denies the remaining allegations in Paragraph 258 of the Second Amended Consolidated Complaint.

259.    Written materials speak for themselves and require no response. To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 259 of the Second Amended Consolidated Complaint with and thus denies them.

260.    Koch denies the allegations in Paragraph 260 of the Second Amended Consolidated Complaint.

261.    Koch denies the allegations in Paragraph 261 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 261 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

262.    Koch denies the allegations in Paragraph 262 of the Second Amended Consolidated Complaint.

263.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 263 of the Second Amended Consolidated Complaint and thus denies them.

264.    Koch denies that it has engaged in anti-competitive conduct and denies the allegations in Paragraph 264 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 264 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

265.    Koch denies that it has engaged in anti-competitive conduct and denies the allegations in Paragraph 265 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 265 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

266.    Koch denies that it has engaged in any conspiracy and denies the allegations in Paragraph 266 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 266 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

267.    Koch denies that Plaintiffs have suffered injury or damages due to any antitrust violations by Koch or that Koch engaged in any conspiracy.   Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 267 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

268.    Koch denies that Plaintiffs have suffered injury due to any antitrust violations by Koch and thus denies the allegations in Paragraph 268 of the Second Amended Consolidated Complaint.

269.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 269 of the Second Amended Consolidated Complaint and thus denies them.

270.    Koch denies the allegations in Paragraph 270 of the Second Amended Consolidated Complaint as to Koch.   Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 270 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

271.    Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 271 of the Second Amended Consolidated Complaint and thus denies them.

272.    Koch denies the allegations in Paragraph 272 of the Second Amended Consolidated Complaint as to Koch.   Koch lacks knowledge or information sufficient to form a

belief about the truth of the allegations in Paragraph 272 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

273.     Koch denies it participated in any conspiracy and denies the allegations in Paragraph 273 of the Second Amended Consolidated Complaint as to Koch.   Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 273 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

274.     Koch denies the allegations in the first sentence of Paragraph 274 of the Second Amended Consolidated Complaint. Koch denies the allegations in the second and third sentences of Paragraph 274 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 274 of the Second Amended Consolidated Complaint and thus denies them.

275.     Koch denies that it engaged in any conspiracy and denies the allegations in Paragraph 275 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 275 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

276.     Koch denies it entered into any anti-competitive agreement and denies the allegations in Paragraph 276 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 276 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

277.     Koch denies it participated in any conspiracy and denies the allegations in the first and second sentences of Paragraph 277 of the Second Amended Consolidated Complaint.  Koch denies that it engaged in any conspiracy and denies the allegations in the third sentence of Paragraph 277 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 277 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

278.     Koch denies that it engaged in any conspiracy and denies the allegations in Paragraph 278 of the Second Amended Consolidated Complaint.

279.     Koch denies that it engaged in any conspiracy and denies the allegations in Paragraph 279 of the Second Amended Consolidated Complaint.

280.     Koch denies that it engaged in any conspiracy and denies the allegations in Paragraph 280 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 280 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

281.     Koch denies that it engaged in any conspiracy and denies the allegations in Paragraph 281 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 281 of the Second Amended Consolidated Complaint as to other processors and thus denies them.

282.     Koch denies that it engaged in any conspiracy and denies the allegations in the first and last sentences of Paragraph 282 of the Second Amended Consolidated Complaint as to

Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 282 of the Second Amended Consolidated Complaint and thus denies them.

283.    Koch admits that its subsidiaries paid competitive compensation to processing plant workers. Koch denies the remaining allegations in the first and last sentences of Paragraph 283 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 283 of the Second Amended Consolidated Complaint and thus denies them.

284.    Koch denies that it engaged in any conspiracy and denies the allegations in Paragraph 284 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 284 of the Second Amended Consolidated Complaint and thus denies them.

285.    Koch denies it participated in any conspiracy and denies the allegations in Paragraph 285 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 285 of the Second Amended Consolidated Complaint and thus denies them.

