**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

April 29, 2021

LETTER TO COUNSEL:

    RE:    *Judy Jien, et al. v. Perdue Farms, Inc. et al.*,
             Civil No. SAG-19-2521

Dear Counsel:

      The parties submitted a joint letter on April 23, 2021 outlining the progress they have made reaching agreements on three case management documents: a protective order, a proposed litigation schedule, and an ESI protocol. ECF 449. In that letter, the parties laid out several disputed issues for the Court to resolve. Specifically, the parties disagree regarding discovery deadlines, the timing of class certification briefing, relevancy redactions, and certain parameters for culling data collected during discovery. The Court, which has wide discretion in resolving such discovery-related disputes, *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995), addresses each of these issues in turn.

      Since the parties are unable to agree, the following deadlines will be enacted by finding, roughly, the halfway point between the two sets of proposals. The deadline for substantial completion of document productions will be January 14, 2022. The deadline for completion of depositions and other fact discovery will be January 13, 2023.

      In the interest of satisfying Rule 23's requirement that class certification be resolved "[a]t an early practicable time," class certification should begin before fact discovery closes. The deadline for Plaintiffs' motions for class certification and expert reports will be September 16, 2022. Defendants' class certification responses and *Daubert* motions will be due December 16, 2022. Plaintiffs' replies and *Daubert* opposition, as well as their own *Daubert* motions, will be due on March 17, 2023. Defendants' *Daubert* reply and *Daubert* opposition will be due April 21, 2023. Plaintiffs' *Daubert* reply will be due May 19, 2023.

      When the time comes, the parties may present the Court with specific reasons why they cannot meet these class certification deadlines, despite their diligent efforts to complete the relevant discovery early in the process. Moreover, should there exist pertinent information unearthed late in discovery after the parties have already filed their class certification-related submissions, the parties will be permitted to petition the Court for an opportunity to supplement their submissions. This will balance the need to resolve class certification quickly and efficiently with the parties' interests in having all relevant discovery available when advocating for or against class certification.

*Judy Jien, et al. v. Perdue Farms, Inc. et al.*
Civil No. SAG-19-2521
April 29, 2021
Page 2

Regarding the ESI disagreements, the Court is not inclined to allow blanket relevancy redactions in advance of any actual determination of need. Should an issue arise with respect to a particular category of information, such as the "nonresponsive highly confidential business information" referenced in Defendants' proposal, the parties should attempt to resolve the issue via good faith, real-time negotiation (i.e. not solely by email). If that earnest effort is unsuccessful, the matter may be raised with this Court at that point for resolution.

With regard to the extensive production protocols proposed by Plaintiffs, the Court will not impose any mandatory protocols beyond the general guidance outlined in the Defendants' proposal. While the Court understands the concerns raised by Plaintiffs regarding the transparency of the document production process, Defendants are entitled to determine for themselves how to search for, produce, and validate the accuracy of their production absent evidence of a deficient process. *See* Principle 6 of The Sedona Conference, *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 52 (2018) ("Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information."). Again, should any issues with the production arise, the first step should be good faith negotiation before seeking Court intervention.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such. By 5 p.m. on Monday, May 3, 2021, the parties shall incorporate the details of this Order into an updated proposed Scheduling Order and ESI Protocol Document and shall submit those updated documents jointly for the Court's review and approval.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge