# PLAINTIFFS' EXHIBIT 9 (PX009)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| JUDY JIEN, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PERDUE FARMS, INC., *et al.*,<br><br>　　　　　Defendants. | Civil Action No.: 1:19-cv-2521-SAG<br>Honorable Stephanie A. Gallagher |

**RESPONSES AND OBJECTIONS OF BUTTERBALL, LLC TO FIRST SET OF
INTERROGATORIES TO ALL DEFENDANT PROCESSORS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Butterball, LLC ("Butterball") responds and objects to the First Set of Requests for Interrogatories to All Defendant Processors ("Interrogatories") served by Plaintiffs as follows:

## GENERAL OBJECTIONS

1. Butterball objects to the Interrogatories to the extent that they are inconsistent with or seek to impose obligations on Butterball that exceed the obligations imposed on Butterball by the Federal Rules of Civil Procedure, the Local Rules for the District of Maryland, or an order of the Court.

2. Butterball objects to the Interrogatories to the extent that they purport to require the production of information that is subject to the attorney-client privilege and/or work product doctrine, or any other applicable claim of privilege or related protective doctrine.

3. Butterball objects to the Interrogatories to the extent any of them do not include a temporal limitation and therefore request information that is not relevant to Plaintiffs' claims nor proportional to the needs of the case, and the production of such information would be

unreasonably burdensome and expensive in light of the immateriality of such information, the needs of the case, the amount in controversy, the limitations on Butterball's resources, and the importance of the issues at stake in the litigation.

4. Butterball objects to the Interrogatories to the extent any of them seek information that is not relevant to Plaintiffs' claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5. Butterball objects to the Interrogatories to the extent they improperly impose a continuing obligation to supplement discovery responses that is greater than the duty of supplementation established by Rule 26(f) of the Federal Rules of Civil Procedure. Butterball will supplement these responses only to the extent required by Rule 26(f).

6. Discovery in this matter is ongoing and Butterball reserves the right to supplement its responses as necessary.

7. Butterball's responses are made without waiving, in any way, the right to object on any proper grounds to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action, or on any grounds, at any time, to any other Requests or proceeding involving or relating to the subject matter of these disclosures.

## OBJECTIONS TO DEFINITIONS

1. Butterball objects to any definition that presupposes that Butterball has knowledge of other Defendants, or purports to require Butterball to acquire such knowledge.

2. Butterball objects to the definition of "Co-Conspirator" to the extent it refers to any person or entity other than the "Co-Conspirators" identified in the Second Amended Complaint.

Butterball will interpret the term "Co-Conspirator" to refer to those entities identified in paragraphs 63 to 125 of the Second Amended Complaint.

3. Butterball objects to the open-ended definition of "Compensation" on the grounds that it is overly broad, unduly burdensome, and seeks information which is neither relevant to the parties' claims in this case nor proportional to the needs of this case. Specifically, defining "Compensation" as "the provision of anything of value" provides no meaningful limitation on the definition of "Compensation," and fails to describe the requested information with reasonable particularity. Butterball further objects to the definition of "Compensation" because many of the examples listed are not the subject of the Complaint. Butterball states that it will interpret Compensation as wages, salaries, pay, or benefits.

4. Butterball definition of the term "Defendant" as overly broad because it includes "predecessors, subsidiaries, affiliates, successors, parents, departments, divisions, joint ventures, and any organization or entity managed or controlled by a named defendant." Butterball further objects to this definition to the extent that it imposes an obligation on Butterball to know the corporate organization of other Defendants, and to determine whether an entity is "managed" or "controlled" by another Defendant. Butterball will interpret "Defendant" as the Defendants named in Complaint.

5. Butterball objects to Plaintiffs' definition of the term "Representative" as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case. Butterball further objects to the definition to the extent it incorporates other defined terms to which Butterball objects. Butterball also object to the definition of this term on the grounds that it purports to include individuals and entities that are irrelevant and outside the scope of this case, and that it

purports to impose a burden on Butterball to obtain information from third parties outside of its control.

