# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| JUDY JIEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PERDUE FARMS, INC., et al., <br><br> Defendants. | C.A. No. 1:19-CV-2521-SAG <br><br> [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH GEORGE'S, INC. AND GEORGE'S FOODS, LLC, CERTIFICATION OF SETTLEMENT CLASS, AND APPOINTMENT OF SETTLEMENT CLASS COUNSEL |

Case 1:19-cv-02521-SAG Document 521-2 Filed 09/15/21 Page 2 of 4

Upon consideration of Plaintiffs' Motion for Preliminary Approval of Settlement with George's Inc. and George's Foods, LLC, Certification of Settlement Class, and Appointment of Settlement Class Counsel, it is hereby **ORDERED** as follows:

1. The motion is hereby **GRANTED**.

2. The Court finds that the proposed settlement with George's Inc. and George's Foods, LLC ("George's"), as set forth in the written settlement agreement between Plaintiffs and George's ("Settlement Agreement"), has been negotiated at arm's length and is sufficiently fair, reasonable, and adequate to authorize dissemination of notice of the Settlement Agreement to the Settlement Class defined below.

3. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

4. The Court hereby certifies the following Settlement Class for the purpose of the Settlement Agreement:

> All persons employed by Defendant Processors,[1] their subsidiaries, and/or related entities at poultry processing plants in the continental United States from January 1, 2009 until July 20, 2021.

5. The Settlement Class excludes complex managers, plant managers, human resources managers, human resources staff, office clerical staff, guards, watchmen, and salesmen; Defendants, co-conspirators, and any of their subsidiaries, predecessors, officers, or directors; and federal, state or local governmental entities.

6. The Court finds that the Settlement Class fully complies with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds (1) that the Settlement Class is

---

[1] The term "Defendant Processors" refers to all Defendants except Agri Stats, Inc. and Webber, Meng, Sahl and Company, Inc.

1

so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; and (4) the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Additionally, the Court finds that questions of law or fact common to Settlement Class members predominate over any questions that may affect only individual members, and that a class action is superior to all other available methods for fairly and efficiently adjudicating the controversy.

7. The Court appoints the following Named Plaintiffs as class representatives of the Settlement Class: Judy Jien, Kieo Jibidi, Elaisa Clement, Glenda Robinson, and Emily Earnest.

8. The Court appoints the following law firms (which currently serve as Interim Co-Lead Counsel) as Settlement Class Counsel: Handley Farah & Anderson PLLC; Cohen Milstein Sellers & Toll, PLLC; and Hagens Berman Sobol Shapiro LLP.

9. Settlement Class Counsel shall submit a motion to approve a plan of notice of the Settlement Agreement at an appropriate time, *i.e.* after Defendants have produced contact information regarding Settlement Class members and prior to Plaintiffs moving for final approval of the Settlement Agreement.

10. After Settlement Class Notice has been approved and disseminated, the Court shall hold a hearing (the "Fairness Hearing") regarding the Settlement Agreement to determine whether it is fair, reasonable, and adequate and whether it should be finally approved by the Court.

11. After Settlement Class Notice has been disseminated, Settlement Class members who wish to exclude themselves from the Settlement Class will be required to submit an appropriate and timely request for exclusion, and Settlement Class members who wish to object to the Settlement Agreement will be required to submit an appropriate and timely written statement

of the grounds for objection. Settlement Class members who wish to appear in person to object to the Settlement Agreement may do so at the Fairness Hearing pursuant to directions by the Court.

12. If the Settlement Agreement is terminated or rescinded in accordance with its provisions, then the Settlement Agreement shall become null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, George's, and the members of the Settlement Class. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement Agreement otherwise not becoming Final.

13. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Settlement Class Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses, and notice and administration costs, as set forth in the Settlement Agreement.

14. This litigation is hereby stayed as to the Released Parties (as that term is defined in the Settlement Agreement) except as necessary to effectuate the Settlement Agreement or otherwise agreed to by the settling parties.

IT IS SO ORDERED.

DATED: Sept 30, 2021

_____
HON. STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

3