IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| Judy Jien, *et al.*,<br><br>                       Plaintiffs,<br><br>           v.<br><br>Perdue Farms, Inc., *et al.*,<br><br>                       Defendants. | Civil Action No. 1:19-CV-2521<br>The Honorable Stephanie A. Gallagher |

**SANDERSON FARMS INC.'S MOTION TO DISMISS IN PART PLAINTIFFS' THIRD AMENDED CONSOLIDATED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Sanderson Farms, Inc. ("Sanderson Farms") hereby moves to dismiss in part Plaintiffs' Third Amended Consolidated Complaint (the "TACC"), (Dkt. No. 590 (public); Dkt. 567-3 (under seal)). Sanderson Farms files this motion to dismiss pursuant to the schedule established by the Court's March 21, 2022 Paperless Order (Dkt. No. 618), and in compliance with the length limitations specified by Local Rule 105(3).

For the reasons stated in Sanderson Farms' accompanying Memorandum in Support of Sanderson Farms, Inc.'s Motion to Dismiss, Plaintiffs' First Claim for Relief ("Count I")—*i.e.*, Plaintiffs' wage-fixing claim—should be dismissed against Sanderson Farms as it relates to any conduct after February 14, 2012. Plaintiffs' wage-fixing claim depends completely on their allegations that Defendants participated in surveys and meetings organized by WMS, where Plaintiffs assert that the alleged wage fixing took place. For the first time in this litigation, the TACC alleges that **Sanderson Farms withdrew from any involvement with WMS** on February 14, 2012. TACC ¶ 316. Because of these unequivocal withdrawal allegations, Sanderson Farms is entitled to dismissal of Plaintiffs' wage-fixing claim as it relates to any conduct after Sanderson's

alleged withdrawal. *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 464–65 (1978) (holding that a defendant withdraws as a matter of law if it (1) undertakes "[a]ffirmative acts inconsistent with the object of the [alleged] conspiracy" and (2) communicates those acts "in a manner reasonably calculated to reach [its alleged] co-conspirators"). Thus, Count I of Plaintiffs' Third Amended Consolidated Complaint as it relates to any conduct after February 14, 2012 should be dismissed with prejudice as to Sanderson Farms.

Dated: April 18, 2022

Respectfully submitted,

By: /s/ *Daniel E. Laytin, P.C.*

Joseph W. Hovermill (Bar No. 22446)
Alexander P. Creticos (Bar No. 30199)
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland 21202
410-385-3442
410-385-3700 (f)
jhovermill@milesstockbridge.com
acreticos@milesstockbridge.com

Daniel E. Laytin, P.C. *pro hac vice*
Christa C. Cottrell, P.C. *pro hac vice*
Zachary Holmstead *pro hac vice*
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000
dlaytin@kirkland.com
ccottrell@kirkland.com
zachary.holmstead@kirkland.com

*Attorneys for Defendant Sanderson Farms, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Daniel E. Laytin, P.C.*
Daniel E. Laytin, P.C.
