# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

|  |  |
|---|---|
| JUDY JIEN, et al., | C.A. No. 1:19-CV-2521-SAG |
|            Plaintiffs, | |
| v. | |
| PERDUE FARMS, INC., et al., | |
|            Defendants. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH CARGILL MEAT SOLUTIONS CORPORATION, SANDERSON FARMS, INC., AND WAYNE FARMS LLC, CERTIFICATION OF SETTLEMENT CLASS, AND APPOINTMENT OF <u>SETTLEMENT CLASS COUNSEL</u>**

Upon consideration of Plaintiffs' Motion for Preliminary Approval of Settlement with Cargill Meat Solutions Corporation, Sanderson Farms, Inc., and Wayne Farms LLC, Certification of Settlement Class, and Appointment of Settlement Class Counsel, it is hereby **ORDERED** as follows:

1.      The motion is hereby **GRANTED**.

2.      The Court finds that the proposed settlements with Cargill Meat Solutions Corporation, Sanderson Farms, Inc., and Wayne Farms LLC (collectively "Settling Defendants"), as set forth respectively in three written settlement agreements between Plaintiffs and Settling Defendants ("Settlement Agreements"), have been negotiated at arm's length and are sufficiently fair, reasonable, and adequate to authorize dissemination of notice of the Settlement Agreements to the Settlement Class defined below.

3.      Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

4.      The Court hereby certifies the following Settlement Class for the purpose of the Settlement Agreements:

> All persons employed by Defendant Processors,[1] their subsidiaries, and/or related entities at poultry processing plants, poultry hatcheries, poultry feed mills, and/or poultry complexes in the continental United States from January 1, 2000, until July 20, 2021.

5.      The Settlement Class excludes complex managers, plant managers, human resources managers, human resources staff, office clerical staff, guards, watchmen, and salesmen; Defendants, co-conspirators, and any of their subsidiaries, predecessors, officers, or directors; and federal, state or local governmental entities.

---

[1] The term "Defendant Processors" refers to all Defendants except Agri Stats, Inc. and Webber, Meng, Sahl and Company, Inc.

6.      The Court finds that the Settlement Class fully complies with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds (1) that the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; and (4) the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Additionally, the Court finds that questions of law or fact common to Settlement Class members predominate over any questions that may affect only individual members, and that a class action is superior to all other available methods for fairly and efficiently adjudicating the controversy.

7.      The Court appoints the following Named Plaintiffs as class representatives of the Settlement Class: Judy Jien, Kieo Jibidi, Elaisa Clement, Glenda Robinson, Emily Earnest, and Kevin West.

8.      The Court appoints the following law firms (which currently serve as Interim Co-Lead Counsel) as Settlement Class Counsel: Hagens Berman Sobol Shapiro LLP; Handley Farah & Anderson PLLC; and Cohen Milstein Sellers & Toll, PLLC.

9.      Settlement Class Counsel shall submit a motion to approve a plan of notice of the Settlement Agreements at an appropriate time, *i.e.* after Defendants have produced contact information regarding Settlement Class members and prior to Plaintiffs moving for final approval of the Settlement Agreements.

10.      After Settlement Class Notice has been approved and disseminated, the Court shall hold a hearing (the "Fairness Hearing") regarding the Settlement Agreements to determine whether it is fair, reasonable, and adequate and whether it should be finally approved by the Court.

11.      After Settlement Class Notice has been disseminated, Settlement Class members who wish to exclude themselves from the Settlement Class will be required to submit an

appropriate and timely request for exclusion, and Settlement Class members who wish to object to the Settlement Agreements will be required to submit an appropriate and timely written statement of the grounds for objection. Settlement Class members who wish to appear in person to object to the Settlement Agreements may do so at the Fairness Hearing pursuant to directions by the Court.

12.     If any of the Settlement Agreements are terminated or rescinded in accordance with their provisions, then the terminated or rescinded Settlement Agreement shall become null and void, except insofar as expressly provided otherwise in that Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settling Defendants, and the members of the Settlement Class. The parties shall also comply with any terms or provisions of the terminated or rescinded Settlement Agreement applicable to termination, rescission, or the Settlement Agreement otherwise not becoming Final.

13.     The Court approves the establishment of an escrow account, as set forth in the Settlement Agreements, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Settlement Class Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses, and notice and administration costs, as set forth in the Settlement Agreements.

14.     This litigation is hereby stayed as to the Released Parties (as that term is defined in the Settlement Agreements) except as necessary to effectuate the Settlement Agreements or otherwise agreed to by the settling parties.

IT IS SO ORDERED.

DATED: ___September 27, 2022___

/s/
_____
HON. STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

010844-11/2029312 V1

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to counsel for all parties that have appeared in this case.

*/s/ Shana E. Scarlett*

010844-11/2029312 V1