UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
ERIN ASLAN
U.S. MAGISTRATE JUDGE



101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-3555
MDD_EAchambers@mdd.uscourts.gov

January 9, 2024

To:   Counsel of Record

Re:   *Jien, et al.* v. *Perdue Farms, Inc., et al.*
      Civil No. SAG-19-2521
      <u>Discovery Dispute Procedure</u>

Dear Counsel:

The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the discovery to ensure that it meets the objectives of facilitating the just, speedy, and inexpensive conduct of discovery in civil cases before the Court. Counsel are expected to have read the Federal Rules of Civil Procedure; Local Rules of the Court, including the Discovery Guidelines of the Court; and, with respect to discovery of electronically stored information, the Principles for the Discovery of Electronically Stored Information in Civil Cases, posted on the Court's website, https://www.mdd.uscourts.gov/news/notice-principles-discovery-electronically-stored-information-civil-cases-2016-07-06t000000. Attorneys are expected to behave professionally and with courtesy towards all involved in the discovery process, including but not limited to opposing counsel, parties, and non-parties.

Should a discovery dispute arise in this matter, the parties must first engage in a good faith effort to resolve the dispute among themselves. The parties may use the expedited process detailed below <u>only if</u> their good faith efforts at resolution are unsuccessful. Further, the parties should not file any discovery motions until the informal discovery dispute process has been followed <u>and</u> I determine that formal briefing is necessary.

My informal discovery dispute procedure is as follows:

**You are required to attempt in good faith to resolve any discovery disputes among yourselves in the first instance. If you are unable to do so, you may:**

1.  File a joint letter—not to exceed one (1) page—that advises me that you would like me to resolve a discovery dispute, describes the nature of the dispute, and confirms that you have attempted to resolve the dispute on your own and that you have held a Local Rule 104.7 conference. This requirement means more than sending an email or letter to the opposing party. It requires that the parties meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter.

*Jien, et al.* v. *Perdue Farms, Inc., et al.*
Civil No. SAG-19-2521
Discovery Dispute Procedure
Page 2

2. Within 24 hours of sending the joint letter, counsel involved in the discovery dispute shall contemporaneously file short letters—not to exceed two (2) pages—that set forth their respective positions.  Because you should already be familiar with the other party's position by virtue of your conference, this procedure contemplates that you will file your letters at the same time.  You are not to "reply" to each other's letters.  Do not file attachments to your letters unless I have granted permission in advance.  Any request to include attachments should describe the proposed attachment, including its length and the need for it.

3. Upon review of these letters, I will determine whether a telephone conference is necessary to resolve the dispute.  If so, my Chambers will contact you with a timeframe when I am available for a conference call.

4. If I advise counsel that I would like to have a telephone conference, the parties will confer and report to my Chambers the date and time, within that timeframe, when all counsel are available.

5. It will be the responsibility of plaintiff's counsel to arrange for a conference call at the prescribed time.

6. I will not make an audio recording of the hearing.  If a party desires that the hearing be recorded, it will be the responsibility of that party to have a court reporter present in your office.  In such event, you must advise me and opposing counsel in advance of the hearing that a record will be made.

I will do my best to resolve as many discovery disputes as I can in this informal manner.  If, however, I determine that the issues are too complicated for me to do so after hearing from you, or after review of the letters submitted pursuant to paragraph 2 above, I will direct that the procedures for formal briefing be followed.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/

Erin Aslan
United States Magistrate Judge