UNITED STATES DISTRICT COURT
THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUDY JIEN, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>PERDUE FARMS, INC., *et al.*,<br><br>                    Defendants. | Civil Action No. SAG-19-2521 |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENTS BETWEEN PLAINTIFFS AND DEFENDANTS ALLEN HARIM FOODS, LLC, AMICK FARMS, LLC, BUTTERBALL, LLC, FIELDALE FARMS CORPORATION, FOSTER POULTRY FARMS, JENNIE-O TURKEY STORE, INC., KOCH FOODS, INC., O.K. FOODS, INC, TYSON FOODS, INC., AND KEYSTONE FOODS, LLC, CERTIFICATION OF SETTLEMENT CLASS, AND APPOINTMENT OF SETTLEMENT CLASS COUNSEL**

Upon consideration of Plaintiffs' motion for preliminary approval of the settlements with Allen Harim Foods, LLC, Amick Farms, LLC, Butterball, LLC, Fieldale Farms Corporation, Foster Poultry Farms, Jennie-O-Turkey Store, Inc. Koch Foods, Inc., O.K. Foods, Inc, Tyson Foods Inc., Keystone Foods, LLC, certification of settlement class, and appointment of settlement class counsel, it is hereby **ORDERED** as follows:

1.   The motion is hereby **GRANTED**.

2.   The Court finds that the proposed settlements with Allen Harim Foods, LLC, Amick Farms, LLC, Butterball, LLC, Fieldale Farms Corporation, Foster Poultry Farms, Jennie-O-Turkey Store, Inc. Koch Foods, Inc., O.K. Foods, Inc, Tyson Foods Inc., Keystone Foods, LLC (collectively, Settling Defendants), as set forth respectively in nine written settlement agreements between Plaintiffs and Settling Defendants (Settlement Agreements), have been

negotiated at arm's length and are sufficiently fair, reasonable, and adequate to authorize dissemination of notice of the Settlement Agreements to the Settlement Classes defined below.

3. Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

4. The Court hereby certifies the following Settlement Classes for the purpose of the Settlement Agreements:

> All persons employed by Defendant Processors,[1] their subsidiaries, and/or related entities at poultry processing plants, poultry hatcheries, poultry feed mills, and/or poultry complexes in the continental United States from January 1, 2000 until July 20, 2021.

5. The Settlement Classes exclude complex managers, plant managers, human resources managers, human resources staff, office clerical staff, guards, watchmen, and salespersons of the Defendants, alleged co-conspirators, and any of their subsidiaries, predecessors, officers, or directors; and federal, state, or local governmental entities.

6. The Court finds that the Settlement Class fully complies with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds (1) that the Settlement Classes are so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Classes; (3) the claims of the named plaintiffs are typical of the claims of the Settlement Classes; and (4) the named plaintiffs will fairly and adequately protect the interests of the Settlement Classes. Additionally, the Court finds that questions of law or fact common to the Settlement Class predominate over any questions that may affect only individual members, and that a class action is superior to all other available methods for fairly and efficiently adjudicating the controversy.

---

[1] The term "Defendant Processors" refers to all Defendants except Agri Stats, Inc., and Webber, Meng, Sahl and Company, Inc. d/b/a WMS & Company, Inc.

7. The Court appoints the following named plaintiffs as class representatives of the Settlement Class: Judy Jien, Kieo Jibidi, Elaisa Clement, Glenda Robinson, Emily Earnest, and Kevin West.

8. The Court appoints the following law firms (which currently serve as Interim Co-Lead Counsel) as Settlement Class Counsel: Hagens Berman Sobol Shapiro LLP, Handley Farah & Anderson PLLC, and Cohen Milstein Sellers & Toll, PLLC.

9. The Court appoints A.B. Data, Ltd., as the Notice and Claims Administrator with respect to the Settlement Agreements.

10. After Settlement Class Notice has been approved and disseminated, the Court shall hold a hearing (the Fairness Hearing) regarding the Settlement Agreements to determine whether they are fair, reasonable, and adequate and whether they should be finally approved by the Court.

11. After Settlement Class Notice has been disseminated, members of the Settlement Classes who wish to exclude themselves from the Settlement Classes will be required to submit an appropriate and timely request for exclusion, and members of the Settlement Classes who wish to object to the Settlement Agreements will be required to submit an appropriate and timely written statement of the grounds for objection. Members of the Settlement Class who wish to appear in person to object to the Settlement Agreements may do so at the Fairness Hearing pursuant to directions by the Court.

12. If the Settlement Agreements are terminated or rescinded in accordance with their provisions, then the terminated or rescinded Settlement Agreements shall become null and void, except insofar as expressly provided otherwise in that Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settling Defendants, and the members of the

Settlement Classes. The parties shall also comply with any terms or provisions of the terminated or rescinded Settlement Agreement applicable to termination, rescission, or the Settlement Agreement otherwise not becoming final.

13. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreements, as a "Qualified Settlement Fund" pursuant to Treas. Reg. § 1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Settlement Class Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses, and notice and administration costs, as set forth in the Settlement Agreements.

14. This litigation is hereby stayed as to the Released Parties (as that term is defined in the Settlement Agreements) except as necessary to effectuate the Settlement Agreements or otherwise agreed to by the settling parties.

IT IS SO ORDERED.

DATED: _____

                                                HON. STEPHANIE A. GALLAGHER
                                                UNITED STATES DISTRICT JUDGE