FILED ____ ENTERED
LODGED ____ RECEIVED

MAR 06 2026

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

|  |  |
|---|---|
| JUDY JIEN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERDUE FARMS, INC., *et al.*,<br><br>Defendants. | C.A. No. 1:19-CV-2521-SAG |

## ORDER GRANTING PLAINTIFFS' MOTION
## FOR FINAL APPROVAL OF A SETTLEMENT WITH AGRI STATS, INC.

Before the Court is Plaintiffs' Motion for Final Approval of Settlement with Agri Stats, Inc., Certification of the Settlement Class, and Appointment of Settlement Class Counsel.

The Court previously preliminarily approved the Settlement Agreement between Plaintiffs and Agri Stats, Inc. (the Settling Defendant). Dkt. No 1025.

Having considered the entirety of the record in this case and having held a final fairness hearing regarding the Settlement Agreement, Plaintiffs' Motion for Final Approval of Settlement with Agri Stats, Inc., Certification of Settlement Class, and Appointment of Settlement Class Counsel, the Motion is **GRANTED**.

The Court hereby finds the following:

1.      The Court has jurisdiction over the subject matter of this Action.

2.      Terms capitalized in this Final Approval Order and Judgment and not otherwise defined differently herein have the same meanings as they have in the Settlement Agreements.

- 1 -

## A. Notice to Settlement Class

1. The record shows, and this Court finds, that the Notice Plan has been implemented in the manner approved by the Court. The Claims Administrator has duly and timely completed the Notice Plan by emailing the Court-approved Notices to the members of the Settlement Class and by engaging in an indirect notice campaign involving a settlement website and earned media. The Court finds that the reach rate of the notice program as reflected in the Declaration of Brian Deverey of A.B. Data was within the range of acceptability.

2. The Court finds that the Notice Plan as implemented constitutes: (i) reasonable notice to the Settlement Class of the terms of the Settlement Agreement and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons in the Settlement Class; (ii) notice that provided members of the Settlement Class with a fair and adequate opportunity to challenge or otherwise respond to the proposed Settlement Agreement; (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

3. There have been no objections to the Settlement Agreement by any member of the Settlement Class.

4. Due and adequate notice of the proceedings having been given to the Settlement Class, and a full opportunity having been offered to members of the Settlement Class to participate in the Final Approval Hearing, it is hereby determined that all members of the Settlement Class are bound by this Final Approval Order and the Final Judgment.

5. The requirements of 28 U.S.C. § 1715 have been met because the Settling Defendant sent a Notice of Proposed Class Action Settlement to all required federal agencies under

the Class Action Fairness Act and none of the recipients of that Notice have filed objections to the Settlement Agreement.

**B.     Final Approval of the Settlement Agreement.**

1.     The Settlement Agreement is fair, reasonable, and adequate settlement for the Settlement Class within the meaning of Federal Rules of Civil Procedure 23 and in accordance with the factors identified by the Fourth Circuit.[1]

2.     The Settlement Agreement is fair, reasonable, and adequate because (i) it was reached only after significant investigation and motion practice; (ii) the settlement negotiations were extensive, contentious, and held at arm's length; (iii) the proponents of the Settlement Agreement are represented by experienced counsel; (iv) substantial discovery has already been conducted in this case to ascertain its strengths and weaknesses; (v) the relief provided by the Settlement Agreement is adequate and serves the interests of the Settlement Class; (vi) there have been no objections to the Settlement Agreement from any members of the Settlement Class; and (vii) there were substantial risks and delays associated with continued litigation against the Settling Defendant.

**C.     Final Certification of the Settlement Class**

1.     In its preliminary approval order, the Court preliminarily certified a Settlement Class defined as:

> All persons employed by Defendant Processors,[2] their subsidiaries, and/or related entities at poultry processing plants, poultry

---

[1] *See In re: Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 952 F.3d 471, 484 (4th Cir. 2020).

[2] The term "Defendant Processors" refers to all Defendants except Agri Stats, Inc. and Webber, Meng, Sahl and Company, Inc.

- 3 -

hatcheries, poultry feed mills, and/or poultry complexes in the continental United States from January 1, 2000, until July 20, 2021.

Dkt. No. 1025.

2. The following are excluded from the Settlement Class: complex managers, plant managers, human resources managers, human resources staff, office clerical staff, guards, watchmen, and salesmen; Defendants, co-conspirators, and any of their subsidiaries, predecessors, officers, or directors; and federal, state or local governmental entities. *Id.*

3. For the same reasons as set forth in the Court's preliminary approval order, the Settlement Class is hereby finally certified as settlement classes pursuant to Fed. R. Civ. P. 23(a) and (b)(2). For the purposes of the Settlement Agreement, the Court finds that each of the prerequisites for a class action under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure and the Fourth Circuit have been satisfied with respect to the Settlement Class. Dkt. No. 1025.

4. The Court finds the following certification requirements continue to be met: (1) that the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; and (4) the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Additionally, the Court continues to find that the "act requirement" of 23(b)(2) is met because the Settlement Class consists of people affected by the same challenged conduct by Defendants and that the "injunction requirement" of 23(b)(2) is met because the requested relief is final injunctive relief applicable to all members of the proposed Settlement Class.

5. This Court previously appointed Judy Jien, Kieo Jibidi, Elaisa Clement, Glenda Robinson, Emily Yealock (formerly Emily Earnest), and Kevin West as Class Representatives of

- 4 -

the Settlement Class, and the law firms of Hagens Berman Sobol Shapiro LLP, Cohen Milstein Sellers & Toll PLLC, and Handley Farah & Anderson PLLC as Settlement Class Counsel. Dkt. No. 1025. This Court does so again here.

**ACCORDINGLY, IT IS HEREBY ORDERED, THAT:**

1.     Plaintiffs' Motion for Final Approval of Settlement with Agri Stats, Inc., Certification of Settlement Class, and Appointment of Settlement Class Counsel is **GRANTED**;

2.     All claims asserted in this action against Agri Stats, Inc. are hereby **DISMISSED WITH PREJUDICE** and without further costs or fees;

3.     The Releasing Parties as defined in the Settlement Agreement are hereby declared to be bound by the terms of the Releases set forth in the Settlement Agreement, which are incorporated herein and are hereby deemed to have released and forever discharged the Settling Defendant and all Released Parties from all of the Released Claims as defined in the Settlement Agreement;

4.     This Release is effective as of the Effective Date as set forth in the Settlement Agreement as to all members of the Settlement Class;

5.     Plaintiffs and Settling Defendant are hereby directed to implement and consummate the settlement according to the terms and provisions of the Settlement Agreement;

6.     The Plaintiffs and the members of the Settlement Class are hereby bound by the terms of the Release set forth in the Settlement Agreement and are hereby enjoined and barred from asserting any Released Claims against any of the Settling Defendant's Released Parties as defined in the Settlement Agreement;

7.     The Court finds there is no just reason for delay and that this Order shall be deemed a FINAL JUDGMENT as to the Settling Defendant under Rule 54(b) of the Federal Rules of Civil

Procedure, and Final Judgment as to the Action is entered in favor of Settling Defendant, and Final Judgment is granted in favor of the Settling Defendant's Released Parties on any Released Claim of any and all members of the Settlement Class; and,

8.      Should the parties to the Settlement Agreement or the members of the Settlement Class bound thereby fail to honor the terms of this Order, the non-breaching party may petition the Court for enforcement of this Final Judgment Order. The Court retains jurisdiction to enforce the Settlement Agreement, including their administration and consummation.

IT IS SO ORDERED.

DATED: March 10, 2026

_____
HONORABLE STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT COURT JUDGE