**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JUDY JIEN, *et al.*, | ) | Civil Action No. 1:19-CV-2521 |
| | ) | |
| Plaintiffs, | ) | The Honorable Stephanie A. Gallagher |
| | ) | |
| v. | ) | **MOTION FOR ENTRY OF ORDER** |
| | ) | **ENJOINING CLAIMS BY 86 CLASS** |
| PERDUE FARMS, INC., *et al.*, | ) | **MEMBERS** |
| | ) | |
| Defendants. | ) | |

Pursuant to Federal Rule of Civil Procedure 65, Defendants Wayne Farms, LLC and Sanderson Farms, LLC (together, "Wayne-Sanderson") move for entry of a formal injunction implementing this Court's October 9, 2026 Order, granting as unopposed Wayne-Sanderson's Motion to Enforce Settlement Agreements and Final Judgment. ECF No. 1072. Wayne-Sanderson's Motion expressly sought to enjoin 86 individuals from pursuing claims released under the Wayne Farms and Sanderson Farms Settlement Agreements (ECF Nos. 745-4, 745-5), and to require withdrawal of outstanding demands and dismissal with prejudice of pending Released Claims.

Having granted that motion, the Court should now enter a formal order setting forth the terms of the injunction in accordance with Rule 65(d). In support, Wayne-Sanderson states:

1. On June 26, 2026, Wayne-Sanderson filed a Motion to Enforce Settlement Agreements and Final Judgment (the "Motion"). ECF No. 1041.

2. The Motion sought the entry of an order (1) declaring that 86 individuals were bound by the Wayne-Sanderson settlements; (2) enjoining those 86 individuals from further litigating claims released by the Wayne-Sanderson settlements; and (3) directing counsel for the 86 individuals to dismiss *with prejudice* pending claims covered by the settlements and to withdraw any outstanding

demands by those individuals. *See, e.g.*, ECF No. 1041-1 at 15. The 86 individuals at issue are identified on Exhibit C to the Motion. *See* ECF No. 1041-5.

3. The Motion was subsequently fully briefed, and the Court held two status conferences on the Motion. *See* ECF No. 1050 (opposition); ECF No. 1054 (reply); ECF No. 1055 (docket entry concerning September 1, 2026 status conference); ECF No. 1068 (same for September 30, 2026 status conference).

4. After the initial status conference where the Court ordered discovery on the Motion, counsel for the 86 individuals withdrew the opposition to the Motion. *See* ECF No. 1065.

5. Following this withdrawal, the Court granted the Motion, recognizing that it was no longer opposed. ECF No. 1072 ("This Court GRANTS Wayne-Sanderson's unopposed motion to enforce, ECF 1041, since the only opposition has been withdrawn."). The Court's Order further provides that "[d]espite the informal nature of this letter, it constitutes an order of the Court and should be docketed accordingly." *Id.* Thus, the Court has already granted Wayne-Sanderson's Motion to enforce the Settlement Agreements and Final Judgment against the 86 individuals. Wayne-Sanderson now seeks entry of a formal injunction implementing that ruling.

6. Entry of a formal injunction is necessary to put an end to Jinks Crow's continued pursuit of Released Claims on behalf of the 86 individuals covered by this Court's October 9 ruling. In Alabama, Jinks Crow sued on behalf of some (but not all) of those individuals and subsequently dismissed certain claims. But others have never filed suit and remain the subject of outstanding litigation threats or settlement demands. Dismissal of the filed claims does nothing to resolve those outstanding demands or prevent future litigation on behalf of individuals who never sued. A formal injunction will ensure that all 86 individuals are bound by the same prohibition against

pursuing Released Claims, regardless of whether they have filed suit, dismissed their claims, or merely threatened litigation.

7. Jinks Crow's parallel settlement process in Alabama has compounded the problem. Although Jinks Crow has asserted claims on behalf of approximately 3,500 purported opt-outs, it has sued on behalf of fewer than 300, while negotiating settlements and establishing a special master process to distribute proceeds to the broader group. At an October 19 hearing in Alabama, Jinks Crow acknowledged the possibility of double recovery but dismissed the risk as remote. Ex. A, *Ayers v. Wayne Farms, LLC*, No. 09-CV-2026-900001.80, Hr'g Tr. 14:5–15:25 (Ala. Cir. Ct. Oct. 19, 2026). Critically, although Jinks Crow offered assurances that it would prevent double recovery, it identified no enforceable mechanism to ensure that individuals bound by the *Jien* settlements would be excluded from Alabama distributions, much less one binding the special master. *Id.* That admission cuts to the heart of the matter at issue. The 86 individuals covered by this Court's October 9 Order have released their claims against Wayne-Sanderson, yet the Alabama process may still permit them to recover on those same claims. A formal injunction is necessary to prevent that result and give full effect to this Court's ruling.

