# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JUDY JIEN, *et al.*, | ) | Civil Action No. 1:19-CV-2521 |
| | ) | |
| Plaintiffs, | ) | The Honorable Stephanie A. Gallagher |
| | ) | |
| v. | ) | **[PROPOSED] ORDER ENJOINING** |
| | ) | **CLAIMS OF 86 CLASS MEMBERS** |
| PERDUE FARMS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

THIS CAUSE came before the Court on Wayne Farms, LLC and Sanderson Farms, LLC's (together, "Wayne-Sanderson") Motion for Entry of Order Enjoining Claims by 86 Class Members. Having reviewed the Motion, the briefing on the Motion, and consistent with the Court's October 9 Order (ECF No. 1072) and the requirements of Federal Rule of Civil Procedure 65(d), it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. In granting Wayne-Sanderson's Motion to Enforce, ECF No. 1041, the Court found that 86 individuals identified in Exhibit C to the Motion are class members. *See* ECF No. 1072; *see also* ECF No. 1041-5 (including list of 86 individuals).

3. Under the Wayne-Sanderson settlements and the Court's Order approving those settlements, class members are barred from litigating claims arising out of the conduct at issue in this litigation. *See* ECF No. 1011 ¶ 8 ("The Plaintiffs and the Members of the Settlement Classes are hereby bound by the terms of the Release set forth in the Settlement Agreements and are hereby enjoined and barred from asserting any Released Claims against any of the Settling Defendants' Released Parties as defined in the Settlement Agreements."); ECF No. 745-4 at 12-13 (Release of Claims and Covenant Not to Sue for Sanderson Settlement); ECF No. 745-5 at 12-13 (same for Wayne Farms).

4. In the settlements, class members also agreed that breach of the agreements could result in irreparable harm, and they acknowledged that a settling party could "immediately seek enforcement of" the agreement "by means of specific performance or injunction, without the requirement of posting a bond or other security." ECF No. 745-4 at 30 (Provision concerning Breach for Sanderson Settlement); ECF No. 745-5 at 30 (same for Wayne Farms).

5. The Court specifically retained jurisdiction to enforce the Wayne-Sanderson settlements. *See* ECF No. 1011 ¶ 10 ("Should the parties to the Settlement Agreements or the Members of the Settlement Classes bound thereby fail to honor the terms of this Order, the non-breaching party may petition the Court for enforcement of this Final Judgment Order. The Court retains jurisdiction to enforce the Settlement Agreements, including their administration and consummation.").

6. In view of the Wayne-Sanderson settlements, the Court's Order approving those settlements, and the Court's Order granting the Motion to Enforce, the Court:

a. **DECLARES** that the 86 individuals identified on Exhibit C to the Motion, ECF No. 1041-5, are class member;

b. **ENJOINS** those 86 individuals from prosecuting, pursuing, threatening, demanding payment for, or otherwise asserting any Released Claims against Wayne Farms, LLC, Sanderson Farms, LLC, or their Released Parties in any forum (as those terms are defined in the Wayne-Sanderson settlements); and,

c. **DIRECTS** counsel for the 86 individuals to dismiss *with prejudice* any claims they brought in any forum arising out of the conduct at issue in this litigation.

7. Jinks Crow, as counsel for the 86 individuals, is directed to personally serve a copy of this Order on the 86 individuals identified on Exhibit C to the Motion. *See* Fed. R. Civ. P. 65(d)(2).

8. Jinks Crow shall effectuate personal service on those 86 individuals within five (5) days of the entry of this Order. Within ten (10) days of the entry of this Order, Jinks Crow shall file a certificate of compliance indicating that such personal service has been effectuated.

IT IS SO ORDERED.

Dated: _____________, 2026

_____________________________________
Honorable Stephanie A. Gallagher
United States District Judge