286.    Koch denies the allegations in the first sentence of Paragraph 286 of the Second Amended Consolidated Complaint as to Koch. Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 286, including all of the alleged quoted language in that sentence, of the Second Amended Consolidated Complaint and thus denies them.  The remaining allegations reference written materials, which speak for themselves and require no response. To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in Paragraph 286 of the Second Amended Consolidated Complaint and thus denies them.

287.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of Paragraph 287 of the Second Amended Consolidated Complaint and thus denies them. The remaining allegations reference written materials, which speak for themselves and require no response. To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 287 of the Second Amended Consolidated Complaint and thus denies them.

288.     Koch denies the allegations in the first, second, and last sentences of Paragraph 288 of the Second Amended Consolidated Complaint. Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 288 of the Second Amended Consolidated Complaint and thus denies them.

289.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and third sentences of Paragraph 289 of the Second Amended Consolidated Complaint and thus denies them. The remaining allegations reference written materials, which speak for themselves and require no response. To the extent a response is required, Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 289 of the Second Amended Consolidated Complaint and thus denies them.

290.     Koch denies that it received disaggregated compensation data from Agri Stats or that it was possible to "reverse engineer" the historical, anonymized data it received, and Koch admits that it did not disclose disaggregated compensation data during collective bargaining with

unions. Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 290 of the Second Amended Consolidated Complaint and thus denies them.

291.    Koch denies that it participated in any conspiracy.   Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 291 of the Second Amended Consolidated Complaint and thus denies them.

292.    Koch denies that it participated in any conspiracy or that it unlawfully gathered or concealed information as alleged in Paragraph 292 of the Second Amended Consolidated Complaint. Koch also denies the allegations in the  last sentence of Paragraph 292 of the Second Amended Consolidated Complaint as to Koch.  Koch lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 292 of the Second Amended Consolidated Complaint and thus denies them.

293.    Koch denies the allegations in Paragraph 293 of the Second Amended Consolidated Complaint.

294.    Koch admits that Plaintiffs purport to bring this suit on behalf of themselves and the described proposed class, but deny that the proposed class satisfies Rule 23.

295.    Koch admits that Plaintiffs purport to bring this suit on behalf of themselves and the described proposed class, but deny that the proposed class satisfies Rule 23.

296.    Koch denies the allegations in Paragraph 296 of the Second Amended Consolidated Complaint.

297.    The allegations in Paragraph 297 of the Second Amended Consolidated Complaint do not require a response. To the extent a response is required, Koch denies the allegations in Paragraph 297 of the Second Amended Consolidated Complaint.

298.     Koch denies the allegations in Paragraph 298 of the Second Amended Consolidated Complaint.

299.     Koch denies the allegations in Paragraph 299 of the Second Amended Consolidated Complaint.

300.     Koch denies the allegations in Paragraph 300 of the Second Amended Consolidated Complaint.

301.     Koch denies the allegations in Paragraph 301 of the Second Amended Consolidated Complaint.

302.     Koch denies the allegations in Paragraph 302 of the Second Amended Consolidated Complaint.

303.     Koch denies the allegations in Paragraph 303 of the Second Amended Consolidated Complaint.

304.     Koch denies the allegations in Paragraph 304 of the Second Amended Consolidated Complaint, including subparts a through i.

305.     Koch lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 305 of the Second Amended Consolidated Complaint and thus denies them.

306.     Koch denies the allegations in Paragraph 306 of the Second Amended Consolidated Complaint.

307.     Koch denies the allegations in Paragraph 307 of the Second Amended Consolidated Complaint.

308.     Koch incorporate its responses to Paragraphs 1 through 307 of the Complaint.

309.     Koch denies the allegations in Paragraph 309 of the Second Amended Consolidated Complaint.

310.     Koch denies the allegations in Paragraph 310, including subparts a through c, of the Second Amended Consolidated Complaint.

311.     Koch denies the allegations in Paragraph 311 of the Second Amended Consolidated Complaint.

312.     Koch denies the allegations in Paragraph 312, including subparts a and b, of Second Amended Consolidated Complaint.