6.      Butterball objects to Plaintiffs' definition of the terms "You" and "Your" as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have not named any of Butterball's predecessors, subsidiaries, affiliates, successors, parents, departments, joint ventures, or any other organization or entity that Butterball manages or controls, including those merged with or acquired, or any present or former directors, officers, employees, agents, attorneys, representatives, or any persons acting or purporting to act on its behalf, as Defendants in this litigation.  Butterball further objects to this definition on the grounds that it purports to include individuals and entities beyond the named Defendants that are irrelevant and outside the scope of the case, and that it purports to impose a burden on Butterball to obtain information from third parties outside of its control. Butterball interprets these terms to mean only named Defendants as of the date of these Objections and Responses.  Butterball will interpret "You" and "Your" to refer to the operations of Butterball's turkey-processing plants.

7.      Butterball objects to the Plaintiffs' identification of the "Relevant Time Period"—January 1, 2007 to present—as overly broad, unduly burdensome, and disproportionate to the needs of the case.  The Class Period alleged in the Complaint is "from January 1, 2015, until the present." *See* 2d Am. Compl. ¶ 294.  As to the start date, Butterball is only alleged to have participated in "off the books" meetings in April 2015 and 2017, *id.* ¶ 54, and Butterball is not specifically alleged to have participated in any alleged conspiracy prior to that date. *See id.* ¶ 194.  Requests for documents or information from Butterball dating more than six years earlier to January 2009 are therefore overly broad, unduly burdensome, and disproportionate to the needs

4

of the case.  As to the end date, Butterball objects to an indefinite and interminable time period as overly broad, unduly burdensome, and disproportionate to the needs of the case.  An appropriate Relevant Time Period would end no later than August 30, 2019, the date Plaintiffs filed the Class Action Complaint.  As of the date of these Objections and Responses, the parties have not yet reached an agreement on the relevant time period for discovery, and Butterball reserves all rights.  Any commitment by Butterball to provide information from the "Relevant Time Period" is conditioned upon an agreement to which Butterball has assented or an order entered by the Court.

## OBJECTIONS TO INSTRUCTIONS

1. Butterball objects to each Instruction to the extent it seeks to impose or purports to impose obligations on Butterball beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules.

2. Butterball objects to each Instruction to the extent it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the joint-defense privilege, or any other applicable privilege and/or immunity recognized by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable federal or state rule or law.

3. Butterball objects to each Instruction to the extent it is vague, ambiguous, overly broad, or not proportionate to the needs of the case.

4. Butterball objects to Instruction No. 3 to the extent it seeks to impose or purports to impose obligations on Butterball that are inconsistent with the ESI Protocol and related agreements ultimately reached by the parties or as ordered by the Court.

## SPECIFIC OBJECTIONS

**Interrogatory No. 1**

**Identify the names of all current or former Representatives of You who participated in analyzing, recommending, setting, modifying, and/or approving Compensation; their**

**positions and titles while serving as Representatives of You; the dates in which they held those positions and titles; and a general description of their duties throughout the time they held those positions and titles.**

RESPONSE:

Butterball objects to this Interrogatory as vague and ambiguous because the phrase "participated in analyzing, recommending, setting, modifying, and/or approving" contains undefined terms and is therefore unclear, and would require Butterball to speculate as to their meaning. Butterball further objects to this Interrogatory as overbroad and unduly burdensome. Specifically, as written, this Interrogatory purports to require Butterball to identify every person who, at any time over more than four years (or as Plaintiffs would have it, fourteen years), had any role, without limitation or qualification, as to any aspect of "Compensation"—a term which, by Plaintiffs' definition, includes almost every aspect of the company's operations, including topics such as bonuses, overtime pay, raises, promotions, stock options, meals and any other "monetary and non-monetary forms of remuneration" -- without regard to the individual's length of employment, job duties, level of responsibility, likely extent of relevant knowledge, location, or a multitude of other factors. This Request would also require Butterball to identify every plant-level employee who "analyzed" Compensation paid to employees at Butterball's turkey-processing plants. Butterball further objects to this Interrogatory to the extent it requests information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

Butterball refers Plaintiffs to its Initial Disclosures of May 14, 2021, in which Butterball listed five individuals in response to Rule 26(a)(1)(A)(i): Ron Tomaszewski, Carey Howerton, Karen Ingram, Beth Gurley, and Lori Bassett. In particular, since joining Butterball as Vice President of Human Resources in 2012, Mr. Tomaszewski has been responsible for company-wide

recruitment, compensation, and benefit design and administration. Mr. Tomaszewski was primarily responsible for proposing changes to company-wide Compensation paid to employees at Butterball's turkey-processing plants, and regularly prepared proposals for company-wide changes in Compensation.