8. There is also another reason for formal implementation of the Court's October 9 Order. Just five days after the Court granted Wayne-Sanderson's enforcement motion, Jinks Crow filed an amended complaint in Alabama asserting that every plaintiff validly opted out of the *Jien* settlements and that no class judgment barred their claims. *See* Ex. B, *Ayers v. Wayne Farms, LLC*, No. 09-CV-2026-900001.80, First Am. Compl. ¶¶ 75–79 (Ala. Cir. Ct. Oct. 14, 2026). The complaint further declares that "***no class action of which a Plaintiff was previously a putative member, has any right to dictate the legal theory, remedy, or forum through which that Plaintiff seeks redress*** . . . ." *Id.* ¶ 79 (emphasis added). Jinks Crow's say-so cannot override this Court's

determination that the 86 individuals are bound by the Settlement Agreements, much less divest this Court of its jurisdiction to enforce them.

9. Wayne-Sanderson therefore requests entry of a formal injunction implementing the relief this Court has already granted. Federal Rule of Civil Procedure 65(d) governs the form and content of that injunction. Under Rule 65(d):

> (1) *Contents.* Every order granting an injunction and every restraining order must:
>
> (A) state the reasons why it issued;
>
> (B) state its terms specifically; and
>
> (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.
>
> (2) *Persons Bound.* The order binds only the following who receive actual notice of it by personal service or otherwise:
>
> (A) the parties;
>
> (B) the parties' officers, agents, servants, employees, and attorneys; and
>
> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

10. The Fourth Circuit "has long recognized that the requirements of Rule 65(d) 'are mandatory and must be observed in every instance.'" *Su v. Med. Staffing of Am., LLC*, 2023 WL 3735221, at *2 (4th Cir. May 31, 2023) (quoting *Thomas v. Brock*, 810 F.2d 448, 450 (4th Cir. 1987)). "Indeed, '[t]he specificity provisions of Rule 65(d) are no mere technical requirements,' as they are 'designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood.'" *Id.* (citations omitted).

11. In view of Rule 65's requirements, Wayne-Sanderson seeks entry of the order attached as **Exhibit C**, which identifies the 86 individuals covered by this Court's October 9 Order, specifies the Released Claims they are prohibited from pursuing, and expressly addresses pending lawsuits,

future litigation, and outstanding demands. It also directs the dismissal with prejudice of pending Released Claims and the withdrawal of outstanding demands, consistent with the relief requested in ECF No. 1041 and granted by this Court. Finally, it provides for notice to the affected individuals and their counsel. Entry of the proposed injunction will thus give effect to the Court's existing ruling without reopening the issues already decided.

Dated: October 26, 2026

Respectfully submitted,

*/s/ Stephen R. Chuk*

Christopher E. Ondeck
Stephen R. Chuk
Jared M. DuBosar (admitted *pro hac vice*)
Rucha A. Desai (admitted *pro hac vice*)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, NW, Suite 600S
Washington, DC 20004
Tel: (202) 416-5865
Fax: (202) 416-6899
condeck@proskauer.com
schuk@proskauer.com
jdubosar@proskauer.com
rdesai@proskauer.com

*Attorneys for Defendant Wayne Farms, LLC and Defendant Sanderson Farms, LLC*

**CERTIFICATE OF SERVICE**

I, Stephen R. Chuk, hereby certify that on October 26, 2026, I caused true and correct copies of this Motion and the accompanying proposed order, to be served on all counsel of record via the Court's CM/ECF system and by electronic mail on:

Christina D. Crow
C. Elizabeth Littell
Jinks Crow, P.C.
219 Prairie Street North
P.O. Box 350
Union Springs, AL 36089
christy.crow@jinkscrow.com
lisa.littell@jinkscrow.com

*/s/ Stephen R. Chuk*
Stephen R. Chuk
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, NW, Suite 600S
Washington, DC 20004
schuk@proskauer.com