313.     Koch denies the allegations in Paragraph 313 of the Second Amended Consolidated Complaint.

314.     Koch incorporate its responses to Paragraphs 1 through 313 of the Complaint.

315.     Koch denies the allegations in Paragraph 315 of the Second Amended Consolidated Complaint.

316.     Koch denies the allegations in Paragraph 316 of the Second Amended Consolidated Complaint.

317.     Koch denies the allegations in Paragraph 317 of the Second Amended Consolidated Complaint.

318.     Koch denies the allegations in Paragraph 318 of the Second Amended Consolidated Complaint.

319.     Koch denies the allegations in Paragraph 319 of the Second Amended Consolidated Complaint.

320.     Koch denies the allegations in Paragraph 320 of the Second Amended Consolidated Complaint.

321.    Koch denies the allegations in Paragraph 321, including subparts a through c, of the Second Amended Consolidated Complaint.

322.    Koch denies the allegations in Paragraph 322 of the Second Amended Consolidated Complaint.

323.    Koch denies the allegations in Paragraph 323 of the Second Amended Consolidated Complaint.

324.    Written guidance provided by the Department of Justice and/or the Federal Trade Commission speaks for itself. Koch denies the remaining allegations in Paragraph 324 of the Second Amended Consolidated Complaint.

325.    Koch denies the allegations in Paragraph 325 of the Second Amended Consolidated Complaint.

326.    Koch denies the allegations in Paragraph 326 of the Second Amended Consolidated Complaint.

327.    Koch denies the allegations in Paragraph 327 of the Second Amended Consolidated Complaint.

328.    Koch denies the allegations in Paragraph 328 of the Second Amended Consolidated Complaint.

329.    Koch denies the allegations in Paragraph 329 of the Second Amended Consolidated Complaint.

330.    Koch denies the allegations in Paragraph 330 of the Second Amended Consolidated Complaint.

331.    Koch denies the allegations in Paragraph 331 of the Second Amended Consolidated Complaint.

332.    Koch denies the allegations in Paragraph 332 of the Second Amended Consolidated Complaint.

333.    Koch denies the allegations in Paragraph 333 of the Second Amended Consolidated Complaint.

### PLAINTIFFS' PRAYER FOR RELIEF

Koch denies the allegations in the "Wherefore" Paragraph of the Second Amended Consolidated Complaint and denies that Plaintiffs are entitled to any relief whatsoever.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Koch demands a trial by jury of all claims and defenses upon which it is entitled to a jury trial by a court of competent jurisdiction.

### AFFIRMATIVE DEFENSES

Koch asserts the following separate and additional defenses.  In asserting these defenses, Koch does not assume any burden it would otherwise not bear and reserves its rights to assert additional defenses pursuant to Federal Rule of Civil Procedure 8 and to use additionally discovered evidence in support of its defenses.

### FIRST DEFENSE

1.    The Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the applicable statute of limitations.

2.    Claims under the Sherman Act are subject to a four-year statute of limitations.  15 U.S.C. §15b.

3.    Plaintiffs filed their original Complaint on August 20, 2019. [Dkt. 1]  Plaintiffs seek to recover damages for alleged Sherman Act violations committed during the Class Period,

which Plaintiffs define as January 1, 2009 to the present.  Compl., first unnumbered paragraph, ¶¶ 5, 10, 169, 294, 309, 315.

4.     Information on which Plaintiffs' claims are based was publicly available more than four years prior to the filing of their original Complaint.  For example, Plaintiffs allege that "[m]ultiple events took place in the poultry industry in 2008 and 2009 that facilitated the formation and implementation of the conspiracy."  Compl., ¶ 170.  Those events, including Pilgrim's bankruptcy and subsequent purchase by JBS S.A., as well as the formation of the Joint Poultry Industry Human Resources Council, were known to the public.