Butterball further states, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, that it will produce documents containing information responsive to this Interrogatory, and the burden of compiling the requested information from these documents is substantially the same for Plaintiffs as it is for Butterball.

**Interrogatory No. 2**

**Identify the names of all current or former Representatives of You who have interacted with WMS, including any of Your current or former Representatives who contracted with WMS, made a payment to WMS, provided Compensation data to WMS, received Compensation data from WMS, and/or attended any Meeting that was attended or arranged by WMS. For each such Representative of You, identify whether that individual has contracted with WMS, made a payment to WMS, provided Compensation data to WMS, received Compensation data from WMS, and/or attended a Meeting that was attended or arranged by WMS, as well as the date range for when each such action or actions occurred.**

RESPONSE:

Butterball objects to this Request on the grounds it is overly broad, unduly burdensome and seeks information which is neither relevant to the parties' claims in this case nor proportional to the needs of this case. Specifically, Butterball objects to the request to identify individuals who contracted with WMS or made a payment to WMS on the ground that such information is not relevant or proportionate to the needs of this case. Butterball will limit its response to Butterball representatives who (i) provided information or data to WMS about Compensation paid to Butterball employees at turkey-processing plants; (ii) received a WMS survey related to employee compensation directly from WMS; or (iii) attended a meeting hosted by WMS in which attendees

7

discussed Compensation paid to employees at poultry processing plants.

Subject to and without waiving its objections, Butterball responds as follows:

- Ron Tomaszewski, Vice President of Human Resources

- Beth Gurley, Director of Compensation & Benefits

- Beverly Hinson, former Director of Human Resources

- Brenda Smith, former Compensation Manager

Pursuant to Rule 33(d), Butterball also refers Plaintiffs to its forthcoming document production which will include information responsive to this Interrogatory and the burden of compiling the requested information from these documents is substantially the same for Plaintiffs as it is for Butterball.

**Interrogatory No. 3**

**Identify each Meeting attended or arranged by WMS or any of its Representatives and also attended by You or one or more of Your Representatives during which Compensation paid by one or more Poultry Processors was discussed, including each Meeting attended by You or one or more of Your Representatives at which WMS or any of its Representatives distributed and/or discussed the results of a Compensation survey that was completed by one or more Poultry Processors. For each such Meeting, identify the date of the Meeting, the location of the Meeting, the entity or entities that arranged the Meeting, the entity or entities that financed the Meeting, the Poultry Processors that attended the Meeting, and the names and then-employers of all individuals who attended the Meeting.**

RESPONSE

Subject to and without waiving its objections, responds that it does not currently have sufficient information to fully respond to this Interrogatory and reserves the right to supplement its response to this Interrogatory. Based on its investigation and information known at this time, Butterball responds that it is aware of the following dates and locations of meetings with WMS related to anonymized survey information collected from various poultry processors.

- May 4 & 5, 2015 – Destin, FL

8

- May 2 & 3, 2016 – San Diego, CA

- April 30 & May 1, 2018 – Destin, FL

- May 6 & 7, 2019 – Destin, FL

This, the 7th day of July, 2021.

        **WOMBLE BOND DICKINSON (US) LLP**

        /s/ David B. Hamilton
        David B. Hamilton (Bar No. 04308)
        Hillary V. Colonna (Bar No. 19704)
        100 Light Street, 26th Floor
        Baltimore, MD 21202
        (410) 545-5850 (telephone)
        (410) 545-5801 (facsimile)
        David.Hamilton@wbd-us.com
        Hillary.Colonna@wbd-us.com

        Hayden J. Silver III (Admitted *Pro Hac Vice*)
        Jonathon D. Townsend (Admitted *Pro Hac Vice*)
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        (919) 755-2188 (telephone)
        (919) 755-7099 (facsimile)
        Jay.Silver@wbd-us.com
        Jonathon.Townsend@wbd-us.com

        *Attorneys for Defendant Butterball, LLC*

## CERTIFICATE OF SERVICE

I certify that on July 7, 2021, I caused a copy of **RESPONSES AND OBJECTIONS OF BUTTERBALL, LLC TO FIRST SET OF INTERROGATORIES TO ALL BUTTERBALL PROCESSORS** to be served on all counsel of record by electronic mail.

/s/ Jonathon D. Townsend
Jonathon D. Townsend