5.     By the Plaintiffs' own admission, the existence and purpose of Agri Stats and the processors' involvement with Agri Stats, were discussed "[d]uring an October 2009 earnings call for Defendant Sanderson Farms."  Compl., ¶ 201.  Plaintiffs further allege that, during that call, the former president of Agri Stats, Blair Snyder, said, "All right, who is at Agri Stats? As we talked about, it's a parent company for subsidiary companies that support the industry. The whole goal is to support the industry. We do have 97% of the broiler industry participating, about 95% of the turkey industry. . . .The fact that we've got high 90 percentage of both broilers and turkeys, this pretty much represents about anybody that's out there in the broiler industry. . . . [For t]urkey participants, pretty much it's a list of who's who in the turkey business."  *Id.*

6.     Plaintiffs also allege that Snyder publicly commented on the secretive nature of Agri Stats in 2009:  "There's not a whole lot of people that know a lot about us obviously due to confidentiality that we try to protect. We don't advertise. We don't talk about what we do." Indeed, when *Businessweek* sought to interview the President of Agri Stats for an article published in February 2017, he responded by email, "We view our operations and strategy as confidential and proprietary information and not appropriate to discuss in a public forum."

7.     This Court has already held, "Plaintiffs' own allegations suggest that as early as 2009, unions representing putative class members knew that certain Defendant Processors 'insist[ed] during negotiations that wages would have to be within the parameters contained in Agri Stats.'" *Jien v. Perdue Farms, Inc*., No. 19-CV-2521 (SAG), 2020 WL 5544183, at *14 (D. Md. Sept. 16, 2020).

8.     Koch's participation in trade association and meetings was public more than four years before Plaintiffs' original Complaint.

9.     Plaintiffs and/or putative class members who changed employment or sought to change employment by applying for open positions between poultry processors during the alleged Class Period had knowledge of compensation and benefits being paid or offered by more than one poultry processor.

10.     Many of the Plaintiffs and putative class members are covered by collective bargaining agreements entered between Koch and the various unions representing Koch's employees.  Those unions also bargain on behalf of employees of other poultry processors.  As such, the unions and their members were privy to the compensation and benefits being paid by multiple poultry processors throughout the alleged Class Period.

11.     By providing these examples, Koch does not waive its right to develop and rely upon additional evidence in support of this defense.

12.     Koch does not concede that it participated in any conspiracy, but Plaintiffs and putative class members failed to exercise reasonable diligence to discover their claims as they made no effort to investigate Koch's involvement with Agri Stats, its participation with industry organizations, or any concerns regarding the alleged similarity of compensation and benefits amongst poultry processors within the limitations period.

13.     Plaintiffs and/or putative class members were on notice of the facts underlying their claims within the limitations period or could have discovered them through the exercise of reasonable diligence.

14.     Plaintiffs' allegation of fraudulent concealment does not save their claims. Plaintiffs have not alleged any active concealment of the alleged conspiracy by Koch, nor can they.  Alleged attendance at a single industry meeting is not evidence of active concealment.

15.     Plaintiffs' and/or the putative class members' claims are time-barred.

**SECOND DEFENSE**

16.     Some or all of Plaintiffs' claims and the claims of any putative class members are subject to arbitration.

17.     Koch's collective bargaining agreements during the time period at issue have contained valid and enforceable arbitration provisions, requiring arbitration of grievances against Koch, including with respect to compensation.

18.     To the extent individual Plaintiffs or putative class members are covered by collective bargaining agreements containing arbitration provisions, their claims are subject to arbitration as set forth in any applicable collective bargaining agreement.

**THIRD DEFENSE**

19.     Because a parent company is incapable of conspiring with its wholly owned subsidiary for purposes of Section 1 of the Sherman Act, Plaintiffs' claims and the claims of any putative class members are barred by the "*Copperweld* Doctrine" or single entity defense. *Copperweld Corp. v. Independence Tube Corp.*, 4467 U.S. 752, 771 (1984).

20.     Plaintiffs have alleged Section 1 Sherman Act claims against Koch Foods, Inc. and have identified several of its wholly-owned subsidiaries as alleged agents and/or co-

conspirators.  Compl., ¶¶ 36, 80-90.  Plaintiffs' Section 1 claim fails to the extent it is premised upon allegations of conspiracy between Koch and these subsidiaries.

### FOURTH DEFENSE

21.     Plaintiffs and any putative class members failed to exercise reasonable care to mitigate, prevent, or avoid any damages they may have suffered.

22.     Plaintiffs allege that they have been negatively impacted by an alleged conspiracy to fix and/or depress compensation since at least January 1, 2009.  *See, e.g.*, ¶ 5.  They also allege public knowledge of the facts giving rise to this claim as far back as 2009.  *See* ¶¶ 3-10 *supra*, which are incorporated in support of this defense.

23.     If Plaintiffs or putative class members believed that defendants were unfairly and anticompetitively fixing and/or suppressing compensation through the use of WMS and/or Agri Stats for at least ten years before they filed suit, Plaintiffs had an obligation to take action to prevent, avoid, or lessen their damages by taking actions such as switching to: (i) processors that are not part of the alleged conspiracy and/or (ii) seeking comparable, non-poultry related employment.

24.     The failure of Plaintiffs and/or any putative class members to take reasonable action to mitigate their damages was the sole or partial cause of their damages.

### FIFTH DEFENSE

25.     Damages suffered by Plaintiffs and any putative class members, if any, are too difficult to ascertain or are speculative.

26.     Claims for damages under Clayton Act § 4 must fail when the alleged damages are unduly speculative or difficult to ascertain. *See, e.g., Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 545 (1983) (concluding that the "tenuous

and speculative character of the relationship between the alleged antitrust violation" and the alleged injury, along with other factors "weigh heavily against judicial enforcement" of the antitrust claim); *Home Placement Serv., Inc. v. Providence Journal Co.*, 819 F.2d 1199, 1205 (1st Cir. 1987) ("If the plaintiff's proffered evidence permits no more than 'pure speculation and guesswork,' then the damage evidence is insufficient as a matter of law." (citations omitted)).

27.    The pay and benefits at issue vary due to numerous factors such as location, experience, qualifications, positions, duties, seniority, work performance, timeframe, exempt or nonexempt status, and union or nonunion.  Plaintiffs cannot ascertain or identify damages in light of so many variations.

28.    Plaintiffs' claims of damages are therefore too speculative or difficult to ascertain.

**SIXTH DEFENSE**

29.    Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because they lack standing under the Sherman Act and/or Article III.

30.    Plaintiffs and the putative class members have not suffered any actual injury. Moreover, standing to recover damages under Section 4 of the Clayton Act requires "antitrust injury," which requires that a plaintiff prove, "that it suffered an injury (1) that is 'of the type the antitrust laws were intended to prevent' and (2) 'flows from that which makes defendants' acts unlawful.'" *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 349 (1990) (Stevens, J. dissenting) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)).

31.    To the extent that Plaintiffs maintain they were injured by lower compensation, such an injury is not cognizable under the antitrust laws.

32.    Even if Plaintiff or putative class members suffered injury, such injury was not caused by Koch's alleged conduct and cannot be redressed by the Sherman or Clayton Act.

33.     Furthermore, the named Plaintiffs purport to have worked as hourly employees for chicken processors and did not suffer the same alleged injury as salaried employees or employees of turkey processors.  Thus, the named Plaintiffs lack standing to pursue this case on behalf of any salaried employees or turkey processor employees.  *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff . . . possess the same interest and suffer the same injury shared by all members of the class he represents.").

### SEVENTH DEFENSE

34.     Koch's alleged conduct that forms the basis of Plaintiffs' claims and the claims of any putative class members had a procompetitive benefit.

35.     Information exchanges and benchmarking are not *per se* violations of Section 1 of the Sherman Antitrust Act.  Nor are they unlawful under a rule-of-reason analysis.  In fact, exchanging information and benchmarking are often procompetitive.

36.     To the extent Koch participated in information exchanges or benchmarking, it was done with the procompetitive purpose of improving its competitive position amongst its peers. Koch strives to attract and retain a skilled workforce and providing competitive pay and benefits contributes to its ability to do so.

37.     Furthermore, to the extent Koch participated in information exchanges or benchmarking, it was done with appropriate safeguards to prevent any antitrust risks.  For example, information was disseminated through third parties in an aggregated format so as to not disclose information relating to specific exchange participants.  Moreover, wage and salary information is available through a number of publicly available sources, and Koch is competing with multiple industries for labor.

**EIGHTH DEFENSE**

38.     The Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrine of laches.

39.     The doctrine of laches "bars a party's dilatory claim," and stems from "the principle that equity aids the vigilant and not those who slumber on their rights." *Biodiversity Conservation Alliance v. Jiron*, 762 F.3d 1036, 1090-91 (10th Cir. 2014) (internal quotation marks omitted); *Floyd v. Floyd*, No. 97-2686; 1999 WL 812315, at *4 (4th Cir. Oct. 12, 1999) (same). Specifically, "[l]aches bars a claim when there is: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Jiron*, 762 F.3d at 1091 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121-22 (2002)).

40.     Koch incorporates Paragraphs 3-10, *supra*, in support of this defense. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims. Additionally, Plaintiffs' unreasonable delay in bringing their claims has resulted in economic prejudice to Koch.

41.     Accordingly, the equitable principles embodied by the doctrine of laches bar Plaintiffs and the putative class members from seeking relief at this delayed juncture.

**NINTH DEFENSE**

42.     The Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrine of waiver as a result of Plaintiffs' own acts or omissions.

43.     Plaintiffs allege that they have been negatively impacted by an alleged conspiracy to fix and/or depress compensation since at least January 1, 2009.  *See, e.g.*, ¶ 5.  They also allege public knowledge of the facts giving rise to this claim as far back as 2009.  *See* ¶¶ 3-10, *supra*, which are incorporated in support of this defense.

44.     Plaintiffs' and the putative class members' conduct in continuing to provide poultry processing labor under a system of allegedly artificially fixed and/or suppressed compensation, despite the allegations in their original Complaint, is evidence of their waiver of any right to bring this suit. Plaintiffs' conduct and the conduct of the putative class members was, and continues to be, inconsistent with any intention other than to waive their right to bring suit.

45.     Plaintiffs and the putative class members, by their actions, accepted the benefits of an ongoing relationship with Koch and relinquished their right to bring suit.

**TENTH DEFENSE**

46.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

47.     Plaintiffs allege that they have been negatively impacted by an alleged conspiracy to fix and/or depress compensation since at least January 1, 2009.  *See, e.g.,* ¶ 5.  They also allege public knowledge of the facts giving rise to this claim as far back as 2009.  *See* ¶¶ 3-10, *supra*, which are incorporated in support of this defense.

48.     Koch relied in good faith, and to its detriment, on Plaintiffs' and the putative class members' actions in continuing to provide poultry processing labor without complaining about the alleged fixing and/or suppression of their compensation.

49.     Koch had no knowledge of Plaintiffs' alleged complaints or means to discover these complaints.

50.     Plaintiffs' claims and the claims of the putative class members are therefore estopped.

**ELEVENTH DEFENSE**

51.     Any recovery by the Plaintiffs or putative class members must be reduced or offset by amounts the Plaintiffs or putative class members received or will receive, by way of settlement or otherwise, from others for the same injuries claimed in this lawsuit.

**TWELFTH DEFENSE**

52.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, due to the ratification of, and consent to, Koch's alleged conduct.

53.     Koch incorporates Paragraphs 3-10, 43-45, and 47-49, *supra*, in support of this defense.

**THIRTEENTH DEFENSE**

54.     The claims of any putative class members are barred, in whole or in part, by issue preclusion.

55.     "According to the doctrine of issue preclusion, when an issue of ultimate fact has been once determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Adams v. Kinder-Morgan, Inc*., 340 F.3d 1083, 1093 (10th Cir. 2003) (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir. 2002)); *Diruzza v. Cnty. of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003) (same); *Dunlap v. Cottman Transmissions Sys*., LLC, 689 F. App'x 188, 189 (9th Cir. 2017) (same).

56.     Plaintiffs' claims and those of the putative class members are barred, in whole or in part, because one or more of the putative class is subject to the doctrine of issue preclusion due to their participation in prior litigation adjudicated on the merits in which they alleged, or could have alleged, the same conduct for which they are now seeking to impose liability on Koch in this lawsuit.

**FOURTEENTH DEFENSE**

57.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, to the extent Plaintiffs and any putative class members seek improper multiple damage awards or damages duplicative of those sought in other litigation in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the Unites States Constitution.

**FIFTEENTH DEFENSE**

58.     Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, to the extent that Plaintiffs or members of the putative class have had substantially similar claims dismissed with prejudice in prior litigation and/or have settled such claims.

**SIXTEENTH DEFENSE**

59.     Plaintiffs' claims and/or the claims of putative class members are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Koch and/or were caused, if at all, solely and proximately by the conduct of Plaintiffs and/or putative class members themselves or third parties including, without limitations, the prior, intervening or superseding conduct of such Plaintiffs, putative class members, or third parties.

**SEVENTEENTH  DEFENSE**

60.     Plaintiffs' claims are barred, in whole or in part, by the non-statutory labor exemption recognized in *Amalgamated Meat Cutters v Jewel Tea Co*., 381 U.S. 676 (1965) and/or applicable labor law.

61.     Plaintiffs admit that approximately one-third of hourly-paid workers at poultry processing plants are members of labor unions and that the United Food and Commercial

Workers International Union represents approximately 90% of those unionized workers. Compl., ¶ 158.

62.     Upon information and belief, the representative relationship between any Plaintiff or absent class member and any labor union has not been terminated or abandoned and remains operative.

63.     Among other things, for poultry processing workers represented by a labor union, wages, hours, benefits, and other working conditions are mandatory subjects of bargaining between the worker and the employer.

64.     Upon information and belief, for those poultry processing workers who are members of labor unions, wages and other terms and conditions of employment are established by collective bargaining agreements between the union on behalf of its members and the employer.

65.     Any claims arising out of or related to wages or wage levels established by a collective bargaining agreement between a union representing poultry processing workers and an employer must be brought under labor law and not under antitrust law.

66.     Accordingly, to the extent that Plaintiffs or any absent class members they purport to represent seek to recover damages for wages, hours, benefits, or other terms of employment that are or have been set by a collective bargaining agreement, such claim is barred by the non-statutory labor exemption and/or applicable labor law.

**EIGHTEENTH DEFENSE**

67.     Koch adopts and incorporates by reference any and all other defenses asserted by any other defendant to the extent that the defense would apply to Koch.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

Koch has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent as this matter proceeds.  Koch reserves the right to amend or seek to amend its answers and/or its affirmative defenses.

**PRAYER FOR RELIEF**

Koch requests that Plaintiffs' Consolidated Class Action Complaint be dismissed with prejudice, that the Court find that neither Plaintiffs not the purported class is entitled to any judgment or relief, that the Court enter judgment in favor of Koch, and that the Court award Koch its attorneys' fees, costs, and expenses, pre-judgment interest, and such further relief as the Court deems just and proper.

Dated: April 7, 2021

Respectfully submitted,

/s/ Ty Kelly Cronin
Ty Kelly Cronin, (MDB No. 27166)
tykelly@bakerdonelson.com
James E. Edwards, Jr., (MDB No. 02360)
jedwards@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
100 Light Street
Baltimore, Maryland  21202
(410) 685-1120
(410) 547-0699 – Fax

*Pro Hac Vice*

John G. Calender (DCB No. 939124)
jcalender@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
901 K Street, N.W., Suite 900
Washington, D.C. 20001
Telephone: 202.508.3474
Facsimile: 202.220.2274

Scott W. Pedigo (MSB No. 10735)
spedigo@bakerdonelson.com
Amy L. Champagne (MSB No. 102447)
achampagne@bakerdonelson.com
Samuel D. Gregory (MSB No. 104563)
sdgregory@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
MAILING:  Post Office Box 14167
Jackson, Mississippi 39236-4167
PHYSICAL:  One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi  39211
Telephone:  (601) 351-2400
Facsimile:  (601) 351-2424

Russell W. Gray (TNB No. 16120)
rgray@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450-1801
Telephone:(423) 209-4218
Facsimile: (423) 752-9563

*Attorneys for Defendant Koch Foods, Inc.*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day filed the foregoing document through the ECF system, which sent notice to all counsel of record.

This the 7th day of April 2021.

/s/ Ty Kelly Cronin
Ty Kelly Cronin